1  MARK S. LEE (SBN: 94103)
2  mark.lee@rimonlaw.com
   RIMON, P.C.
3  2029 Century Park East, Suite 400N
4  Los Angeles, CA   90067
   Telephone/Facsimile: 213.375.3811
5
   Kendra L. Orr (SBN: 256729)
6  Kendra.orr@rimonlaw.com
7  RIMON, P.C.
   One Embarcadero Center, Suite 400
8  San Francisco, CA   94111
   Telephone/Facsimile: 415.683.5472
9
10 Attorneys for Plaintiffs NIRVANA L.L.C.

11              **UNITED STATES DISTRICT COURT**
12
          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
13
   NIRVANA L.L.C., a Washington        | Case No.:
14 Limited Liability Company,          |
                                       | COMPLAINT FOR:
15              Plaintiffs,            |
                                       | (1) COPYRIGHT INFRINGEMENT (17
16         v.                          |     U.S.C. § 101 *et. seq.*);
                                       | (2) FALSE DESIGNATION OF
17 MARK JACOBS INTERNATIONAL           |     ORIGIN UNDER THE LANHAM
18 LL.C., a Delaware Limited Liability |     ACT (15 U.S.C. § 1125(a) *et seq.*);
   Company; SAKS INCORPORATED,         | (3) TRADEMARK INFRINGEMENT
19 d/b/a SAKS FIFTH AVENUE, a          |     UNDER CALIFORNIA COMMON
   Tennessee Corporation; NEIMAN       |     LAW; AND
20 MARCUS GROUP LIMITED, L.LC., a      | (4) UNFAIR COMPETITION UNDER
21 Delaware Limited Liability Company; |     CALIFORNIA COMMON LAW.
   and Does 1 through 10,              |
22                                     |
23              Defendants.            | DEMAND FOR JURY TRIAL
24
25
26
27
28

                          COMPLAINT

Plaintiff Nirvana L.L.C. ("Nirvana"), for its Complaint against defendants Marc Jacobs International L.L.C. ("Marc Jacobs"), Saks Incorporated, doing business as Saks Fifth Avenue ("Saks"), Neiman Marcus Group Limited ("Neiman Marcus"), and Does 1 through 10, alleges as follows:

## SUMMARY OF ACTION

1.    Defendants have infringed Nirvana's copyright, misleadingly used Nirvana's common law trademarks, and utilized other elements with which Nirvana is widely associated to make it appear that Nirvana has endorsed or is otherwise associated with Defendant Marc Jacobs' "Bootleg Redux Grunge" collection of clothing it is selling to the public when, in fact, Nirvana has not done so and is not so associated.  Defendants Saks and Neiman Marcus are currently selling Marc Jacobs' infringing products in their stores throughout the United States.  Nirvana seeks compensatory and punitive damages for the harm Defendants' actions have caused, and injunctive relief to stop Defendants' infringing conduct.

## JURISDICTION AND VENUE

2.    This is a civil action arising under the copyright and trademark laws of the United States and the statutory and common laws of the State of California. This Court therefore has federal question jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as well as supplemental jurisdiction over the state law claims asserted herein.

3.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a) in that, *inter alia*, Plaintiffs and Defendants may be found in this district and a substantial portion of the events described took place in this district.

## THE PARTIES

4.    Plaintiff Nirvana is, and at all times mentioned herein was, a Washington limited liability that does business in this District.

5.    Defendant Marc Jacobs is a Delaware limited liability company that does business in this District.

6.     Defendant Saks is a Tennessee corporation that does business in and has a retail store in this District.

7.     Defendant Neiman Marcus is a Delaware limited liability company that does business and has a retail store in this District.

8.     Does 1 -10, inclusive, are sued herein under fictitious names because their true names and capacities are unknown at this time.  The complaint will be amended appropriately when their names and capacities are ascertained.

9.     On information and belief, Nirvana alleges that each of such fictitiously named Defendants is responsible in some manner for the occurrences alleged herein.

10.     Defendants Marc Jacobs, Saks, Neiman Marcus and Does 1-10 are collectively referred to as the "Defendants" hereafter.

11.     Defendants, and each of them are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

## GENERAL ALLEGATIONS

12.     Nirvana is one of the most famous and influential rock bands in history. According to *Rolling Stone's* artist biography, "Few bands in rock history have had a more immediate and tangible impact on their contemporary pop musical landscape than Nirvana did in the early Nineties[,]" almost single-handedly popularizing the "alternative rock" and "grunge" musical genres with which they became widely associated.  (http://rollingstone.com/music/artists/nirvana/biography).  Nirvana is one of the best-selling rock bands of all time, with more than 75 million records sold worldwide, and was inducted into the Rock and Roll Hall of Fame in 2014.  All of their albums have received awards and accolades.  For example, Nirvana's second album *Nevermind* was named the top album of the 1990s by both *Rolling Stone* and *Time* magazines, while The Rock and Roll Hall of Fame Museum ranked *Nevermind* number 10 on its "The Definitive 200 Albums of All Time" list in 2007.  In 2002, NME awarded the first single from *Nevermind*, "Smells Like Team Spirit," the

number two spot on its list of "100 Greatest Singles of All Time", while VH1 placed "Smells Like Teen Spirit" at number one on its list of "100 Greatest Songs of the Past 25 Years" in 2003.  In 2004, *Rolling Stone* ranked "Smells Like Teen Spirit" ninth on its list of "The 500 Greatest Songs of All Time."

13.     Among the copyrighted works owned by Nirvana is a "Smiley Face" design and logo, Copyright Registration No. VA0000564166, created by Kurt Cobain in about 1991 and registered for copyright in 1993.  A true and correct copy of Nirvana's copyright registration for that design and logo, together with a deposit copy of the registered images, is attached as Exhibit 1.

14.     Nirvana's "Smiley Face" logo was first licensed in 1992.  Representations of that copyrighted and licensed "Smiley Face" design and logo are shown below:



15.     Nirvana has used that copyrighted design and logo continuously since 1992 to identify its music and licensed merchandise.  It has licensed its copyrighted logo on literally dozens of different t-shirts, shirts, hats, hoodies, bags, backpacks, glasses, wallets, and other items of merchandise, many of which have sold extensively for decades, both with and without use of the "Nirvana" mark adjacent to the Smiley Face design and logo.  Exemplar uses, beginning with the first use on

a poster advising of release party for Nirvana's *Nevermind,* album*,* are set forth below:

  

 

16.     Through Nirvana's more than 25-years of use of its copyrighted "Smiley Face" design and logo to identify its services and merchandise, that design and logo has become widely associated with and identifies Nirvana as the source of the goods and services that bear it in the minds of the consuming public.  Further, through that extensive use, that design and logo has come to symbolize the goodwill associated with Nirvana to a significant portion of the consuming public, which assumes that all goods or services that bear the logo are endorsed by or associated with Nirvana.

## <u>DEFENDANTS' WRONGFUL CONDUCT</u>

17.    In or about November 2018, Marc Jacobs announced the release of its "Bootleg Redux Grunge" clothing collection.  Included in that collection are items of clothing that utilize a design and logo virtually identical to Nirvana's copyrighted image, as shown below:

  

18.    Marc Jacobs' infringing products all use a "smiley face" image that is obviously similar to, and an intentional copy of, Nirvana's copyrighted image as shown below, with the minor differences unlikely to be noticed by the consuming public.  Further, Marc Jacobs is using that image on products obviously similar to licensed Nirvana products as shown below:

 





19.  In addition to Defendants' use of a virtually identical image to Nirvana's copyrighted image on the infringing products themselves, Defendants are using a virtually identical copy of Nirvana's copyrighted image more generally to promote Marc Jacobs' overall "Bootleg Redux Grunge Collection," which includes many other products, by making the Nirvana image the signature image used at promotional events for the "Bootleg Redux Grunge" collection," as shown below:



20.  Defendants' use of Nirvana's copyrighted image on and to promote its products is intentional, and is part and parcel of a wider campaign to associate the

-6-
COMPLAINT

entire "Bootleg Redux Grunge" collection with Nirvana, one of the founders of the "Grunge" musical genre, so as to make the "Grunge" association with the collection more authentic.  Promotional copy accompanying each online listing of Marc Jacobs' products bearing an image of the infringing "Smiley Face" design and logo advertises this line as a "Bootleg" Grunge collection, admitting the "bootleg" or unauthorized nature of these products, while emphasizing the "Grunge" genre of music with which Nirvana is widely associated.  Further, each Marc Jacobs webpage promoting those infringing products also state that, "This bootleg [product] sure smells like teen spirit[,]" a conspicuous reference to one of Nirvana's most famous songs, "Smells Like Teen Spirit," with which Nirvana is widely associated. Marc Jacobs' promotional materials also uses the title to another famous Nirvana song, "Come As You Are," to promote this unauthorized product line as depicted above. Indeed, Marc Jacobs personally wears in infringing t-shirt directly above this Nirvana song title to promote his "Bootleg Grunge" collection:





21.     All of Defendants' actions as described above are completely unauthorized by Nirvana, and are calculated to mislead the public into falsely believing that Nirvana endorses the entire "Bootleg Redux Grunge" collection and those products within that collection that display Nirvana's copyrighted "Smiley Face" design and logo, when Nirvana has not done so.  Further, Defendants' misconduct is intentional.  Although Nirvana has demanded that Defendants cease and desist all such wrongful activities in writing, Defendants have not only ignored those demands and failed to stop any of the other wrongful activities as described above, they have further expanded their wrongful activities by use of additional elements widely associated with Nirvana to mislead the public into believing there is an association between Nirvana and Marc Jacobs when there is not.  For example, after Nirvana demanded on or about December 4, 2018 that Marc Jacobs cease and desist its infringing conduct, Marc Jacobs on December 9, 2018 published promotional materials for its "Bootleg Redux Grunge" collection in the *New York Times* that both referenced Nirvana's famous "Nevermind" album and "recommended" well-known Nirvana songs "Smells Like Teen Spirit," "As You Are," and "Heart Shaped Box" as quintessential "Grunge" songs.  Further, Marc Jacobs is displaying a meme from a video of Nirvana and its co-founder and singer Kurt Cobain performing "Smells Like Teen Spirit" on its "Tumbler" page.  See http://marcjacobs.tumblr.com/post/180377235602/kurt-cobain-in-nirvanas-smells-like-teen-spirit/amp.  Through these efforts, Defendants are further evoking Nirvana in the minds of the promotion's readers and meme's viewers, further attempting to associate Marc Jacobs' "Bootleg Redux Grunge "collection with Nirvana, even though no such association exists.

22.     Defendants' wrongful actions as described above have caused Nirvana to suffer irreparable injuries, and threaten to dilute the value of Nirvana's licenses with its licensees for clothing products confusingly similar to those infringing products offered by Defendants.  Defendants' misuse of Nirvana's intellectual

-8-
COMPLAINT

property to promote themselves and the "Bootleg Redux Grunge:" collection damages the goodwill associated with Nirvana and violates its rights in numerous ways.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 101 *et. seq.* by Nirvana Against All Defendants)

23.    Nirvana realleges and incorporates by reference all of the preceding paragraphs.

24.    Nirvana owns a valid U.S. Copyright in its "Smiley Face" design and logo, and has obtained a copyright registration for it as shown in Exhibit 1.

25.    By creating  and selling products depicting substantially similar to Nirvana's copyrighted "Smiley Face" design and logo as described above,  and by reproducing and displaying those images to promote Defendants "Bootleg Redux Gunge" collection, Defendants have reproduced, publicly displayed, distributed, and created unauthorized derivatives of Nirvana's copyrighted work in violation of Nirvana's  exclusive rights as set forth in 17 U.S.C § 106 *et seq.*

26.    As a proximate result of Defendants' copyright infringement, Nirvana has suffered significant damages in an amount not presently known with certainty, but which will be proved at trial.  Further, Nirvana is suffering irreparable harm because of Defendants' infringing activity.

27.    Nirvana is entitled to the range of relief provided by 17 U.S.C. § 502-505, including injunctive relief and compensatory damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin Under the Lanham Act, 15 U.S.C. § 1125(a) *et. seq.* by Nirvana Against All Defendants)

28.    Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

29.    Through decades of musical, licensing and other activity, Nirvana's "Smiley Face" design and logo has, to a significant portion of the consuming

1  public, come to identify Nirvana as the source of the musical services and licensed

2  products it has authorized to be released to the public.  Nirvana owns and enjoys

3  common law trademark rights in said design and logo under federal law, which

4  rights are superior to any rights that Defendants may claim in and to that

5  trademark with respect to Defendants' products, services, and commercial

6  activities.  Nirvana's design and logo mark is inherently distinctive and has

7  acquired secondary meaning with the trade and consuming public, and/or has

8  become distinctive in the minds of customers, in that Plaintiffs' marks are

9  associated with Nirvana and the unique products it licenses and musical services it

10  provides.

   30.    Defendants have, without Nirvana's permission, misappropriated

11  Nirvana's "Smiley Face" design and logo, and combined that unauthorized use with

12  numerous other references to Nirvana's name, song titles, music, and images of a

13  Nirvana band member to mislead and confuse the public into believing that Nirvana

14  approves of, endorses, or is otherwise associated with Defendants and the "Bootleg

15  Grunge" Collection they are selling, when in fact Nirvana does not approve of,

16  endorse, or in any way wish to be associated with Defendants, their "Bootleg

17  Grunge" collection, or any of their other  products or services. Defendants' actions

18  as described above are likely and will continue to cause confusion or mistake, or to

19  deceive as to the origin, sponsorship, or approval of Defendant, their products,

20  services and commercial activities by or with Nirvana, and thus constitute common

21  law trademark infringement, false designation of origin, passing off, and  unfair

22  competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. 11 §

23  1125(a)(1 )(A).

24  31.    Defendants' misconduct as described above is intentional.  As a

25  proximate result of said actions, Nirvana has suffered, is suffering, and will continue

26  to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer,

1  substantial loss of goodwill and loss in the value of its common law marks, unless

2  and until Defendants are enjoined from continuing their wrongful acts.

3        32.    Nirvana is entitled to the range of relief provided by 15 U.S.C. §§

4  1116-17, including injunctive relief and compensatory damages in an amount to be

5  determined at trial.

6                      **THIRD CLAIM FOR REIEF**

7  **(California Common Law Trademark Infringement by Nirvana Against All Defendants)**

8        33.    Plaintiffs reallege and incorporate by reference all of the preceding

9  paragraphs.

10        34.    Through decades of musical, licensing and other activity, Nirvana's

11  "Smiley Face" design and logo has, to a significant portion of the consuming public,

12  come to identify Nirvana as the source of the musical services and licensed products

13  it has authorized to be released to the public.  Nirvana owns and enjoys common law

14  trademark rights in said under federal law, which rights are superior to any rights

15  that Defendants may claim in and to that trademark with respect to Defendants'

16  products, services, and commercial activities.  Nirvana's mark is inherently

17  distinctive and has acquired secondary meaning with the trade and consuming

18  public, and/or has become distinctive in the minds of customers, in that Plaintiffs'

19  marks are associated with Nirvana and the unique products it licenses and services it

20  provides.

21        35.    Defendants have, without Nirvana's permission, misappropriated

22  Nirvana's "Smiley Face" design and logo, and combined that unauthorized use with

23  numerous other references to Nirvana's name, song titles, music, and images of a

24  Nirvana band member to mislead and confuse the public into believing that Nirvana

25  approves of, endorses, or is otherwise associated with Defendants and the "Bootleg

26  Grunge" Collection they are selling, when in fact Nirvana does not approve of,

27  endorse, or in any way wish to be associated with Defendants, their "Bootleg

28  Grunge" collection, or any of their other  products or services.  Defendants' actions

as described above are likely and will continue to cause confusion or mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, their products, services and commercial activities by or with Nirvana s, and thus constitute common law trademark infringement, false designation of origin, passing off, and unfair competition in violation of California law.

36.     Defendants' misconduct as described above is intentional, willful, wanton, malicious and oppressive.  As a proximate result of said actions, Nirvana has suffered, is suffering, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of its common law marks, unless and until Defendants are enjoined from continuing their wrongful acts.

37.     Nirvana is entitled to injunctive relief and compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (California Unfair Competition by Plaintiffs Against All Defendants)

38.     Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

39.     Defendants' actions are likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship, or connection between Defendants and Nirvana, and constitute unfair competition at common law.

40.     By reason of Defendants' actions in connection with Defendants' products, services and commercial activities, Nirvana has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of its trademark, unless and until Defendant is enjoined from continuing her wrongful acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

1.      Preliminarily and permanently enjoining Defendants and all those acting in active concert with them from all sales of any product or service using Nirvana's "Smiley Face" design and logo, or any other image substantially similar thereto, or to promote Defendants' "Bootleg Redux Grunge" collection in any manner;

2.      Preliminarily and permanently enjoining Defendants and all those acting in active concert with them from using Nirvana's "Smiley Face" design and logo, and Nirvana's name, song titles, any other indicia of Nirvana and any other of Nirvana's common law marks or any marks confusingly similar thereto, for the purpose of the sale, distribution, marketing, advertising, licensing, or implying the endorsement of, or association with Nirvana, or otherwise promoting Defendants or Defendants' goods, services or commercial activities;

3.      Requiring Defendants to remove from the Internet and any and all other media in which Defendants have ever placed them all advertising, merchandising, electronic press kits, videos, promotional materials, and any other things bearing any or all of the copyrighted Nirvana "Smiley Face" design and logo, marks, names, images of Nirvana band members, or real or fictitious sayings to promote Defendants' "Bootleg Grunge" Collection or any other of Defendants' products or services;

4.      Requiring Defendants to account to Plaintiffs for all revenues Defendants have received as a result of their unauthorized misappropriation and infringement of Plaintiffs' copyright and common law trademarks from the inception of said infringement to the date of judgment herein;

5.      That Plaintiffs have and recover a money judgment reflecting their compensatory and general damages at trial;

6.      For punitive damages against defendants for their oppressive, fraudulent, and malicious conduct;

7.      That Defendants be ordered to pay Plaintiffs' costs, including reasonable attorneys' fees, and

8.      For such other and further relief as the Court deems just and proper.

DATED:  December 28, 2018          RIMON, P.C.

By: /s/ Mark S. Lee

Mark S. Lee (SBN: 94103)
mark.lee@rimonlaw.com
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA   90067
Telephone/Facsimile: 310.375.3811

Kendra L. Orr (SBN: 256729)
Kendra.orr@rimonlaw.com
RIMON, P.C.
One Embarcadero Center, Suite 400
San Francisco, CA   94111
Telephone/Facsimile: 415.683.5472

Attorneys for *Plaintiff*
NIRVANA L.L.C.

1

## **DEMAND FOR JURY TRIAL**

2

3

   Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all of the claims in their complaint that are triable by a jury.

4

5

6

DATED:  December 28, 2018   By: /s/ Mark S. Lee

7
            Mark S. Lee
            mark.lee@rimonlaw.com

8
            RIMON, P.C.
            2029 Century Park East, Suite 400N

9
            Los Angeles, CA   90067

10
            Telephone/Facsimile: 310.375.3811

11
            Kendra L. Orr (SBN: 256729)
            Kendra.orr@rimonlaw.com

12
            RIMON, P.C.

13
            One Embarcadero Center, Suite 400
            San Francisco, CA   94111

14
            Telephone/Facsimile: 415.683.5472

15

16
            Attorneys for *Plaintiff*
            NIRVANA L.L.C.

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# EXHIBIT 1

*LIBRARY OF CONGRESS*

## Copyright Office
## of the United States

*WASHINGTON, D.C.*

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for a work entitled **HAPPY FACE** registered under number **VA 564 166**. This work has been registered in accordance with provisions of the United States Copyright Law (Title 17 United States Code).

**THIS IS TO CERTIFY ALSO**, that the attached additional certificate is a claim of copyright for a work entitled **HAPPY FACE** registered under number **VA 993-107**. This work has been registered in accordance with provisions of the United States Copyright Law (Title 17 United States Code).

**THIS IS TO CERTIFY FUTHER**, that the attached color copy is a true representation of the work entitled **HAPPY FACE** deposited in the Copyright Office March 11, 1993 with a claim of copyright registered under number **VA 564 166**.

**THIS IS TO CERTIFY TOO**, that due to the nature of the work deposited, the attached color photocopy is the best possible electrostatic positive print available.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on September 29, 2015.

Maria A. Pallante
Register of Copyrights

By: Jarletta Walls
Supervisory Copyright Specialist
Records Research and Certification Section
Office of Public Records and Repositories

Use of this material is governed by the U.S. copyright law 17. U.S.C. 101 et seq.

# Additional Certificate of Registration of a Claim to Copyright

This is to certify that the statements set forth in the attached have been made a part of the records of the Copyright Office with claim of copyright registered under number

In testimony whereof, the seal of this office is affixed hereto on

VA 564 166

September 29, 2015

*Maria A. Pallante*

Register of Copyrights and
Associate Librarian for Copyright Services

c-731 · 06/2011—10,000

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed ▼

YEAR IN WHICH CREATION OF THIS
WORK WAS COMPLETED

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK

Month ▶ November   Day ▶ 1   Year ▶ 1991

**FORM VA**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

VA          564 166

VA          VAU

EFFECTIVE DATE OF REGISTRATION

March 11 1993

Month    Day    Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Happy Face

**NATURE OF THIS WORK ▼** See instructions

Tee shirt

**PREVIOUS OR ALTERNATIVE TITLES ▼**

Nirvana

**PUBLICATION AS A CONTRIBUTION** If this work was published in a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

## 2

**a**

**NAME OF AUTHOR ▼**

Nirvana, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ State of Washington
{ Domiciled in ▶ U.S.A.

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☒ No
Pseudonymous?   ☐ Yes   ☒ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed ▼

Tee shirt design - entire work

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed ▼

## 3

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1991

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ November   Day ▶ 1   Year ▶ 1991
U.S.A.   ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Nirvana, Inc.
c/o Lee Johnson - VWC Management
13343 Bellevue Redmond Road, Bellevue, WA   98005

**APPLICATION RECEIVED**
MAR 11 1993
ONE DEPOSIT RECEIVED
MAR 11 1993
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.   • See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE

Page 2

VA  564 166

EXAMINED BY _____

CHECKED BY _____

☐ CORRESPONDENCE
  Yes

☐ DEPOSIT ACCOUNT
  FUNDS USED

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

☐ This is the first published edition of a work previously registered in unpublished form.

☐ This is the first application submitted by this author as copyright claimant.

☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼         Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

See instructions
before completing
this space

**6**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼         Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Deborah L. Benson
MORSE, ALTMAN, DACEY & BENSON
73 Tremont Street, Suite 402
Boston, MA  02108-3900

Our File #38620

Be sure to
give your
daytime phone
▼ number

Area Code & Telephone Number ▶ (617) 523-3515

**CERTIFICATION** I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive rights

☒ authorized agent of ___Slipsons, Inc.___
        Name of author or other copyright claimant, or owner of exclusive rights ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this is a published work, this date must be the same as or later than the date of publication given in space 3.

Deborah L. Benson         date ▶ March 9, 1993

Handwritten signature (X) ▼

Deborah L. Benson

**8**

**MAIL CERTIFICATE TO**

Deborah L. Benson         #38620
MORSE, ALTMAN, DACEY & BENSON
73 Tremont Street, Suite 402
Boston, MA  02108-3900

Certificate
will be
mailed in
window
envelope

• Complete all necessary spaces?
• Signed your application in space 8?
• Enclosed check or money order for $10 payable to Register of Copyrights?
• Enclosed your deposit material with the application and fee?

MAIL TO: Register of Copyrights, Library of Congress, Washington, D.C. 20559

**9**

Additional Certificate (17 U.S.C. 706)

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America



**FORM CA**

VA 993-107

*U40000993107B*

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

DEC 2 1 1998

Month    Day    Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**A**

TITLE OF WORK ▼

Happy Face

| REGISTRATION NUMBER OF THE BASIC REGISTRATION ▼ | YEAR OF BASIC REGISTRATION ▼ |
|---|---|
| VA 564 166 | 1993 |
| NAME(S) OF AUTHOR(S) ▼ | NAME(S) OF COPYRIGHT CLAIMANT(S) ▼ |
| Nirvana, Inc. | Nirvana, Inc. |

**B**

LOCATION AND NATURE OF INCORRECT INFORMATION IN BASIC REGISTRATION ▼

Line Number .............. Line Heading or Description

INCORRECT INFORMATION AS IT APPEARS IN BASIC REGISTRATION ▼

CORRECTED INFORMATION ▼

EXPLANATION OF CORRECTION ▼

**C**

LOCATION AND NATURE OF INFORMATION IN BASIC REGISTRATION TO BE AMPLIFIED ▼

Line Number ............. 4 .... Line Heading or Description   Copyright Claimant

AMPLIFIED INFORMATION ▼

Nirvana, L.L.C.
c/o Allen Draher, Attorney
Preston Gates & Ellis LLP
701 Fifth Ave., Ste. 5000
Seattle, WA  98104


Copyright Registration assigned from Nirvana, Inc. to Nirvana on 11/15/97
Copyright Registration assigned from Nirvana to Nirvana, L.L.C. on 7/29/98

EXPLANATION OF AMPLIFIED INFORMATION ▼

Change of address

---

MORE ON BACK ▶   • Complete all applicable spaces (D -G) on the reverse side of this page.   DO NOT WRITE HERE
              • See detailed instructions.                    • Sign the form at space F.     Page 1 of 2 pages

Ø004

| | |
|---|---|
| FORM CA RECEIVED | FORM CA |
| DEC 21 1998  8/2/99 | |
| FUNDS RECEIVED DATE | |
| EXAMINED BY  _JTA_ | FOR COPYRIGHT OFFICE USE ONLY |
| CHECKED BY | |
| CORRESPONDENCE ☐ | |
| REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION  ☒ YES  ☐ NO | |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

CONTINUATION OF: (Check which)  ☐ PART B OR  ☐ PART C

**D**

**E**

DEPOSIT ACCOUNT: If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name

Account Number

CORRESPONDENCE: Give name and address to which correspondence about this application should be sent.

Name Allen Draher, Preston Gates & Ellis LLP
Address 701 Fifth Ave., Ste. 5000
City Seattle  State WA  Zip 98104
Area Code and Telephone Number ▶ (206) 623-7580

**F**

CERTIFICATION* I, the undersigned, hereby certify that I am the (Check one)
☐ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☒ duly authorized agent of

Nirvana, L.L.C.

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼ Allen Draher    Date ▼ 12-14-98

Handwritten signature (X) ▼

**G**

MAIL TO

Name ▼ Allen Draher, Preston Gates & Ellis LLP
Number/Street/Apt ▼ 701 Fifth Ave., Ste. 5000
City/State/ZIP ▼ Seattle, WA 98104

Certificate will be mailed in window envelope

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

October 1994

☆U.S. COPYRIGHT OFFICE WWW FORM: 1996

VA    564 166





Title:  Happy Face
Nature of Work:  Tee shirt (design of)
Author:  Nirvana, Inc.