UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS (DKT. 26)

**I.   Introduction**

Plaintiff Nirvana L.L.C. ("Nirvana") advances four causes of action against Defendants Marc Jacobs International LLC ("Marc Jacobs"), Saks Incorporated (d/b/a Saks Fifth Avenue), Neiman Marcus Group Limited, L.L.C., and Does 1 through 10 (collectively, "Defendants"): (i) copyright infringement under 17 U.S.C. §§ 101, *et seq.*; (ii) false designation of origin under the Lanham Act, 15 U.S.C. §§ 1125(a), *et seq.*; (iii) trademark infringement under California common law; and (iv) unfair competition under California common law. Complaint, Dkt. 1.

On March 8, 2019, Defendants filed a motion to dismiss the Complaint (the "Motion" (Dkt. 26)) and an accompanying request for judicial notice (the "RJN" (Dkt. 26-1)), which seeks consideration of eight documents in connection with the Motion. Nirvana filed separate oppositions to the Motion (Dkt. 32) and the RJN (Dkt. 33), and Defendants filed separate replies. Dkts. 36, 37. A hearing on the Motion was conducted on June 10, 2019, and the matter was taken under submission. Dkt. 42. For the reasons stated in this Order, the Motion is **DENIED**.

**II.   Factual Background**

The Complaint alleges that Nirvana is a renowned rock band associated with, and credited for popularizing, the "alternative rock" and "grunge" musical genres. Complaint ¶ 12. It is alleged that Nirvana owns a copyright in a "smiley face" design and logo (the "Happy Face").[1] Complaint ¶ 13. The Complaint alleges that the design and logo were created in 1991 by Nirvana singer and co-founder Kurt Cobain and registered in 1993 with the U.S. Copyright Office under number VA0000564166. *Id.* A copy of the March 11, 1993 registration, which states that it was created in 1991 and first published on November 1, 1991, is attached to the Complaint. Exhibit 1 to Complaint (the "'166 Registration"), Complaint at 17-24. The registration lists both the author and claimant of the copyright as "Nirvana, Inc." *Id.* at 22. It is for a tee shirt design, with the following deposit copy:

---

[1] The name of the design and logo as stated in the applicable registration ("Happy Face") is used throughout this Order to distinguish it from a reference to a generic "smiley face."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |



'166 Registration, Dkt. 1 at 24.

The Complaint alleges that Nirvana has used the Happy Face "continuously since 1992 to identify its music and licensed merchandise," and that it has also licensed the Happy Face to be used "both with and without . . . the 'Nirvana' mark adjacent to the Happy Face design and logo." Complaint ¶ 15. It is alleged that the "first use" was on "a poster advising of [a] release party for Nirvana's *Nevermind* album." *Id.* As a result of its use "to identify [Nirvana's] services and merchandise" for more than 25 years, the Happy Face allegedly "has become widely associated with and identifies Nirvana as the source of the goods and services that bear [the design and logo] in the minds of the consuming public." Complaint ¶ 16. Nirvana alleges that through such "extensive use," Happy Face "has come to symbolize the goodwill associated with Nirvana to a significant portion of the consuming public, which assumes that all goods or services that bear the logo are endorsed by or associated with Nirvana." *Id.*

The Complaint alleges that in or about November 2018, Marc Jacobs "announced the release of its 'Bootleg Redux Grunge' clothing collection." *Id.* ¶ 17. It is alleged that this collection includes "items of clothing that utilize a design and logo virtually identical to Nirvana's copyrighted image, as shown" in the following images (the "Accused Products"):

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

  

*Id.*

It is alleged that Marc Jacobs' products infringe Plaintiff's rights, and that Saks and Neiman Marcus, sell these infringing products. *Id.* ¶¶ 1, 18. The alleged similarities between the material in which Plaintiff has intellectual property rights and Marc Jacobs' products includes Marc Jacobs' use of "a 'smiley face' image that is obviously similar to, and an intentional copy of, Nirvana's copyrights image . . . with the minor differences unlikely to be noticed by the consuming public." *Id.* ¶ 18. In addition to the alleged use of a "virtually identical copy of Nirvana's copyrighted image" on its products, Marc Jacobs also allegedly used Nirvana's copyright image "more generally to promote" the overall collection "by making the Nirvana image the signature image used at promotional events." *Id.* ¶ 19.

It is also alleged that Marc Jacobs acted intentionally in the use of Nirvana's copyrighted image on its products, and on the promotional materials for these products. This intentional conduct is alleged to be "part and parcel of a wider campaign to associate the entire 'Bootleg Redux Grunge' collection with Nirvana, one of the founders of the "[g]runge" musical genre, so as to make the "[g]runge association with the collection more authentic." *Id.* ¶ 20. It is alleged that these promotional materials "admit[] the 'bootleg' or unauthorized nature of these products" and further that promotional materials include "conspicuous reference[s]" to at least two Nirvana songs, "Smells Like Teen Spirit" and "Come As You Are." *Id.* The Complaint further alleges that Marc Jacobs' use of the Happy Face is "calculated to mislead the public into falsely believing that Nirvana endorses the entire 'Bootleg Redux Grunge' collection and [the] products [in] that collection that display [the Happy Face] when Nirvana has not done so." *Id.* ¶ 21.

Marc Jacobs' uses of the Happy Face are allegedly "completely unauthorized." Complaint ¶ 21. Although Nirvana has demanded that Defendants cease and desist their use of the Happy Face, Defendants allegedly ignored these demands and then "expanded their wrongful activities." *Id.* The Complaint alleges that due to Defendants' actions, Nirvana has suffered irreparable injuries, and the value of its licenses for the Happy Face is at risk of dilution. *Id.* ¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

As noted, based on these allegations, the Complaint advances four causes of action: (i) copyright infringement under 17 U.S.C. §§ 101, *et seq.*; (ii) false designation of origin under the Lanham Act, 15 U.S.C. §§ 1125(a), *et seq.*; (iii) trademark infringement under California common law; and (iv) unfair competition under California common law.

### III.     Request for Judicial Notice

Defendants request judicial notice of the following eight documents, for the following purposes:

- **Exhibit 1:** United States Trademark Registration and Application for MJ MARC BY MARC JACOBS Smiley with M J Eyes, Ser. No. 79251585, held by Marc Jacobs; Defendants request notice of "the description of the mark to which this document relates, defendant MJI's trademark rights in the covered smiley face as evidenced by the existence of the international trademark registration number shown in the document." Dkt. 37 at 3.
- **Exhibit 2:** Business Information of Nirvana, L.L.C. (December 22, 1997, through present); Defendants request notice of "the identity of the governors of Nirvana, L.L.C." Dkt. 37 at 3.
- **Exhibit 3:** Business Information of Nirvana, Inc. (January 26, 1990, through December 24, 1997); Defendants request notice of "the identity of the governors of Nirvana, Inc." Dkt. 37 at 4.
- **Exhibit 4:** A copy of the uncropped image of Nirvana's *Nevermind* album release poster; Defendants request notice that (i) this poster advertised a party on Friday, September 13; (ii) this poster includes an "invitation"; and (iii) the poster contains a copyright notice from the David Geffen Company. Dkt. 37 at 5.
- **Exhibit 5:** The United States Copyright Registration for Nirvana's *Nevermind* album, Reg. No. SR0000135335; Defendants request notice of the year of publication of the *Nevermind* album "to establish the year of its release." Dkt. 37 at 5.
- **Exhibit 6:** The United States Copyright Registration and album artwork for Nirvana's album *Bleach*, Reg. No. SR0000300957; Defendants request notice of the year of publication of the *Bleach* album "to establish the word NIRVANA was used in the same font it is used in the '166 Registration, and was published, at least as early as June 15, 1989." Dkt. 37 at 5.
- **Exhibit 7:** The United States Trademark Application based on "intent to use" (ITU) for the X-Eye Happy Face, Ser. No. 88279690;[2] Defendants request notice "of the full contents of" Plaintiff's application for this trademark. Dkt. 37 at 5; and
- **Exhibit 8:** The United States Trademark Registration of the Harvey Ball smile, Ser. No. 86253298. Defendants request notice of "the dates of registration and cancellation of the United States Trademark Registration of Harvey Ball smile" for a trademark once registered by a different entity for a design similar to the Happy Face. Dkt. 37 at 6-7.

RJN, Dkt. 26-1; Reply re RJN, Dkt. 37; Notice of Errata, Dkt. 35.

A court may "consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the

---

[2] Defendants filed a Notice of Errata in connection with their reply brief, that corrected Paragraph 7 and Exhibit 7 of Defendants' Request for Judicial Notice. Notice of Errata, Dkt. 35.

Case 2:18-cv-10743-JAK-SK   Document 60   Filed 11/08/19   Page 5 of 19   Page ID #:424

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
|---|---|---|---|
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

motion . . . into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). With respect to incorporation by reference, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* With respect to judicial notice, a court may take judicial notice of facts that are either (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Consideration of such materials ensures that "allegations that contradict matters properly subject to judicial notice or by exhibit" are not simply "accept[ed] as true" in connection with a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Defendants contend that the facts for which judicial notice is sought are generally based on "publicly available" documents the contents of which "were controlled or supplied by Plaintiff." Reply re RJN, Dkt. 37 at 3. Nirvana argues that judicial notice of these documents is inappropriate because each is "either irrelevant, disputed, or simply do[es] not support the assertion in the Motion." Opposition to RJN, Dkt. 33 at 5.

In general, the facts as to which the RJN has been made are not material to the resolution of the Motion. Although many of them are official documents that may have certain indicia of reliability, this is not sufficient to consider them in connection with a motion to dismiss. The Ninth Circuit has cautioned that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). That describes most of the documents for which Defendants request judicial notice. Rather than contradicting allegations in the Complaint, most of these materials are being offered by Defendants in an attempt "to present their own version of the facts at the pleading stage." *Id.* at 999. On this basis, the RJN is **DENIED** as to Exhibits 1, 2, 3, 6, 7, and 8 to the RJN.

As to Exhibits 4 and 5 to the RJN, the outcome is different. The Complaint includes an allegation about the use of the Happy Face on a poster and incorporates a small image of a poster in which most of the text is not legible. *See* Complaint ¶ 15. Exhibit 4 to the RJN is an image of this poster that is more legible and includes a portion of the poster omitted from the Complaint. Plaintiff has not contested the authenticity of this version of the poster. *See* Dkt. 33 at 7-8. A review of the complete poster attached to the RJN is appropriate under the incorporation-by-reference doctrine. *Cf. Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (proper to incorporate by reference context for allegedly defamatory photo and caption); *see also Khoja*, 899 F.3d at 1002 (incorporation-by-reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those documents that weaken -- or doom -- their claims"). Therefore, the RJN is **GRANTED** as to Exhibit 4, which can be considered in its entirety in connection with the Motion.[3] Exhibit 5 is a copyright registration that, unlike the other materials, provides relevant context from a source whose accuracy cannot reasonably be questioned -- and has not been by Nirvana -- regarding the year of the event

---

[3] One of the facts on Defendants seek to rely is that the poster contains a copyright notice from the David Geffen Company. Dkt. 37 at 5. That copyright notice is not legible on the version submitted by Defendants. *See* Dkt. 26-5 at 2. However, whether such a copyright notice is on the exhibit is irrelevant to the issues presented by the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
|---|---|---|---|
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

referred to in the aforementioned poster incorporated into the Complaint. Therefore, the RJN is also **GRANTED** as to the request that Exhibit 5 be reviewed for the limited purpose of establishing the year of the release of *Nevermind*.

IV.     **Analysis**

    A.     Legal Standards

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim. Such a motion may be granted when the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations of the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

    B.     Application

        1.     First Cause of Action: Copyright Infringement

To establish copyright infringement, a plaintiff must show ownership of a valid copyright as to which there has been "copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004). Defendants challenge the allegations as to each of these elements. *First*, Defendants argue that Nirvana has failed adequately to allege that it is the owner of the '166 Registration. Dkt. 26 at 9. *Second*, Defendants argue that Nirvana has not and cannot adequately allege that the '166 Registration is valid. *Id.* at 12. *Third*, Defendants argue that Nirvana has not and cannot plead extrinsic similarity between the '166 Registration and Defendants' products. *Id.* at 15.

            a)     Ownership of Copyright

Section 501(b) of the Copyright Act establishes the general standing requirements for claims of infringement. *See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 982-83 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
|---|---|---|---|
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

Cir. 2017).[4] It provides, in relevant part, that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the [registration] requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Accordingly, under Section 501 any party who owns any of the "exclusive rights" under Section 106 of the Copyright Act, or to whom such rights have been transferred, has standing to bring a corresponding infringement action. *See Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1003 (9th Cir. 2015) (citing *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1146 (9th Cir. 2008)).

The Complaint sufficiently alleges that Nirvana is the owner of the '166 Registration. It is alleged that "[a]mong the copyrighted works owned by Nirvana is a 'Smiley Face' design and logo, Copyright Registration No. VA0000564166." Complaint ¶ 13. The '166 Registration is attached to the Complaint. *See* '166 Registration, Dkt. 1 at 18-24. The registration lists as its initial author and claimant "Nirvana, Inc." *Id.*, Dkt. 1 at 20-22. It then states that the registration was assigned twice: first to "Nirvana" in 1997 and then in 1998 to "Nirvana, L.L.C.," which is the Plaintiff in this action. *Id.* at 22. These statements as to ownership are accepted as true in connection with the Motion. They are sufficient to establish that, for purposes of the issues raised by the Motion, Nirvana may prosecute this action as the owner of the rights conferred by the '166 Registration.

Defendants' contrary position is unpersuasive. They note that, in addition to alleging ownership by Nirvana of the '166 Registration, the Complaint alleges that Kurt Cobain "created" the Happy Face in about 1991. Dkt. 26 at 13; Complaint ¶ 13. Defendants object that the Complaint is "silent," however, on the "important point" of "how or whether Mr. Cobain transferred his rights in the [Happy Face] to the author/copyright claimant listed on the '166 Registration: Nirvana, Inc." Dkt. 26 at 18. Such an allegation is not required to state a claim.

Although the allegation as to Cobain's 1991 creation of the Happy Face may suggest that he was the "author" in whom "title vests initially," 17 U.S.C. § 201(a), this does not preclude the possibility that Nirvana, Inc. later obtained the right to claim ownership of the 1993 '166 Registration, and then transferred that right to another entity from which it was transferred to Plaintiff. As Defendants acknowledge, this could have occurred if, for example, Cobain created a "work made for hire" for Nirvana, Inc. *See* 17 U.S.C. § 201(b). That the Complaint does not specifically allege the process by which any such "work for hire" or similar arrangement resulted in ownership by Nirvana, Inc. is not a "fatal" "omission[]."Dkt. 26 at 18. The adequacy of Nirvana's "chain of title" is instead an issue to which Defendants may respond on its merits through discovery and subsequent proceedings. *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 894 (S.D.N.Y. Sept. 12, 2016) ("To the extent defendants argue that plaintiff failed to allege an unbroken chain of title to the rights at issue, it is unnecessary for the complaint to include such detailed factual recitation." (quoting *U2 Home Entm't, Inc. v. Kylin TV, Inc.*, 2007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007)); *see also* 5 Wright & Miller, *Federal Practice & Procedure* § 1237 (3d ed.) ("Complaints [for copyright infringement] simply alleging present ownership by the plaintiff, registration in compliance with the applicable statute, and

---

[4] Defendants state that they "reserve their right to challenge Plaintiff's standing" under Fed. R. Civ. P. 12(b)(1). Motion, Dkt. 26 at 18 n.7. However, where the issue presented is whether a plaintiff has a statutory right to sue for infringement under the Copyright Act, a motion to dismiss is properly considered under Rule 12(b)(6). *See Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1001 (9th Cir. 2015).

Case 2:18-cv-10743-JAK-SK   Document 60   Filed 11/08/19   Page 8 of 19   Page ID #:427

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
|---|---|---|---|
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

infringement by the defendant, have been held sufficient under the rules.").[5]

For the foregoing reasons, the Complaint adequately alleges Plaintiff's ownership of the '166 Registration.

    b)  Validity of the '166 Registration

      (1)  Specific Legal Standards

Registration of a copyright with the United States Copyright Office is not a condition of copyright ownership. However, in general it is a prerequisite to the filing of a civil action for infringement, subject to certain exceptions. *See* 17 U.S.C. §§ 408(a), 411(a); *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 852 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012).

"A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'" *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (quoting 17 U.S.C. § 410(c)).[6] "To rebut the presumption [of validity], an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Id.* (quoting *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003)). As the Ninth Circuit has recently explained:

> The Prioritizing Resources and Organization for Intellectual Property Act of 2008 (the "PRO IP Act") amended the Copyright Act to include a new provision, 17 U.S.C. § 411(b) (2008). Section 411(b) provides that a "certificate of registration satisfies the [registration requirement of § 411(a)], regardless of whether the certificate contains any inaccurate information," unless (1) "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate," and (2) "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1).
>
> Prior to the PRO IP Act, "we have held that 'inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement.'" *L.A. Printex*, 676 F.3d at 853 (quoting *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997)); *see also Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017) ("Good faith mistakes in copyright applications do not preclude an infringement action.").

*Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1144 (9th Cir. 2019).

---

[5] As discussed at the hearing, although the "chain of title" allegations are sufficient, this presents an issue for which prompt discovery is warranted. Plaintiff's counsel represented at the hearing that it would not require a substantial amount of time to produce evidence that supports Plaintiff's position regarding "chain of title." Accordingly, during the hearing an order was issued requiring counsel to meet and confer and file a report as to a process for focused discovery on this issue. *See* Dkt. 42. That report was filed thereafter. Dkt. 44.
[6] To constitute such prima facie evidence, the certificate of registration must be "made before or within five years after first publication of the work." 17 U.S.C. § 410(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

        (2)      Application

Defendants contend that the date of first publication stated on the '166 Registration -- November 1, 1991 (*see* '166 Registration, Dkt. 1 at 20) -- is not accurate. Defendants contend that the Happy Face is a "separate work" from the other components of the shirt, *i.e.,* the Nirvana Logo and the language on the back of the shirt, and that "[t]he Complaint . . . admits that the [Happy Face] was published no later than Sept[ember] 13, 1991 on a poster to promote the then-upcoming release of Nirvana's *Nevermind* album on Sept[ember] 24, 1991." Dkt. 26 at 21. They then contend that the additional standards to rebut Plaintiff's prima facie case are met for two reasons: (i) "[t]wo members of Nirvana, Inc. were members of the band Nirvana and it cannot be credibly argued that they did not know these dates;" and (ii) had the Copyright Office been informed about the separate first publication date of the Happy Face, "it would have denied registration" because the shirt would not have qualified as either a "single work" registration for a group of works or as a "group registration." *Id.* at 19-22 (citing, *inter alia*, 37 C.F.R. § 202.3(b); and *Olander Enters., Inc. v. Spencer Gifts, LLC*, 812 F. Supp. 2d 1070, 1075 (C.D. Cal. 2011)).

Nirvana disputes these contentions. *First*, it argues that its "first use [of the Happy Face] on a poster advising of [a] release party for Nirvana's *Nevermind* album" (Complaint, ¶ 15) was not a "publication" as defined under the Copyright Act. Dkt. 32 at 10. Therefore, there is no discrepancy between the actual date of first publication and the one stated on the '166 Registration. *Id. Second*, "nothing in the Complaint provides any basis to find fraud." *Id.* at 14-15. This is construed as a contention that Defendants have not shown that, if there were inaccurate information about the date of publication in the registration application, "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate." 17 U.S.C. § 411(b)(1). *Third*, even if the Happy Face was previously published on the poster, the Copyright Office would have issued the '166 Registration as a valid registration of a "derivative work." Dkt. 32 at 11. Further, that the derivative work incorporated the Happy Face design and logo would provide separate protection both to the shirt design (the derivative work) and to the Happy Face design and logo (the underlying work). *Id.* at 11-14.[7]

        (a)      Whether the Happy Face Was Published Earlier than November 1, 1991

The Copyright Act defines "Publication" as

> the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display,

---

[7] In the Motion, Defendants also argue that there is a separate inaccuracy in the stated date of publication because the Nirvana logo (the word "Nirvana" that appears above the Happy Face on the t-shirt design) was also published on a separate date, in 1989. Dkt. 26 at 14. However, Nirvana argued in opposition that this logo is not copyrightable because it is an individual word (Dkt. 32 at 10 n.4), and Defendants did not dispute that analysis in their reply. *See* Dkt. 36 at 4 n.3. Thus, the dispute distills to whether the '166 Registration is invalid for failure to disclose that the Happy Face was published earlier than the stated date of November 1, 1991.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
|---|---|---|---|
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

constitutes publication. A public performance or display of a work does not of itself constitute publication.

17 U.S.C. § 101.

The Complaint alleges, through its incorporation of the attached '166 Registration, that the copyrightable material included in the application was first published on November 1, 1991. *See* '166 Registration, Dkt. 1 at 18-24. This allegation regarding the publication date is presumed to be true in connection with review of the Motion. Because it was included on a registered copyright, it is also entitled to a presumption of validity.

Defendants contend that this allegation is inconsistent with the allegation that Nirvana "first use[d] [the Happy Face] on a poster advising of [a] release party for Nirvana's *Nevermind* album." Complaint, ¶ 15. It is not plausible to assume that this "use" on the poster described in the Complaint occurred as late as November 1, 1991. Review of Exhibits 4 and 5 to the RJN is appropriate for the limited purpose of establishing that the date of the "release party" about which the poster "advis[ed]" was September 13, 1991.[8] Therefore, it is implausible that the "first use" of the Happy Face described in the Complaint, through inclusion on the poster, occurred later than September 13, 1991. However, that the Happy Face was used earlier than November 1, 1991, does not show that it was published earlier than that date. As an allegation viewed in the light most favorable to Plaintiff, the poster could have been "use[d]" in several ways that would not have constituted publication. For example, the poster could have merely been "public[ly] . . . displayed," rather than distributed through "sale or other transfer of ownership" or by "offering to distribute" it for such purposes. 17 U.S.C. § 101.

"To rebut the presumption [of validity], an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *United Fabrics*, 630 F.3d at 1257. Therefore, Defendants bear the burden of producing evidence in support of their position that publication occurred earlier than November 1, 1991. For example, evidence could be offered to support Defendants' contentions that the poster was "distributed for public display (i.e. advertising the party) and further distribution (i.e., to fans as admission invitations)." Reply, Dkt. 36 at 4. However, no such evidence has been proffered, and the consideration of such evidence in connection with a motion to dismiss would be inappropriate. Moreover, Plaintiff plausibly has alleged that the first publication occurred on November 1, 1991; whether Defendants can show that there was actually an earlier publication of the Happy Face is a fact issue that cannot be decided in connection with the Motion.

A review of district court decisions in similar actions confirms that issues regarding validity of Plaintiff's registered copyright should not be resolved on a motion to dismiss. The infringement defendant "has the burden of rebutting the facts set forth in the copyright certificate," which requires it to "offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *United Fabrics*, 630 F.3d at 1257 (citations and internal quotation marks omitted). "Evidence or proof" about invalidity

---

[8] As noted, Exhibit 4 is a more legible version of the poster excerpted in the Complaint. It shows that the release party described was scheduled for September 13. Exhibit 5 is the copyright registration for the *Nevermind* album in which a publication date in 1991 is listed. Viewed together, these exhibits support a reasonable inference that the poster described a release party that was to occur on September 13, 1991. Plaintiff does not dispute that this was the date of the event described in the illegible copy of the poster that is attached to the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

means that, in general, a determination that the presumption has been rebutted would not be made at the pleadings stage. *See, e.g.*, *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1086 (9th Cir. 1989) ("The presumptive validity of the certificate may be rebutted and defeated *on summary judgment*.") (emphasis added); *Bobosky v. Adidas AG*, No. CV 10-630-PK, 2010 WL 4853295, at *11 n.3 (D. Or. Oct. 8, 2010) ("The parties argue at length in their briefing and oral argument over the validity of plaintiffs' copyright. . . . Since courts typically address the validity of a copyright at summary judgment, these arguments are premature."), *report and recommendation adopted,* No. CIV 10-630-PK, 2010 WL 4828392 (D. Or. Nov. 18, 2010); *Datastorm Techs., Inc. v. Excalibur Commc'ns, Inc.*, 888 F. Supp. 112, 114-15 (N.D. Cal. 1995) ("While the Certificate only grants the holder the presumption of a valid copyright, such a presumption is strong in a motion to dismiss since the court must assume all factual allegations are true. . . . [A] determination will not be made at this time" as to whether the infringement defendant has rebutted the presumption of validity because "[t]o do so would require the Court to go outside the pleadings and render a factual determination. Such action is improper in a motion to dismiss for failure to state a claim, and is more appropriate in a motion for summary judgment.").

In certain cases, this rule may not apply. *See, e.g.*, *Hyowon Elecs., Inc. v. Erom, Inc*, No. CV 13-8378 GAF (SSX), 2014 WL 12560693, at *3 (C.D. Cal. May 15, 2014) ("Plaintiff is not entitled to [the] presumption of copyright validity . . . because it applied for the registration on October 21, 2013, nearly eight years after the work was first published on November 15, 2005."). However, those unique circumstances are not presented here.

For the foregoing reasons, the Complaint adequately alleges that there are no inaccurate statements on the '166 Registration. Therefore, the Complaint adequately alleges that the '166 Registration is valid.

        (b)      Whether an Inaccurate Date of Publication Was Included with Knowledge that It Was Inaccurate

Because Defendants have not shown that the publication date listed on the '166 Registration was inaccurate, it is unnecessary to determine whether the applicant knew of any such inaccuracy. Moreover, even if this issue were reached, it is also one for which Defendants bear the burden of producing proof in response to prima facie showing of validity. In an attempt to meet this burden, Defendants have presented documents that they contend link members of the band Nirvana with the entity that registered the copyright. Based on those documents, Defendants contend that "it cannot credibly be argued" that the registrant did not know about the separate date of publication for the poster. Motion, Dkt. 26 at 21. Through this argument, Defendants have presented "their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 999. Such a review is inappropriate in connection with a motion to dismiss.

        (c)      Whether the Copyright Office Would Have Issued the '166 Registration if the Correct Date of Publication Had Been Included in the Application

Because Defendants have not shown that the publication date listed on the '166 Registration was inaccurate, it is also unnecessary to determine whether, as Nirvana contends, the Copyright Office

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
|---|---|---|---|
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

would have nevertheless have issued the '166 Registration as a registration for a derivative work.[9]

        c)    Copying

            (1)    <u>Specific Legal Standards</u>

An infringement plaintiff must show "copying of constituent elements of the work that are original." *Feist*, 499 U.S. at 361; *see also Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004). The Ninth Circuit has clarified that the second element of copyright infringement involves two distinct and necessary components: "copying" and "unlawful appropriation." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018) (citing *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164-65 (9th Cir. 1977)). Proof of copying is required because "independent creation is a complete defense to copyright infringement." *Id.* (citing *Feist*, 499 U.S. at 345-46). Proof of unlawful appropriation is required because certain copying -- including the reproduction of "ideas" or "concepts" used in the plaintiff's work -- is not prohibited by the Copyright Act. *Id.* (citing 17 U.S.C. § 102(b)).

Proof of copying and unlawful appropriation "involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000)). Infringement may also be established by demonstrating that the alleged infringers violated any of the exclusive rights granted to copyright holders under 17 U.S.C. § 106. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).

The Ninth Circuit uses "a two-part test to determine whether two works are substantially similar: an extrinsic test and an intrinsic test." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 637 (9th Cir. 2008). The application of the substantial similarity tests has been described as follows:

> The extrinsic test assesses the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). Before that comparison can be made, the court must "filter out" the unprotectable elements of the plaintiff's work -- primarily ideas and concepts, material in the public domain, and *scènes à faire* (stock or standard features that are commonly associated with the treatment of a given subject). *Id.* at 822–23. The protectable elements that remain are then compared to corresponding elements of the defendant's work to assess similarities in the objective details of the works. The intrinsic test requires a more holistic, subjective comparison of the works to determine whether they are substantially similar in "total concept and feel." *Id.* at

---

[9] Should this issue arise later in these proceedings, the parties should also address whether it is required or appropriate to "request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2). Several court have held that such a request must precede a final court determination as to invalidity of a registered copyright. *See, e.g., DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 624 (7th Cir. 2013); *Gold Value Int'l Texile, Inc. v. Sanctuary Clothing, LLC*, No. LA CV16-00339-JAK-FFM, 2017 WL 2903180, at *11 (C.D. Cal. Mar. 24, 2017), *reconsideration denied*, 2017 WL 3477746 (C.D. Cal. May 12, 2017), *aff'd*, 925 F.3d 1140. However, "courts can demand that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice on materiality." *DeliverMed Holdings*, 734 F.3d at 625.

Case 2:18-cv-10743-JAK-SK   Document 60   Filed 11/08/19   Page 13 of 19   Page ID #:432

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 JAK (SKx) | | Date | November 8, 2019 |
|---|---|---|---|---|
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | | |

822 (internal quotation marks omitted). To prevail, a plaintiff must prove substantial similarity under both tests. *Funky Films, Inc. v. Time Warner Entertainment Co.*, 462 F.3d 1072, 1077 (9th Cir. 2006).

*Rentmeester*, 883 F.3d at 1118. "Only the extrinsic test's application may be decided by the court as a matter of law." *Id.* "The intrinsic test is left to the trier of fact." *Benay v. Warner Bros. Entm't,* 607 F.3d 620, 624 (9th Cir. 2010).

Although "dismissal of copyright infringement claims occurs more commonly at the summary judgment stage, . . . dismissal at the pleading stage is by no means unprecedented." *Rentmeester*, 883 F.3d at 1123. Where the relevant materials are "properly before [the court] and thus 'capable of examination and comparison,'" it can in some cases be determined whether the materials are "as a matter of law not substantially similar." *Id.* (quoting *Christianson v. West Publ'g Co.*, 149 F.2d 202, 203 (9th Cir. 1945)).

    (2)  <u>Application</u>

Defendants argue that Nirvana has not and could not plead facts sufficient to show extrinsic similarity between the Happy Face and allegedly infringing art work on the Accused Products. Dkt. 26 at 22-23. They contend that "[t]he relevant comparison is between the entirety of the protectable elements of the '166 Registration and the artwork shown on each Accused Product." *Id.* at 23. As to that comparison, they argue that "[t]he only similarity" is "the use of a substantially circular outline for the smiley face and a squiggly line used for a mouth, with a tongue sticking out." *Id.*

Defendants' argument is unpersuasive; the Complaint sufficiently alleges the extrinsic test for substantial similarities. *First*, as to the filtering process by which unprotectable elements of the '166 Registration are excluded, Defendants do not contend that any of the materials on Nirvana's t-shirt design must be filtered out as unprotectable before engaging in the comparison. Thus, they do not contend that an element like the Happy Face design could be independently protectable, as well as protectable if combined in an original way with other elements of Plaintiff's t-shirt registration. *Second*, as to the degree of similarity between the t-shirt design that is the subject of the '166 Registration and Defendants' products, there are sufficient allegations as to this element, which are supported by corresponding images. The Complaint alleges that the Accused Products "all use a 'smiley face' image that is obviously similar to, and an intentional copy of," the Happy Face. Complaint ¶ 18. It also alleges that Defendants are using the infringing "smiley face" "on products obviously similar to licensed Nirvana products," such as sweatshirts and t-shirts. *Id.* As to the similarities between the Nirvana Happy Face and the Accused Products' smiley face, a review of the images confirms that the allegation as to substantial similarity is sufficient:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

**Nirvana Happy Face**  **Accused Products Happy Face**
**(Complaint ¶ 14)**  **(Complaint ¶ 18)**

 

The similarities between the two faces include: (i) "[t]he slightly asymmetrical circle shape of the face"; (ii) "the relatively wide placement of the eyes"; (iii) "the distinctive 'squiggle' of the mouth"; and (iv) "the placement and use of a 'stuck out' tongue in the same shape on the same side of the mouth." Opposition, Dkt. 32 at 18. These features distinguish the Happy Face from the generic idea of a smiling face. It is also noteworthy that the Accused Products have combined this protectable artwork with other distinctive elements of the Nirvana t-shirt, including through the use of yellow lines on black background and a similar type and placement for the text above the image on the clothing.

As to the two faces, the only discernible difference is the use of "M J" eyes on Defendants' version instead of the "X" eyes used on the Plaintiff's work. This difference does not, as a matter of law, preclude Plaintiff's "substantial similarity" claim. *Cf. Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 953 (9th Cir. 2019) ("To be sure, the pictures do show some minor differences between the Subject Work and Defendants' works, such as in color, netting, and shape curvature. But a rational jury could find that these differences result from the fabric-printing process generally and are inconsequential, or could credit [the plaintiff]'s assertion that these differences result in part from printing using cruder, lower-quality techniques and machinery. Alternatively, a jury could find these to be knowing modifications, which could be evidence of willful copying.") (citations, internal quotation marks, and alterations omitted).

Defendants present two related arguments in support of their position that the materials are not substantially similar. *First*, they contend that the '166 Registration must be compared in its entirety to the Accused Products. Dkt. 26 at 23. They argue that because "the alleged similarity here relates only to a fraction of one of the three components of the '166 Registration," there is not substantial similarity. *Id.* However, "[i]t is entirely immaterial that, in many respects, plaintiff's and defendant's works are dissimilar, if in other respects, similarity as to a substantial element of plaintiff's work can be shown." 4 Nimmer on Copyright § 13.03 (2019); *see also Cavlier v. Random House, Inc.*, 297 F.3d 815, 825 (9th Cir. 2002) (although books taken as a whole do not infringe copyright, district court erred in finding no substantial similarity as a matter of law between particular illustrations contained within them); *cf. Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936), ("No plagiarist can excuse the wrong by showing how much of his work he did not pirate."), *cited with approval in* 4 Nimmer § 13.03.

*Second*, in their reply, Defendants construe Plaintiff's position to mean that the originality in the '166 Registration is confined to its "combination of elements," rather than any "singular element of the '166

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
|---|---|---|---|
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

Registration" such as the Happy Face. Reply, Dkt. 36 at 6-7. However, the Complaint alleges a protectable copyright in both the Happy Face and the t-shirt design on the '166 Registration. In the course of explaining an alternative position, as to a different issue, that the '166 Registration could be viewed as a derivative work, Plaintiff's opposition contended that the t-shirt design could be an "original combination of elements" even if those individual elements were not separately registered. Dkt. 32 at 11, 15-16. Plaintiff has also taken the position that even if the '166 Registration is a derivative work, the Happy Face is a copyrightable aspect of it whose infringement can be challenged notwithstanding the absence of a separate registration for the Happy Face. *Id.* at 12. Therefore, Plaintiff has not conceded that the Happy Face is not independently protectable. Thus, it is appropriate to consider the similarities between the Accused Products and the Happy Face, as well as the other similarities described above. Because Defendants have not shown that those similarities are insubstantial as a matter of law, the extrinsic test is sufficiently alleged.

For the foregoing reasons, the Complaint adequately alleges that Defendants have copied original aspects of Plaintiff's copyrighted material.

\* \* \*

The Complaint adequately alleges each of the elements of Plaintiff's copyright infringement claim. Therefore, the Motion is **DENIED** with respect to its challenge to the adequacy of the copyright claim.

    2.    <u>Second through Fourth Causes of Action: Trademark-Related Claims</u>

Defendants contend that Plaintiff's trademark-related claims are not adequately pleaded, and are preempted by the Copyright Act.

    a)    Adequacy of Allegations

With respect to the adequacy of the allegations, the standards that apply to Plaintiff's second through fourth causes of action -- for false designation of origin under Section 43(a) of the Lanham Act, California common law trademark infringement, and California common law unfair competition -- are the same in all relevant respects. *See, e.g., Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1031 (C.D. Cal. 2011) ("[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition."); *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same."); *see also Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("state common law claims of unfair competition . . . are 'substantially congruent' to claims made under the Lanham Act.").

Under those standards, there are two elements to Nirvana's claims: (i) Nirvana "has a valid, protectable trademark"; and (ii) Defendants' use of the mark is likely to cause confusion." *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007) (citing *Brookfield Commc'ns, Inc. v. West Coast Entm't*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

*Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999)).[10] Defendants challenge the adequacy of the allegations as to each of these elements.

(1) <u>Validity of Nirvana's Trademark</u>

Defendants contend that there are insufficient allegations that Plaintiff used the Happy Face "as a trademark" before the launch of the Accused Products. Motion, Dkt. 26 at 28. They contend that the allegation that the Happy Face "identifies Nirvana as the source" of products including clothing containing the Happy Face (Complaint ¶ 34) is insufficient because it does not aver that such use occurred "before the launch of the Accused Products." Dkt. 26 at 28. They also rely on two matters not attached to the Complaint, and of which judicial notice has not been taken. They are offered in support of the position that Plaintiff did not use the Happy Face as a trademark before the launch of the Accused Products. The first is a federal trademark application filed recently by Plaintiff stating that it has an intent to use a design similar to the Happy Face on certain products. The second is a canceled registration that had been issued to an entity that is not a party to this action, in which that party had alleged use of a similar smiley face design since 2009. *Id.* at 28-29.

The Complaint includes sufficient allegations as to Nirvana's protectible interest in, and senior use in commerce of, the Happy Face. It alleges that Nirvana has used the Happy Face for more than 25 years "to identify its services and merchandise." Complaint ¶ 16. As a result, it is alleged that the Happy Face is "widely associated with and identifies Nirvana as the source of the goods and services that bear it in the minds of the consuming public." *Id.* It alleges that, notwithstanding these many years of trademark use, Defendants began using the design and logo on the Accused Products in November 2018. *Id.* ¶ 17.

Defendants' arguments to the contrary are premised on two documents, neither of which is proper to consider in connection with a motion to dismiss. As to Exhibit 7 to the RJN, it is irrelevant to the adequacy of the Complaint whether Plaintiff has made recent statements about an intent to use certain trademarks in the future. As to Exhibit 8, it is also irrelevant whether a different entity began using a similar trademark in 2009 -- a contention that Plaintiffs dispute, and that Exhibit 8 does not establish. The Complaint plausibly alleges trademark use during the past 25 years, on which the second through fourth causes of action are based. Whether Defendants can produce evidence to dispute those allegations, either by showing any admissions to the contrary or senior trademark use by a different entity, is not relevant to the legal issues raised by the Motion.

Defendants also argued at the hearing that the trademark allegations are insufficient because they are conclusory. Although there are not detailed allegations regarding, for example, the specific items on which trademark use occurred, the allegations meet the standards of Fed. R. Civ. P. 8.

For the foregoing reasons, the Complaint adequately alleges that Plaintiff has a valid, protectable

---

[10] The Complaint does not allege infringement of any registered trademarks. However, "[a]n unregistered trademark can be enforced against would be infringers in several ways," including under § 43(a) of the Lanham Act and under state common law. *Matal v. Tam*, 137 S. Ct. 1744, 1753 (2017). Federal registration confers certain "legal rights and benefits," *id.* at 1754, but is not required in order to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

trademark in the Happy Face.

                (2)       Likelihood of Confusion

"[T]he critical determination [on a trademark infringement claim] is whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (internal quotations and citations omitted). The Ninth Circuit applies the eight-factor *Sleekcraft* test to assess a likelihood of confusion. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979), *abrogation on other grounds recognized*, *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150-51 (9th Cir. 2002).[11] The factors are: (1) the strength of the plaintiff's mark; (2) the relatedness or proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the degree to which the parties' marketing channels converge; (6) the type of goods and degree of care purchasers are likely to exercise in selecting the goods; (7) evidence of the defendant's intent; and (8) the likelihood that the parties will expand their product lines. *Id.* at 348-349.

The Complaint sufficiently alleges likelihood of confusion as to the source of the Accused Products. It alleges that the Accused Products use a "virtually identical copy" of the design and logo that Nirvana has used on its "services and merchandise" for more than 25 years. Complaint ¶¶ 16, 19. It alleges that the Accused Products are similar to Nirvana's, including t-shirts and sweatshirts. *Id.* ¶ 18. As described above with respect to the copyright claims, the allegations and images are sufficient to show substantial similarity. For similar reasons, it is plausible, based on these similarities, that a factfinder would find in favor of Nirvana as to whether the "consuming public" would incorrectly assume "that all goods or services that bear the logo are endorsed by or associated with Nirvana." *Id.* ¶ 16. The question whether there is any "confusion as to who is the producer of the Accused Products" (Motion, Dkt. 26 at 30) presents a fact issue that cannot be resolved at this stage of the litigation. Indeed, the Ninth Circuit has "cautioned against granting summary judgment" where the analysis turns on the likelihood of consumer confusion. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1105 (9th Cir. 2016). To grant a motion to dismiss here would be inconsistent with the factual nature of the issue presented.[12]

Defendants' responsive argument distills to its position that the Accused Products include a modification to the Happy Face, through which the Happy Face's "X X" eyes are replaced with Defendants' "M J" eyes. *See* Motion, Dkt. 26 at 29-31. However, the issue presented as to likelihood of confusion is not whether the marks are identical. It is whether they are sufficiently similar "in their entirety" to make confusion likely. *See JL Beverage Co.*, 828 F.3d at 1109. Whether a fact-finder may

---

[11] In a "nominative fair use" case, where the "defendant has used the plaintiff's mark 'to describe the *plaintiff's* product' for the purpose of, for example, comparison to the defendant's product," a different nominative fair use analysis "*replaces* the *Sleekcraft* analysis." *Cairns*, 292 F.3d at 1150-51 (emphasis in original).

[12] Defendants have identified certain district court decisions in which trademark claims have been dismissed based on failure adequately to plead likelihood of confusion. While it is of course true that there may be cases in which the allegations as to likelihood of confusion are not plausible, Defendants have not identified any cases similar to this one in which a motion to dismiss was granted. *See, e.g., Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. C 15-2288 SBA, 2015 WL 13022288, at *5 (N.D. Cal. Aug. 19, 2015) (inadequate allegation of likelihood of confusion where "there are no allegations in the Complaint" that the product sold by defendant "is anything other than" the plaintiff's "genuine" product).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
|---|---|---|---|
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

ultimately conclude that certain distinctions "render the marks dissimilar" cannot be resolved through the Motion because fact issues are presented. *See id.* at 1110.

For the foregoing reasons, the Complaint adequately alleges likelihood of confusion.[13]

        b)       Preemption by the Copyright Act

            (1)      <u>Specific Legal Standards</u>

The Ninth Circuit has established a two-part test for determining whether a state law claim is preempted by the Copyright Act. First, the "subject matter" of the state law claim is assessed to determine whether it falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, the rights asserted through the state claim are assessed to determine whether they are equivalent to the rights described in 17 U.S.C. § 106. *See Laws v. Sony Entm't, Inc.*, 48 F.3d 1134, 1137-38 (9th Cir. 2006) (citing *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001)). "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (citing *Summit Mach. Tool Mfg. v. Victor CNC Sys.*, 7 F.3d 1434, 1439-40 (9th Cir. 1993)).

            (2)      <u>Application</u>

The Copyright Act does not preempt any of the other claims advanced in the Complaint. The Lanham Act claim cannot be preempted by the Copyright Act. With an exception not relevant here, "nothing in [the preemption provision] or elsewhere in the [Copyright] Act annuls or limits any rights or remedies under any other Federal Statute." 1 Nimmer on Copyright § 1.19 (2019) (quoting 17 U.S.C. § 301(d)). This includes the Lanham Act. *Id.* The Lanham Act is construed to avoid "over-extension of trademark and related protections into areas traditionally occupied by copyright." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003); *see also Shaw v. Lindheim*, 919 F.2d 1353, 1364-65 (9th Cir. 1990) ("declin[ing] to expand the scope of the Lanham Act to cover cases in which the Federal Copyright Act provides an adequate remedy"). However, such a construction is based on the Lanham Act itself, and not on a preemption analysis.

The "preemption" argument could be deemed as one presented as the vehicle to contend that Plaintiff's trademark-related claims overlap entirely with the copyright claim. Thus, it could be seen as asserting that the state law trademark claims are missing the "extra element" required to preclude preemption, and the Lanham Act claim is premised on an "over-extension" of that act into the domain of copyright. However, there are sufficient allegations as to the distinct elements required to state a trademark claim. The Complaints adequately alleges both a trademark use of the Happy Face and likelihood of confusion through Defendants' use of the Accused Products. Because these allegations go to

---

[13] Defendants separately challenge the adequacy of Plaintiff's pleading under a "passing off" theory. The arguments as to this issue overlap with those presented as to likelihood of confusion. Accordingly, this argument is unpersuasive for the same reason -- to the extent Nirvana seeks relief under a "passing off" theory, there are plausible allegations that consumers would be confused about whether Defendants have "passed off" their goods as ones affiliated with Nirvana.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 JAK (SKx) | Date | November 8, 2019 |
|---|---|---|---|
| Title | Nirvana, LLC v. Mark Jacobs International, LLC, et al | | |

"elements not found in federal copyright law," they are neither outside the scope of trademark law nor preempted. *See* 1 *McCarthy on Trademarks and Unfair Competition* § 6:15 (5th ed.); *cf. Warner Bros. Entm't v. X One X Prods.*, 840 F.3d 971, 980 (8th Cir. 2016) (alleged infringer's products "employ iconic film characters' pictures to associate the products with [the plaintiff's] films, not to copy the film itself. Accordingly, these are trademark claims, not disguised copyright claims, and *Dastar* does not bar them.") This determination is also consistent with the principle that "Congress created two separate statutory schemes to govern copyrights and trademarks; in order to effectuate the purposes of both statutes, damages may be awarded under both." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994); *see also Wal–Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 216 (2000); *Mercado Latino, Inc. v. Indio Prod., Inc.*, 649 Fed. Appx. 633, 633-35 (9th Cir. 2016) (discussing applicable authority).

Defendants rely on *Lions Gate Entm't Inc. v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249 (C.D. Cal. 2016), *on reconsideration in part*, No. CV 15-05024 DDP (EX), 2016 WL 4134495 (C.D. Cal. Aug. 1, 2016). However, in *Lions Gate*, the trademark-related claims did not include any plausible allegation of consumer confusion; the plaintiff "[did] not allege it practices or licenses" any services similar to those provided by the defendants. 170 F. Supp. 3d at 1267.

Because the Complaint adequately alleges the elements of Plaintiff's trademark-related claims and Defendants have not shown that those claims are preempted by the Copyright Act, the Motion is **DENIED** with respect to its challenge to the adequacy of the trademark-related claims.

**V.      Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |