**KELLEY DRYE & WARREN LLP**
Andrew W. Homer (State Bar No. 259852)
Tahir L. Boykins (State Bar No. 323441)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
ahomer@kelleydrye.com
tboykins@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
Michael J. Zinna (*pro hac vice*)
Whitney M. Smith (*pro hac vice*)
Stephanie Grob (*pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants*
*Marc Jacobs International, LLC,*
*Saks Incorporated, d/b/a Saks Fifth Avenue, and*
*Neiman Marcus Group Limited, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NIRVANA, L.L.C., a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MARC JACOBS INTERNATIONAL L.L.C., a Delaware Limited Liability Company; SAKS INCORPORATED, d/b/a SAKS FIFTH AVENUE, a Tennessee Corporation; NEIMAN MARCUS GROUP LIMITED, L.LC., a Delaware Limited Liability Company; and Does 1 through 10,<br><br>Defendants. | Case No.: 2:18-cv-10743-JAK-SK<br><br>**DEFENDANTS' COUNTERCLAIM FOR DECLARATORY JUDGMENT OF COPYRIGHT INVALIDITY AND UNENFORCEABILITY**<br><br>(Assigned to Hon. John A. Kronstadt)<br>Complaint Filed: Dec. 28, 2018 |

1

DEFENDANTS' COUNTERCLAIM

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | MARC JACOBS INTERNATIONAL, LLC, a Delaware Limited Liability Company; SAKS INCORPORATED, d/b/a SAKS FIFTH AVENUE, a Tennessee Corporation; and NEIMAN MARCUS GROUP LIMITED, LLC, a Delaware Limited Liability Company,<br><br>            Counterclaim Plaintiffs,<br><br>   v.<br><br>NIRVANA, L.L.C., a Washington Limited Liability Company,<br><br>            Counterclaim Defendant. |

Counterclaim Plaintiffs Marc Jacobs International, LLC, Saks Incorporated, d/b/a Saks Fifth Avenue, and Neiman Marcus Group Limited, LLC (collectively "Counterclaim Plaintiffs" unless otherwise separately designated) hereby assert the following counterclaim against Counterclaim Defendant Nirvana, L.L.C. ("Nirvana") with respect to invalidity of United States Copyright Registration No. VA0000564166 the ("166 Registration").

## NATURE OF THE ACTION

1. Nirvana filed suit against Counterclaim Plaintiffs on December 28, 2018 alleging, *inter alia*, infringement of U.S. Copyright Reg. No. VA0000564166. Nirvana's claim for copyright infringement against Counterclaim Plaintiffs is predicated upon the existence of a certain smiley face design shown in the Complaint and allegedly created by Kurt Cobain in 1991 that is now purportedly owned by Nirvana as a result of multiple transfers in writing and by operation of law. This allegation finds no support in the sworn testimony of David Grohl and Krist Novoselic, the two surviving members of the band Nirvana, who could not identify the creator of the disputed work in sworn testimony. The apparent absence of any living person with first-hand knowledge of the creation of the allegedly copyrighted work in question, coupled with numerous other deficiencies in the 166 Registration

that is the basis for Nirvana's infringement claim are the basis for the counterclaim asserted herein.

## JURISDICTION AND VENUE

2. This is a counterclaim for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.

3. This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Counterclaim Defendant, *inter alia*, because Counterclaim Defendant has subjected itself to the jurisdiction of this forum by suing Counterclaim Plaintiffs in this District.

5. Venue is proper in this judicial district pursuant to 28. U.S.C. §§ 1391 and 1400 because Nirvana resides and does business in this judicial district.

## PARTIES

6. Counterclaim Plaintiff Marc Jacobs International, LLC ("MJI") is a limited liability organized and existing under the laws of the State of Delaware with a place of business located at 8400 Melrose Place, Los Angeles, CA 90069.

7. Counterclaim Plaintiff Saks Incorporated, d/b/a Saks Fifth Avenue ("Saks") is a corporation organized and existing under the laws of the State of with a place of business located at 9600 Wilshire Blvd., Beverly Hills, CA 90212.

8. Counterclaim Plaintiff Neiman Marcus Group Limited, LLC ("NMG") is a limited liability organized and existing under the laws of the State of Delaware with a place of business located at 9700 Wilshire Blvd., Beverly Hills, CA 90212.

9. Upon information and belief, Counterclaim Defendant Nirvana, L.L.C. is a limited liability company organized and existing under the laws of the State of Washington that does business in this judicial district.

DEFENDANTS' COUNTERCLAIM

**COUNTERCLAIM FOR DECLARATION OF UNITED STATES COPYRIGHT REGISTRATION INVALIDITY AND UNENFORCEABILITY**

10. An actual case or controversy exists between the parties by virtue of the Complaint for copyright infringement filed by Nirvana against Counterclaim Plaintiffs.

11. This controversy stems from Nirvana's assertion that Counterclaim Plaintiffs have infringed a tee shirt design entitled "Happy Face" consisting of: (1) a smiley face that looks hand drawn, with (a) Xs as eyes, (b) a squiggly line for a mouth with a tongue protruding therefrom and (c) a roughly circular facial outline (the "X-Eye Smiley Face"), (2) the word NIRVANA written above the X-Eye Smiley Face on the front of the tee shirt in a stylized font and (3) the words "flower sniffin kitty pettin baby kissin corporate rock whores" with a horizontal line above it written on the back of the tee shirt (the allegedly registered tee shirt design and all elements thereof, including the X-Eye Smiley Face, collectively the "Disputed T-Shirt Design") as shown below:



12. Specifically, Nirvana alleges that it owns a valid United States Copyright registration for the Disputed T-Shirt Design, and that the Counterclaim Plaintiffs have created and sold products featuring designs which are virtually identical or substantially similar to the Disputed T-Shirt Design.

13. The allegations of infringement asserted against the Counterclaim Plaintiffs by Nirvana are premised upon the 166 Registration.

14. The Complaint does not allege that the Disputed T-Shirt Design, or any element thereof, is original.

15. One, some, or all of the works covered by the 166 Registration, including without limitation the X-Eye Smiley Face, are composed of familiar symbols or designs and/or words and short phrases such as names, titles, and slogans, and thus are not subject to copyright protection.

16. Pursuant to 37 C.F.R. § 202.1, words and short phrases such as names, titles, and slogans are not copyrightable or registrable with the U.S. Copyright Office.

17. The Compendium of U.S. Copyright Office Practices § 313.4(C) cites "the name of a band or performing group" as an example of words and short phrases that are not copyrightable or registrable with the U.S. Copyright Office because it contains a *de minimis* amount of authorship.

18. The term "Nirvana" is the name of a band or performing group and is not copyrightable or registrable with the U.S. Copyright Office.

19. According to the Compendium of U.S. Copyright Office Practices § 313.4(C), "individual words or brief combinations of words, even if the word or short phrase is novel or distinctive or lends itself to a play on words" are not copyrightable.

20. Pursuant to 37 C.F.R. § 202.1, familiar symbols or designs are not copyrightable or registrable with the U.S. Copyright Office.

21. The Compendium of U.S. Copyright Office Practices § 313.4(C) cites "simple emoticons such as the typical smiley face" as a "well-known and commonly used symbol[] that contain[] a *de minimis* amount of expression or that [is] in the public domain."

22. The X-Eye Smiley Face is a familiar symbol in the public domain that is not copyrightable or registrable with the U.S. Copyright Office.

DEFENDANTS' COUNTERCLAIM

23. The 166 Registration is invalid because one, some, or all of the works covered by the 166 Registration, including the X-Eye Smiley Face, are not subject to copyright protection.

24. Upon information and belief, the works covered by the 166 Registration, including without limitation the X-Eye Smiley Face, were created by multiple different authors.

25. Upon information and belief, the rights of the creators of the works covered by the 166 Registration, including without limitation the X-Eye Smiley Face, were not properly transferred to Nirvana in writing or by operation of law.

26. The 166 Registration is invalid because Nirvana is not the original creator of one, some, or all of the elements of the work covered by the 166 Registration, including without limitation the X-Eye Smiley Face, and the rights of such creators have not been transferred to Nirvana in writing or by operation of law.

27. According to the 166 Registration, the Disputed T-Shirt Design was created in 1991.

28. According to the 166 Registration, the Disputed T-Shirt Design was first published November 1, 1991.

29. Upon information and belief, the work registered under the 166 Registration is comprised of various two-dimensional designs and text created by multiple different persons and first published on multiple different dates.

30. Upon information and belief, the X-eye Smiley Face was first published at least as early as August 17, 1991.

31. Upon information and belief, the word "NIRVANA" in stylized typeface was first published at least as early as June 15, 1989.

32. The 166 Registration is invalid because it covers multiple different works published separately at different times, yet was registered as a single work.

33. Since instituting this litigation, Nirvana's theory of copyright protection has shifted, resulting in the post-litigation claim that the work covered by the 166 Registration is a derivative work.

34. The 166 Registration does not disclose the registered work as derivative of an earlier, underlying work.

35. The Disputed T-Shirt Design is insufficiently original to qualify as a derivative work.

36. The 166 Registration is invalid because, among other things, it does not disclose the covered work as a derivative work and upon information and belief, Nirvana did not have consent to produce a derivative work based upon the preexisting designs.

37. Any error, evasion, inaccuracy and/or omission contained in the application to register the work covered by the 166 Registration was material and/or deliberate, intentional, knowing, and willful, and upon information and belief, if known by the Copyright Office, would have caused the Register of Copyrights to refuse registration.

38. Counterclaim Plaintiffs have no adequate remedy at law.

39. Accordingly, Counterclaim Plaintiffs seek a judgment declaring the 166 Registration invalid and unenforceable together with an order directing the Register of Copyrights to cancel the 166 Registration.

## PRAYER FOR RELIEF

WHEREFORE, Marc Jacobs International, LLC, Saks Incorporated, d/b/a Saks Fifth Avenue, and Neiman Marcus Group Limited, LLC respectfully request that the Court enter a judgment against Nirvana, L.L.C. as follows:

A. Declaring the 166 Registration to be invalid and unenforceable;

B. Issuing an order directing the Register of Copyrights to cancel the 166 Registration;

C. Declaring the 166 Registration to be not infringed;

D. Dismissing the Complaint of Nirvana, L.L.C. in its entirety with prejudice;

E. Awarding Marc Jacobs International, LLC, Saks Incorporated, d/b/a Saks Fifth Avenue, and Neiman Marcus Group Limited, LLC their costs, disbursements, and reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and to the extent otherwise permitted by law; and

F. Granting Marc Jacobs International, LLC, Saks Incorporated, d/b/a Saks Fifth Avenue, and Neiman Marcus Group Limited, LLC such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Counterclaim Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: November 26, 2019   **KELLEY DRYE & WARREN LLP**

By: /s/Michael J. Zinna
Michael J. Zinna
Whitney M. Smith
Stephanie A. Grob
Kelley Drye & Warren
101 Park Avenue
New York, New York 10178
Tel: 212-808-7800
Fax: 212-808-7897
mzinna@kelleydrye.com
wsmith@kelleydrye.com
sgrob@kelleydrye.com

Andrew W. Homer
Tahir L. Boykins
Kelley Drye & Warren
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067
Tel: 310-712-6100

Fax: 310-712-6199
ahomer@kelleydrye.com
tboykins@kelleydrye.com

*Attorneys for Counterclaim Plaintiffs*

DEFENDANTS' COUNTERCLAIM

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2019, a true and correct copy of the foregoing DEFENDANTS' COUNTERCLAIM was filed electronically with the Clerk of the above-captioned Court utilizing the Court's CM/ECF system, resulting in an automatic transmission of a Notice of Electronic Filing to all counsel of record in the above-referenced proceeding.

By: /s/Michael J. Zinna

Michael J. Zinna