1  INGE DE BRUYN
   inge.debruyn@modo-law.com
2  4218 Via Padova
   Claremont, CA 91711
3  Phone: 424-832-6118
   Fax: 323-693-0881
4
   Attorney for Applicant, Robert Fisher.
5

6

7

8              **UNITED STATES DISTRICT COURT**

9         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11 NIRVANA L.L.C., a Washington Limited    | Case No. 2:18-cv-10743-JAK-JK
12 Liability Company,
                                            | Assigned to Hon. John A. Kronstadt
13       Plaintiff / Counterdefendant,

14                                          | **MEMORANDUM OF POINTS AND**
                                            | **AUTHORITIES IN SUPPORT OF**
15 vs.                                      | **MOTION TO INTERVENE**
                                            | **PURSUANT TO FED. R. CIV. P. 24**
16
17 MARC JACOBS INTERNATIONAL                | Date: March 8, 2021
   L.L.C., a Delaware Limited Liability     | Time: 8:30am
18 Company; SAKS INCORPORATED, d/b/a        | Courtroom: 10B
   SAKS FIFTH AVENUE, a Tennessee
19 Corporation; NEIMAN MARCUS GROUP         | [Filed concurrently with Applicant's
   LIMITED, L.L.C., a Delaware Limited      | Notice of Motion and Motion; [Proposed]
20 Liability Company; and Does 1 through 10,| Order; Notice of Interested Parties;
                                            | [Proposed] Complaint-in-Intervention;
21       Defendants / Counterclaimants.     | Declaration of Robert Fisher in support of
                                            | Motion to Intervene]
22

23

24

25

26

27

28

   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF            - 1 -
   MOTION TO INTERVENE

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................4

II.  ARGUMENT ....................................................................................5

   A.   MR. FISHER MAY INTERVENE AS A MATTER OF RIGHT UNDER
       FED. R. CIV. P. 24(a) ....................................................................6

     A.1.   Mr. Fisher Has A Significant, Non-Speculative Protectable Interest
           in the Property at Issue in the Litigation ..........................................7

     A.2.   Absent Intervention, Mr. Fisher's Ability to Protect his Interest
           Would Be Substantially Impaired .....................................................8

     A.3.   Mr. Fisher's Motion Is Timely ........................................................9

     A.4.   The Existing Parties Do Not Adequately Represent Mr. Fisher's
           Interest. ...................................................................................12

   B.   ALTERNATIVELY, MR. FISHER SHOULD BE PERMITTED TO
       INTERVENE UNDER FED. R. CIV. P. 24(b) ....................................13

     B.1.   Independent Grounds for Jurisdiction Exist .....................................14

     B.2.   Mr. Fisher's Motion to Intervene is Timely .....................................14

     B.3.   Mr. Fisher's Claims and Defenses Share Common Questions of
           Law and Fact. ...........................................................................16

III. CONCLUSION ................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003) ................................13

*Atlantis Development Corp. v. United States*, 379 F.2d 818 (5th Cir. 1967)...........9

*Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996)..........................................16

*California ex Rel. Lockyer v. U.S.,* 450 F.3d 436 (9th Cir. 2006)..........................8

*Citizens for Balanced Use v. Montana Wilderness*, 647 F.3d 893 (9th Cir. 2011)...8

*County of Fresno v. Andrus*, 622 F.2d 436 (9th Cir. 1980) ....................................7

*Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970) ..........................10

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998)........................................6, 14

*Greene v. U.S.*, 996 F.2d 973 (9th Cir. 1993) .....................................................7, 14

*Jamie Music Publ' g Co. v. Roc a Fella Records*, LLC, 2007 U.S. Dist. LEXIS 26679 (S.D.N.Y. April 12, 2007) ........................................................................7

*N. Calif. River Watch v. Fluor Corp.*, No. 10-cv-05105-MEJ (N.D. Cal. July 9, 2014)...................................................................................................................8, 13

*Securities and Exchange Commission v. Navin et.al.*, 166 F.R.D. 435 (N.D. Cal. 1995)......................................................................................................................8

*Trbovich v. Mine Workers*, 404 U.S. 528 (1972) .................................................13

*United States v. Aerojet Gen. Corp.*, 606 F. 3d 1142 (9th Cir. 2010)....................6

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) ...................6, 7

*United States v. State of Oregon*, 745 F.2d 550 (9th Cir. 1984) ..........................10

**Statutes**

17 U.S.C. § 101 et seq..........................................................................................8, 11

28 U.S.C. § 1338 .....................................................................................................14

**Other Authorities**

Fed. R. Civ. P. 24 .............................................................................................passim

## MEMORANDUM AND POINTS OF AUTHORITY

Proposed Intervenor, Mr. Robert Fisher, respectfully submits this Memorandum of Points and Authorities in support of his Motion to Intervene in the above-captioned litigation (the "Litigation") under Rule 24 of the Federal Rules of Civil Procedure.

## I.   INTRODUCTION

On December 28, 2018, Plaintiff Nirvana L.L.C. ("Nirvana") filed suit against Marc Jacobs International L.L.C. et al. ("Defendants"), alleging *inter alia* copyright and trademark infringement. At the heart of the litigation is the copyright in a smiley face illustration (the "Happy Face") and a t-shirt design based on that illustration.

Nirvana's infringement suit, however, is stricken with a fundamental flaw – namely that it does not own the copyright in either the Happy Face illustration or t-shirt design. All of Nirvana's claims are based on the premise that Kurt Cobain, the late frontman for the band Nirvana, drew the Happy Face as an employee-for-hire for Nirvana, Inc. That premise, however, is false, as it is, in fact, Mr. Fisher, who authored the Happy Face, not Mr. Kurt Cobain.

On November 26, 2019, Defendants filed a counterclaim against Nirvana, challenging its ownership contentions and seeking declaratory relief with respect to the invalidity and unenforceability of Copyright Registration VA0000564166 for the Happy Face t-shirt design.[1]

Defendants' counterclaim received substantial exposure in the media and Mr. Fisher became aware of the legal battle over his Happy Face the very next day, when an acquaintance sent him a link to an article in the Hollywood Reporter.

_____
[1] Admittedly, Nirvana does not hold a valid copyright registration for the illustration by itself. It only holds a registration for the t-shirt design, which it now believes to be a derivative work based on the Happy Face illustration.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          - 4 -
MOTION TO INTERVENE

After reading up on the case in other news outlets, Mr. Fisher quickly realized that Nirvana's legal team was either clueless or seriously misinformed about the origins of the Happy Face. In an effort to help, he immediately reached out to Michael Meisel, one of Nirvana's managers and a long-time business contact, to identify himself as the creator of the Happy Face and offer his insight.

What Mr. Fisher did not understand at the time, is that his "help" was, in fact, a serious inconvenience to Nirvana. And he certainly did not anticipate that, even after learning the facts, Nirvana would simply maintain its position and repudiate both his authorship and ownership of the Happy Face.

Although Mr. Fisher and Mr. Novoselic – one of the two surviving band members in Nirvana – share similar recollections of relevant events, discussions between counsel over the last few months have made clear that the parties have a vastly different opinion about the legal implications resulting from those events and about the nature and scope of Nirvana's rights to the Happy Face illustration and t-shirt design.

Therefore, and after carefully considering his options, Mr. Fisher believes that to protect his interests in the copyrights at issue, he has no other option than to respectfully request this Court for leave to intervene in this action.

Mr. Fisher will be seeking, *inter alia*, declaratory relief as to his authorship and ownership of the copyrights in the Happy Face illustration and t-shirt design, and the invalidity of Copyright Registration VA0000564166 covering the latter, as well as injunctive relief and damages for copyright infringement by Defendants.

A true and correct copy of Mr. Fisher's proposed Complaint-in-Intervention is logged concurrently.

## II.  **ARGUMENT**

Fed. R. Civ. P. 24 governs a non-party's ability to intervene in a pending

action. Rule 24(a) regulates intervention by right, while Rule 24(b) sets forth the requirements for permissive intervention.

Mr. Fisher seeks to intervene as a matter of right under Rule 24(a), or, in the alternative, under Rule 24(b).

### A.    **MR. FISHER MAY INTERVENE AS A MATTER OF RIGHT UNDER FED. R. CIV. P. 24(A)**

Rule 24(a) provides, in pertinent part:

> "On timely motion, the court must permit anyone to intervene who…(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

To intervene as of right in a pending lawsuit, the Ninth Circuit requires the would-be intervenor to satisfy four requirements. The applicant must show that: (1) it has a significant, protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest. *See United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)(*quoting Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

These requirements are liberally construed in favor of intervention, and practical and equitable considerations are paramount. *Id.* at 397-98. *See also United States v. Aerojet Gen. Corp.*, 606 F. 3d 1142, 1149 (9th Cir. 2010) ("In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention."); *Greene v. U.S.*, 996 F.2d 973, 979 (9th Cir. 1993) ("By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving

related issues; at the same time, we allow an additional interested party to express its views before the court.").

Here, it is clear that Mr. Fisher meets each of the 4 criteria, and that, therefore, his Motion to Intervene should be granted under Rule 24(a).

### A.1.    Mr. Fisher Has A Significant, Non-Speculative Protectable Interest in the Property at Issue in the Litigation.

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002). The relationship requirement is met "if the resolution of the plaintiff's claims actually will affect the applicant." *Id.* "[T]he 'interest' test directs courts to make a 'practical, threshold inquiry,' and 'is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Id.* (*quoting County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980)). Both elements are satisfied.

There is no doubt that Mr. Fisher has a distinct, protectable interest in this action. As the author of the works, Mr. Fisher is claiming an interest relating to the very property at issue in this case, i.e. the copyrights in the Happy Face illustration and t-shirt design. See *Jamie Music Publ'g Co. v. Roc a Fella Records*, LLC, 2007 U.S. Dist. LEXIS 26679, at 6 (S.D.N.Y. April 12, 2007) ("[Proposed Intervenor] has a direct interest in the purported copyright infringement because she claims to be the sole author of the Composition [at issue] and the owner of its copyright.").

Mr. Fisher's copyrights are protected under Federal law. 17 U.S.C. § 101 et seq. The relationship between Mr. Fisher's copyrights and Nirvana's claims in this action (as well as Defendants' defenses) is direct and apparent.

Any adjudication in the underlying infringement action will necessarily

involve factual or legal conclusions with respect to the copyright in both the Happy Face and t-shirt design and will therefore inevitably touch on Mr. Fisher's intellectual property rights.

If Mr. Fisher is not permitted to intervene, additional litigation is likely. For that reason alone, Mr. Fisher has a significant non speculative interest in the litigation, one that deserves protection.

### A.2. Absent Intervention, Mr. Fisher's Ability to Protect his Interest Would Be Substantially Impaired.

A party seeking to intervene need only show that "disposition of the pending action would have a *potential* adverse impact on the would-be intervenor's interest." *Securities and Exchange Commission v. Navin et.al.*, 166 F.R.D. 435, 440 (N.D. Cal. 1995) (emphasis added).

"Consistent with the liberal standard in favor of intervention, a proposed intervenor need not show that impairment is 'an absolute certainty.'" *N. Calif. River Watch v. Fluor Corp.*, No. 10-cv-05105-MEJ, 27 (N.D. Cal. July 9, 2014) (*quoting Citizens for Balanced Use v. Montana Wilderness*, 647 F.3d 893, 900 (9th Cir. 2011). "Rather, the intervenor's interests need only be 'substantially affected in a practical sense by the determination made in an action.' Generally, after determining that the applicant has a protectable interest, courts have 'little difficulty concluding' that the disposition of the case may affect such interest." *Id.* at 898; *see also California ex Rel. Lockyer v. U.S.,* 450 F.3d 436, 442 (9th Cir. 2006) ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it.").

Here, any ruling in this action inevitably affects Mr. Fisher's interests in several ways. For example, a ruling that would affirm the validity or define the scope of Nirvana's copyright claims to the Happy Face illustration or t-shirt design

would inevitably impair Mr. Fisher's ability to exercise some or all of his exclusive rights in and to the same works.

Similarly, if a ruling would determine that Defendants' actions do not constitute infringement of the copyright in the Happy Face illustration, then collateral estoppel would be urged in any action brought by Mr. Fisher against Defendants.

More generally, any adverse finding following a copyright analysis under Feist, would not only affect Mr. Fisher's position with respect to Defendants' actions but would also weaken Mr. Fisher's abilities to assert his rights in future dealings with other parties. Even if not binding on third parties, courts, including those in the Ninth Circuit, have noted that, the *stare decisis* effect of a disposition in the principal action adverse to the interests of the would-be intervenor may "supply that practical disadvantage which warrants intervention of right."*Atlantis Development Corp. v. United States*, 379 F.2d 818, 829 (5th Cir. 1967). "[I]n the face of that, it is 'as a practical matter' a certainty that an absent party seeking a right to enter the fray to advance his interest against all or some of the parties as to matters upon which he is for all practical purposes shortly to be foreclosed knows the disposition in his absence will 'impair or impede his ability to protect that interest'…" *Id.*

### A.3.    Mr. Fisher's Motion Is Timely

There is also no question that Mr. Fisher's Motion to Intervene is timely.

A court considers three criteria in determining whether a motion to intervene is timely: "(1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of [any] delay [in moving to intervene]" *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

The Court must be lenient in applying the timeliness requirement where intervention is sought as a matter of right. *Id.* ("the timeliness requirement for

intervention as of right should be treated more leniently than for permissive intervention because of the likelihood of more serious harm") (citations omitted).

Here, the proceedings are still in the early stages. Non-expert discovery has not yet been completed and a trial date has not yet been set. It also appears that no substantive steps have been taken in the case since December 2019 and that the proceedings have been at an almost stand-still since. *See e.g. Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1125-26 (5th Cir. 1970) (motion to intervene filed more than a year after the action was commenced was timely when there had been no legally significant proceedings other than the completion of discovery and the motion would not cause any delay in the process of the overall litigation).

As indicated, Mr. Fisher only found out about this action on November 27, 2019 when he was sent a link to an article in the Hollywood Reporter and immediately reached out to Nirvana's management to make himself known as the author and offer his insight. Asked to sit tight, he waited for several weeks to hear back from Nirvana's managers or lawyers about the next steps and about their position in the litigation.

Instead, Defendants subpoenaed Mr. Fisher on February 19, 2020, for deposition testimony as a witness and to produce a list of documents relevant to the action. Mr. Fisher produced the documents on March 12, 2020 but for reasons related to the COVID-19 pandemic his deposition was postponed and did not take place until August 27, 2020, by remote means.

Mr. Fisher has also not unreasonably delayed in seeking intervention. It wasn't until Mr. Fisher had retained counsel concerning the subpoena, that he gained a decent understanding of the full extent and the legal implications of Nirvana's claims, its continued misattribution of the works to Kurt Cobain and its complete and continued repudiation of Mr. Fisher's rights in and to the works.

Although counsel for Mr. Fisher has engaged in several discussions with

1    Nirvana's counsel concerning the legal impossibility of its work-for-hire theory,

2    Nirvana has confirmed that it is nonetheless maintaining that theory and that it

3    does not recognize Mr. Fisher as the author and/or owner of the works at issue.

4         Nirvana's attitude has now put Mr. Fisher in a precarious situation. As a

5    freelance graphic designer who runs his own creative agency, he heavily depends

6    on assignments from the music and entertainment industries to make a living. Mr.

7    Fisher is highly aware of the long reach that all the parties in this litigation have in

8    these industries, and of the potential business harm that could result from involving

9    himself in this action to protect his rights. In addition, Mr. Fisher does not enjoy

10   the same financial resources as the other litigants in this suit and cannot afford to

11   hire an army of attorneys to help him defend his rights. Both were and still are very

12   real considerations and deterrents for Mr. Fisher, and his decision to move to

13   intervene was therefore not one that could be made lightly or rushed.

14        Allowing Mr. Fisher to intervene in this action will also not prejudice the

15   existing parties. The development of the facts remains essentially the same. To

16   prevail on a claim for copyright infringement, a plaintiff must demonstrate: (l)

17   ownership of a valid copyright in the work allegedly infringed; and (2)

18   infringement of the copyright by violating one or more of the exclusive rights

19   bestowed to copyright holders under 17 U.S.C. § 106. Here, Nirvana alleges that:

20   (1) it is the owner of the exclusive copyrights in both the Happy Face illustration

21   and t-shirt design, and (2) Defendants infringed upon the copyrights in both by

22   creating and distributing products that are substantially similar to the protected

23   works. Clearly, the issue of ownership of the copyright in the Happy Face

24   illustration and t-shirt design is the first step in all parties' analyses. Further,

25   Nirvana has not yet produced a single credible document that supports any of its

26   ownership claims, all of which are being challenged by Defendants. As the creator

27   of the illustration, Mr. Fisher's participation in the dispute relative to the first part

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                    - 11 -
MOTION TO INTERVENE

of the copyright infringement analysis – namely ownership of the copyrights – therefore does not prejudice the parties to this action, since this issue must be determined as a threshold matter.

In fact, because Defendants need to litigate the issue of ownership regardless, Mr. Fisher was already deposed as a witness in the case.

Similarly, the parties to the litigation are already focusing on whether there exists substantial similarity between the Happy Face illustration and/or t-shirt design and Defendants' products, and on the issue whether Defendants have improperly appropriated elements of the protected works in their own products. As such, there are unlikely to be any duplicative discovery demands, discovery responses, depositions, or even motion practice.

Mr. Fisher's intervention will not change the nature of the action or make it more complex. He is not adding new issues or claims unrelated to this action. The copyrights at issue should be well known to the parties by now and there are hardly any new facts that need to be considered in the context of the infringement analysis (as opposed to the ownership analysis).

As stated, after learning that his rights in the intellectual property at issue were being targeted, Mr. Fisher has proceeded assiduously and with due diligence. The existing parties are not prejudiced by Mr. Fisher's intervention and any delays resulting from his intervention are negligible in the overall picture. As such, the motion to intervene is timely.

## A.4.    The Existing Parties Do Not Adequately Represent Mr. Fisher's Interest.

The final requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal. *Trbovich v. Mine Workers*, 404 U.S. 528, 538 (1972)(citation omitted).

Courts in the Ninth Circuit consider three factors in determining the adequacy of representation: "(1)'whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments'; (2) 'whether the present party is capable and willing to make such arguments'; and (3) 'whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.'" *N. Calif. River Watch v. Fluor Corp.*, No. 10-cv-05105-MEJ, 30 (N.D. Cal. July 9, 2014) (*quoting Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

Although Mr. Fisher and Nirvana share some common goals as to the issue of infringement by Defendants, they substantially differ in their opinion as to whom is the author and owner of the copyright in the works that were infringed upon, and both are ultimately motivated by different outcomes in the litigation.

As it stands, the interests of Mr. Fisher are directly adverse to the interests of both Nirvana and Defendants, which also appears from the fact that Mr. Fisher, if allowed to intervene, will be asking for relief against all existing parties.

It is therefore evident that, since neither Nirvana nor Defendants will adequately represent Mr. Fisher's interest in this litigation, intervention should be granted.

**B.      ALTERNATIVELY, MR. FISHER SHOULD BE PERMITTED TO INTERVENE UNDER FED. R. CIV. P. 24(B)**

Mr. Fisher again asserts that all of the requirements for intervention as of right are met under Rule 24(a), as set forth above.

In the alternative, however, for the reasons set forth below, Mr. Fisher respectfully request this Court to exercise its broad discretion and permit Mr. Fisher to intervene in this action for the purpose of protecting his interests under

1  Rule 24(b).

2  Fed. R. Civ. P. 24(b)(1)(B) provides, in pertinent part:

3  "Upon timely application anyone may be permitted to intervene in an
   action ... (2) when an applicant's claim or defense and the main action have
4  a question of law or fact in common .... In exercising its discretion, the
   court shall consider whether intervention will unduly delay or prejudice the
5  adjudication of the rights of the original parties."

6  According to the Ninth Circuit, a court may grant permissive intervention

7  under Rule 24(b) where the applicant for intervention shows (1) that independent

8  grounds for jurisdiction exist; (2) that the motion is timely; and (3) that the

9  applicant's claim or defense, and the main action, have a question of law or a

10  question of fact in common. *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir.

11  1998); *League of United Latin Am. Cit. v. Wilson*, 131 F.3d 1297, 1308 (9th Cir.

12  1997); *Greene v. U.S.,* 996 F.2d 973, 978 (9th Cir. 1993).

13  Mr. Fishers satisfies each of these requirements for permissive intervention

14  pursuant to Rule 24(b).

15  **B.1.   Independent Grounds for Jurisdiction Exist**

16  This Court may properly exercise jurisdiction over Mr. Fisher's claims and

17  defenses. Jurisdiction exists under 28 U.S.C. § 1338 as the claims and defenses

18  related to this matter primarily arise under the Copyright Act, and the Court may

19  also exercise supplemental jurisdiction over the state law claims asserted herein.

20  **B.2.   Mr. Fisher's Motion to Intervene is Timely**

21  Mr. Fisher has timely filed this Motion to Intervene.

22  "In determining timeliness under Rule 24(b)(2), we consider precisely the

23  same three factors — the stage of the proceedings, the prejudice to existing parties,

24  and the length of and reason for the delay — [as are to be] considered in

25  determining timeliness under Rule 24(a)(2)." *League of United Latin Am. Cit. v.*

26  *Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997).

27  As set forth above, Mr. Fisher timely moved to intervene because

28

discovery has not yet been completed, the litigation is still in relatively early stages, and no trial date has been set yet.

Mr. Fisher's intervention will also not prejudice the parties. In fact, since the copyright ownership issue is central to the action, it will need to be resolved as a threshold matter before any determination can be made on any of the infringement claims. Mr. Fisher's intervention will thus aid to resolve any doubts and obscurities with respect to the creation, authorship and ownership of the intellectual property at issue. Defendants have already subpoenaed Mr. Fisher for deposition testimony as a witness and for the production of certain documents in his possession.

Finally, Mr. Fisher also did not unreasonably delay in moving to intervene. Any delays between Mr. Fisher finding out about this suit and moving to intervene, are the result of Mr. Fisher's good faith on the one hand and financial and practical concerns on the other. First, at the request of Nirvana's management, and still unaware of the legal position that Nirvana had taken, Mr. Fisher waited several weeks for an update on the case without receiving one. Nirvana's position did not become clear to Mr. Fisher until he was subpoenaed for deposition by Defendants in February 2020 and he retained counsel to help him evaluate and navigate the situation. Discussions between his and Nirvana's counsel over the following weeks revealed that, even in light of the true facts, Nirvana was not recognizing Mr. Fisher's authorship and/or ownership in the Happy Face illustration and t-shirt design. This put the delicate choice before Mr. Fisher whether to give up his rights or protect them by involving himself in this litigation, regardless of the potential ramifications. Decisions like these cannot be made rashly. However, they did not cause any significant delays beyond those that inevitably resulted from the COVID-19 pandemic, as the case has not progressed much since March 2020 and all parties are still positioned more or less the same.

### B.3.     Mr. Fisher's Claims and Defenses Share Common Questions of Law and Fact.

There is no doubt that "common questions" of law and fact present themselves here, especially since "[t]he existence of a 'common question' is liberally construed." *Bureerong v. Uvawas*, 167 F.R.D. 83, 85(C.D. Cal. 1996).

The facts and law in this litigation revolve around the ownership of the copyright in the Happy Face illustration and t-shirt design.

Where Mr. Fisher's claims and defenses depend on many of the same laws and many of the same facts on which Plaintiff and Defendants rely, it is evident that both the factual and legal issues overlap, including the issue of the validity and scope of copyright registration VA0000564166 on which Nirvana's infringement suit is based.

It is also clear that, where, as is the case here, the intervention claims involve many of the same questions of law and fact raised by the original action, wholesale consideration of these questions in one single lawsuit saves time and judicial resources.


### III.     <u>CONCLUSION</u>

There is no dispute that Mr. Fisher has a significant interest in the pending litigation, and that absent intervention Mr. Fisher's ability to protect this interest would be significantly impaired. Mr. Fisher's Motion is timely, and the existing parties to the case will not adequately represent Mr. Fisher's interests. So, there can hardly be any dispute that Mr. Fisher satisfies the requirements for intervention as of right.

In addition, Mr. Fisher most certainly satisfies the requirements for permissive intervention. All of his claims arise under the Declaratory Judgment Act and the Copyright Act, meaning that no question exists regarding jurisdiction.

As demonstrated above, Mr. Fisher has moved in a timely fashion, and there is significant overlap between the suit, as it exists, and the causes of action raised by Mr. Fisher's pleading. Mr. Fisher's intervention does not cause prejudice to either of the parties and no unrelated issues need to be considered by the Court - meaning that judicial economy clearly is served by permitting intervention.

Accordingly, Mr. Fisher respectfully requests that this Court grant his Motion to Intervene.


DATED: September 13, 2020        By:    /s/ Inge De Bruyn


Inge DE BRUYN

inge.debruyn@modo-law.com

Attorney for Applicant,

Robert FISHER

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                  - 17 -
MOTION TO INTERVENE

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2020, a true and correct copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24 was filed electronically with the Clerk of the above-captioned Court utilizing the Court's CM/ECF system, resulting in an automatic transmission of a Notice of Electronic Filing to all counsel of record in the above-referenced proceeding.

DATED: September 13, 2020      By:   /s/ Inge De Bruyn

Inge DE BRUYN