INGE DE BRUYN
inge.debruyn@modo-law.com
4218 Via Padova
Claremont, CA 91711
Phone: 424-832-6118
Fax: 323-693-0881

Attorney for Plaintiff-in-Intervention, Robert Fisher.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIRVANA L.L.C., a Washington Limited Liability Company,<br><br>  Plaintiff / Counterdefendant.<br><br>vs.<br><br>MARK JACOBS INTERNATIONAL L.L.C., a Delaware Limited Liability Company; SAKS INCORPORATED, d/b/a SAKS FIFTH AVENUE, a Tennessee Corporation; NEIMAN MARCUS GROUP LIMITED L.L.C., a Delaware Limited Liability Company; and Does 1 through 10,<br><br>  Defendants / Counterclaimants.<br><br>Robert FISHER,<br><br>  Plaintiff-in-Intervention,<br><br>vs.<br><br>NIRVANA L.L.C., a Washington Limited Liability Company; MARC JACOBS INTERNATIONAL L.L.C., a Delaware Limited Liability Company; SAKS INCORPORATED, d/b/a SAKS FIFTH AVENUE, a Tennessee Corporation; NEIMAN MARCUS GROUP LIMITED L.L.C., a Delaware Limited Liability Company; and Does 1 through 10,<br><br>  Defendants-in-Intervention. | Case No. 2:18-cv-10743-JAK-JK<br><br>**PLAINTIFF-IN-INTERVENTION'S [PROPOSED] OPPOSITION TO NIRVANA L.L.C.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COPYRIGHT OWNERSHIP (FED. R. CIV. P. 56)**<br><br>Date: March 22, 2021<br>Time: 8:30am<br>Courtroom: 10B<br><br>The Honorable John A. Kronstadt<br><br>[Filed concurrently with Declarations of Inge De Bruyn, Robert Fisher and Rodger Ferris; Plaintiff-in-Intervention's Statement of Genuine Disputes of Material Fact; Statement of Additional Material Facts; Evidentiary objections to certain declarations and exhibits and [Proposed] Order] |

**FISHER'S OPP. TO NIRVANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**    1

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................... 3

II. MATERIAL FACTS ................................................................................. 4

    a. Robert Fisher created the Happy Face illustration and designed the Happy Face t-shirt ............................................................................................ 4

    b. Nirvana's claim that Kurt Cobain created the Happy Face has no evidentiary support ................................................................................................ 5

III. LEGAL ARGUMENT ............................................................................... 8

    a. Nirvana does not own a valid copyright registration for the Happy Face illustration that was allegedly infringed upon by Defendants .......................... 8

    b. Nirvana does not prove ownership of the Happy Face illustration or t-shirt design beyond its invalid copyright registration ............................................. 11

        (1) Mr. Fisher's Happy Face illustration was not a work made for hire for Nirvana, Inc. (and neither was his contribution to the t-shirt design) ........ 11

        (2) Nirvana does not have standing to assert a work-for-hire claim on behalf of Geffen Records, Inc. ................................................................................ 12

        (3) Even if Nirvana had standing to assert a work-for-hire claim on behalf of Geffen, it would not prevail on that claim ................................................ 13

IV. CONCLUSION ....................................................................................... 17

## I. INTRODUCTION

On December 28, 2018, Plaintiff Nirvana, L.L.C. ("Nirvana") filed suit against Defendants alleging, *inter alia*, infringement of its purported copyright in a t-shirt design titled "Happy Face." Nirvana alleges that the t-shirt was created in 1991 by the late Kurt Cobain as a work made for hire for Nirvana, Inc. It was registered as such with the US Copyright Office in 1993, naming Nirvana, Inc. as the author and claimant.

Throughout this litigation, Defendants have challenged (a) the validity of that copyright registration and (b) Nirvana's claim of ownership of the copyright in both the Happy Face t-shirt design and the underlying Happy Face illustration, which is the main component of the t-shirt design and the main element that Defendants have purportedly copied. (Compl. ¶¶13, 14, 17, 18, 19, ECF No. 1.).

On September 13, 2020, Robert Fisher ("Mr. Fisher") moved to intervene in the litigation between Nirvana and Defendants on the basis that he is the actual creator of the Happy Face and, as such, the owner of the copyright in the design. Nirvana has opposed Mr. Fisher's Motion to Intervene, Defendants have not. A hearing on this motion is set for March 8, 2020.

While acknowledging Mr. Fisher's competing claims and the disputes of material fact it raises, Nirvana still moves for partial summary judgment on the issue of copyright ownership – presumably of both the Happy Face illustration and t-shirt design[1] – before Mr. Fisher's motion to intervene can be heard. Specifically, Nirvana alleges that "(i) its copyright registration is entitled to a presumption of validity, and (ii) no evidence materially disputes Nirvana's current ownership of that copyright." (Mot., 1:7-9, ECF No. 98.). Nirvana's arguments lack merit.

---

[1] Nirvana is not clear on this. Admittedly, Nirvana only holds a copyright registration for the Happy Face t-shirt, not for the Happy Face illustration by itself. But while Nirvana is moving for summary judgment on the issue of ownership of the copyright in the registered t-shirt design, "the work Defendants are alleged to have infringed" (Mot. 1:10, ECF No. 98) appears to be the Happy Face illustration by itself. (Compl. ¶¶13,14,17,18,19.)

**FISHER'S OPP. TO NIRVANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT       3**

## II. MATERIAL FACTS

As summarized in Robert Fisher's separate Statement of Genuine Issues of Material Fact, the facts as well as the evidence put forth by Nirvana to support its claims of copyright ownership in the Happy Face illustration and/or t-shirt design are largely disputed. As a result, Nirvana's conclusions of law are also in dispute.

### a. Robert Fisher created the Happy Face illustration and designed the Happy Face t-shirt

Whether or not Nirvana is willing to accept it, Mr. Fisher created the Happy Face illustration that is at the heart of this litigation, not Kurt Cobain. Mr. Fisher also designed the Happy Face t-shirt, featuring his own illustration on the front and a textual phrase that was provided to him on the back. Mr. Fisher has credibly attested to this in a declaration made under the penalty of perjury and in sworn deposition testimony. (Fisher Decl. ¶3, ECF No. 95-2; Declaration of Inge De Bruyn ["De Bruyn Decl."] ¶14 and Ex. 10, 43:7-8 thereto.)

Contrary to what Nirvana suggests, Mr. Fisher's claim that he designed the Happy Face is hardly "recent." Mr. Fisher has never claimed otherwise, and over the years has consistently included the Happy Face illustration in portfolios that he sent out to promote his business. (Declaration Robert Fisher ¶ 2 and Exs. 31 and 32 thereto; Declaration Rodger Ferris) Mr. Fisher is also the only person able to describe in detail how both the illustration and the t-shirt came to be, how he drew it, and what materials he used. (Compl. Intervention ¶¶21-26, ECF No. 95-3; De Bruyn Decl. ¶14, Ex. 10, 45:22-49:20.) In addition, Mr. Fisher is still in possession of the first xerox copies of his original artwork. (De Bruyn Decl. ¶3, Ex. 3; De Bruyn Decl. ¶14, Ex. 10, 43:14-45:18.)

Having worked with the band and its management for almost 3 decades on the majority of Nirvana's art, Mr. Fisher was genuinely surprised to learn that Nirvana claims ignorance of this fact and was/is misattributing the drawing to Kurt Cobain. (De Bruyn Decl. ¶2 and Ex. 2 thereto; Decl. Fisher ¶7, ECF No. 95-2.)

**b.     Nirvana's claim that Kurt Cobain created the Happy Face has no evidentiary support**

After months of discovery between Nirvana and Defendants on the issue of copyright ownership, there is no evidence in the record that corroborates Nirvana's claim that Kurt Cobain created the Happy Face, or that he had anything to do with its creation. Instead, Nirvana now drums up 4 declarants in the eleventh hour (most of whom, if not all, were previously deposed) to express their "understanding" and "belief" that Kurt Cobain created the Happy Face. It concerns the declarations of Mr. Novoselic, Mr. Draher, Mr. Silva and Mrs. Sloane Seibert (ECF No. 100).

Nirvana is, or should be, aware that these declarations do not set out facts that would be admissible evidence at trial as required under Fed. R. Civ. P. 56.[2]

In addition, some of the statements made by these declarants to support Nirvana's claim that it "has substantial reason to believe that Kurt Cobain created the [Happy Face]" (Mot., 10:1-4) are clearly refuted by objective evidence.

For example, both Mr. Novoselic and Mr. Silva – with Plaintiff in tow – claim that Kurt Cobain also created the visual art on Nirvana's allegedly similar "Seven Circles of Hell Shirt" (Mot., 2:15-22 and 10:11-13; Novoselic Decl. ¶¶5-6, ECF No. 100; Silva Decl. ¶6, ECF No. 100.), while it is well-known <u>that the visual on that shirt is an illustration by C.W. Scott-Giles</u>.

The exact same diagram appears in Mark Musa's translation of Dante's *The Divine Comedy - Volume 1: Inferno* (published in 1971). (De Bruyn Decl. ¶18, Ex. 13.) A similar, earlier version by C.W. Scott-Giles appears in Dorothy Sayers' translation of that same book (published in 1949).[3] (De Bruyn Decl. ¶19, Ex. 14.)

---

[2] A statement by a declarant that she believes a fact to be true or attests to a fact upon information or belief does not satisfy the requirement that the witness have personal knowledge of the fact. *See, e.g., Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1317 (11th Cir. 2011); *Hlinka v. Bethlehem Steel Corp.*, 863 F.2d 279, 282 (3d Cir. 1988). Similarly, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871 (1994).

[3] Since these drawings still seem to enjoy worldwide copyright protection,

 

Mr. Silva further testifies that "[e]ven before signing with Geffen, Kurt had envisioned and created the band's album covers and merchandise designs." (Silva Decl. ¶4, ECF No. 100.) There is no evidence whatsoever that corroborates this.

In fact, before Nirvana signed with Geffen in 1991, they had released exactly 1 album ("Bleach"), 1 EP ("Blew"), and 2 singles ("Love Buzz" and "Sliver"). (De Bruyn Decl. ¶29, Ex. 24.) <u>None of the covers for any of these releases were created by Kurt Cobain</u>. The album cover for "Bleach" was designed by Lisa Orth with photos by Tracy Marander; the vinyl label is the aforementioned illustration by C.W. Scott-Giles. (De Bruyn Decl. ¶25, Ex. 20 and De Bruyn Decl. ¶18-19, Exs. 13 and 14.) The cover for "Blew" was likewise designed by Lisa Orth with photos by Tracy Marander. (De Bruyn Decl. ¶26, Ex. 21.) Lisa Orth also designed the sleeve for the "Love Buzz" single, with photos by Alice Wheeler, and the label was designed by Susanne Sasic. (De Bruyn Decl. ¶30, Ex. 25.) Finally, the sleeve for "Sliver" was designed by Jane Higgins with a photo by Michael Lavine for the front cover and a photo by Charles Peterson for the back. (De Bruyn Decl. ¶24, Ex. 19.) Michael Lavine's photo also adorns one of the shirts that Nirvana was allegedly selling in 1991 through Giant Merchandising, and still is. (De Bruyn Decl. ¶31, Ex. 27; Silva Decl. ¶9 and Ex. 3 thereto, ECF No. 100.)

---

it would be interesting to learn how Nirvana's belief that these were drawn by Kurt Cobain affects the right holders of those works.

1  Incidentally, Michael Lavine filed a copyright registration for that photo on
2  November 29, 2019, two days after Mr. Fisher also became aware of this litigation.
3  (De Bruyn Decl. ¶23, Ex. 18.)
4     Further, while Mr. Fisher is being ridiculed for merely referencing the
5  smiley faces that he drew in art school as a source of inspiration for the Happy
6  Face illustration (Mot., 14:18-22, ECF No. 98), Nirvana finds "evidence" that Kurt
7  Cobain created the Happy Face in this drawing:[4]



(Mot., 9:10-11 and 10:13-15, ECF No. 98; Decl. Draher ¶¶10-11 and Ex. 13 thereto, ECF No. 100.)

15     Finally, Mr. Novoselic insists that Nirvana "always wanted everything filed
16  with the U.S. Copyright Office to be completely accurate, because that was the
17  right thing to do and because filing documents that are inaccurate with government
18  agencies can only cause problems we did not or do not want or need." (Novoselic
19  Decl. ¶24.-, ECF No. 100.)
20     Upon information and belief, Nirvana LLC holds 2 copyright registrations
21  (De Bruyn Decl. ¶20, Ex. 15): one is for the Happy Face t-shirt, the accuracy of
22  which is in dispute here, the other one is for the "In Utero Angel," another image
23  used on merchandise sold by Nirvana. (De Bruyn Decl. ¶31, Ex. 26.) In that second
24  registration – applied for in 2016 by attorney Jill Berliner – Plaintiff Nirvana LLC,
25  an entity established in <u>1997</u>, is claiming authorship as the "employer for hire" of a

---

[4] According to Mr. Draher, "the use of the 'x-ed' out eyes is characteristic of Kurt's conflict in Nirvana being an iconoclastic band and yet being embraced by a major label and a large audience." (Draher Decl. ¶11, ECF No. 100.) Ironically, Nirvana did not find his major label success and audience until after the release of "Nevermind," which was several months after the Happy Face was created.

**FISHER'S OPP. TO NIRVANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**          7

design that was first published in <u>1993</u> (De Bruyn Decl. ¶21, Ex. 16).[5] So, in fact, the accuracy of Nirvana's filings leaves a lot to be desired, and this registration is just another example of Nirvana's total disregard for established legal principles such as "work made for hire." Then and now.

### III. LEGAL ARGUMENT

Rather than involving itself with the issue of who created the Happy Face, Nirvana claims it does not matter; that it owns the copyright anyway. Nirvana is mistaken.

**a.** **<u>Nirvana does not own a valid copyright registration for the Happy Face illustration that was allegedly infringed upon by Defendants</u>**

Nirvana claims that its 166 Registration for the Happy Face t-shirt design is entitled to a rebuttable presumption of validity and factual accuracy. Specifically, it alleges that the 166 Registration "presumptively establishes that Nirvana, Inc. was the original owner of a valid copyright in the 'Happy Face' t-shirt design." (Mot., 6:6-8) and that Defendants have offered no evidence to rebut this.

In fact, Defendants have offered plenty of evidence to rebut this, and so has Mr. Fisher. Mr. Fisher has testified in a declaration under the penalty of perjury and in sworn deposition testimony (a) that he created the Happy Face and did the graphic design for the t-shirt as well, (b) that he was never an employee of Nirvana, Inc., and (c) that he has never executed any agreement with Nirvana, Inc. with respect to the Happy Face illustration or t-shirt design. (Fisher Decl. ¶3, ECF No. 95-2; De Bruyn Decl. ¶14 and Ex. 10, 43:7-8 thereto.)

As such, it has been established that, under the law, neither the Happy Face illustration or t-shirt design can possibly be works made for hire for Nirvana, Inc., and that Nirvana, Inc. cannot possibly be their author and/or original owner (17 U.S.C. § 101.), as discussed further below.

---

[5] Moreover, since the image first appeared on the cover of Nirvana's album In Utero (Ex. 23), the copyright in the image was also registered by Geffen Records, Inc. as an employer for hire in 1993 (Ex. 17).

**FISHER'S OPP. TO NIRVANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**               8

Nirvana's suggestion that these misstatements in its copyright registration are immaterial and innocent, and do not invalidate its registration, is unconvincing for several reasons:

First, Nirvana cannot hide behind its alleged "good faith nature" to uphold the validity of a copyright registration that contains errors and misrepresentations that it should reasonably have known to be false at the time the application was filed. It is well-established in this circuit that the filing of an inaccurate copyright application, without a plausible excuse, leads to invalidation of the registration.[6] Moreover, Kurt Cobain was still alive in 1993 and, as an officer of Nirvana, Inc., his knowledge is imputed to the corporation. Therefore, if what Mr. Draher alleges is actually true – that Kurt Cobain has always represented that he "was the one who did at least the front of that t-shirt" – it is undeniable that Nirvana, Inc. filed its 166 registration with the absolute knowledge (of at least its main officer and agent) that the information contained therein was inaccurate. (Draher Decl. ¶7, ECF No. 100.) Mr. Fisher, however, considers it unlikely that Kurt Cobain would have claimed credit for something that he did not create, and believes that there is a more probable reason for why Nirvana, Inc. filed a copyright registration for the Happy Face t-shirt in 1993, falsely naming itself as the author and owner, which suggests anything but good faith. (De Bruyn Decl., ¶11 and Ex. 8, p. 2.)

Second, it cannot credibly be argued that the information contained in a copyright registration as to authorship and ownership is immaterial.[7] Even without

---

[6] *See e.g. Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1147 (9th Cir. 2019) ("Although Fiesta asserts that it did not believe that such sales constituted publication as a matter of law, Fiesta provides no reasonable basis for this belief. Fiesta's lack of authority or plausible explanation for its position distinguishes this case from others in which a claimant's good faith or inadvertent mistake did not constitute a knowing inaccuracy.") In other words, Nirvana cannot claim innocent mistake when it provides no reasonable basis for its ignorance at the time that it applied for the copyright registration.

[7] Nirvana misunderstands the court's ruling in *Sony Music Entm't v. Cox Commc'ns, Inc.*, 426 F. Supp. 3d 217 (E.D. Va. 2019). Contrary to what Nirvana suggests, the court in *Sony* did not hold that misstatements about "work made for hire" status are immaterial when they do not affect ownership status. (Mot., 18:17-24). It held that the defendants in that action did not offer any evidence to rebut the

FISHER'S OPP. TO NIRVANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT          9

soliciting the advice from the Register of Copyrights (17 U.S.C. § 411(b)(1)), it is clear that the Register would have refused the registration had it been aware that the information on both authorship and ownership was false.

Third, Nirvana ignores the fact that the 166 Registration for the t-shirt design does not even cover the Happy Face illustration that was allegedly infringed upon.[8] Nirvana's logic here is hard to follow. Contrary to what it has stated before,[9] and although the t-shirt clearly consists of several elements that were created by at least two different people,[10] Nirvana now denies that it is a derivative work. (Mot., 22:4-18.) Yet, it offers no explanation as to what it would otherwise be. The only possible scenario in which the Happy Face illustration would be covered by the 166 Registration, is if the t-shirt were somehow created as a joint work. In that case, however, Nirvana should have listed Mr. Fisher as a joint author and claimant. It did not. In all other scenarios (compilation or derivative work), the Happy Face illustration is considered pre-existing material, should have been disclosed as such in the copyright registration, and is certainly not covered by the copyright in the t-shirt design:

> "The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in

---

work-for-hire qualification, and that idle assertions about the possibility that the works were improperly registered as 'works for hire' are insufficient to create a genuine issue of material fact. Here, both Defendants and Mr. Fisher have gone well beyond "idle assertions about the possibility" and have offered undisputable evidence that the Happy Face illustration and t-shirts are not works made for hire for Nirvana, Inc. as claimed.

[8] Nirvana does not hold a copyright registration for the Happy Face illustration by itself; Mr. Fisher does.

[9] Nirvana is dishonest when it claims now that it has not made such an allegation in its Opposition to Defendant's Motion to Dismiss. Nirvana has literally stated there: "Here, Nirvana's copyrighted t-shirt combines Nirvana's 'Smiley Face' design with its name 'Nirvana' and a signature phrase that symbolizes the 'Nirvana' ethos. (Complaint Ex. 1.) This original combination of elements based on Nirvana's preexisting 'Smiley Face' design recasts and transforms the original into a derivative work." (Opp'n Mot. Dismiss, 6:15-19.

[10] Mr. Fisher who drew the illustration and did the overall design, and an unknown individual who authored the "Flower Sniffin Phrase"

such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material." (17 U.S.C. §103(2))

In conclusion, the presumptive validity and factual accuracy of the information contained in the 166 Registration has been rebutted by quite a bit more than "some" evidence; evidence that goes well beyond unsupported beliefs, conjecture and argument, and that is actually admissible at trial.

**b.** **Nirvana does not prove ownership of the Happy Face illustration or t-shirt design beyond its invalid copyright registration**

    (1)   *Mr. Fisher's Happy Face illustration was not a work made for hire for Nirvana, Inc., and neither was his contribution to the t-shirt design*

The basic rule is that copyright in a work of authorship vests in the author or authors of the work. 17 U.S.C. § 201(a). This basic rule knows only one narrow exception, for works made for hire, where the employer is considered the author. "Work made for hire" is a statutorily defined term and it is well-established that for-hire status can only attach to a work in one of two ways – it is either:

> "(1) a work prepared by an employee within the scope of his or her employment; or
>
> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire."
>
> (17 U.S.C. § 101)

It is undisputed that Mr. Fisher (a) was never an employee of Nirvana, and (b) never signed an agreement with Nirvana, Inc. considering the Happy Face or t-shirt design works made for hire. Therefore, Nirvana, Inc. (or any of its alleged successors-in-right) cannot establish ownership on that basis.

### (2) *Nirvana does not have standing to assert a work-for-hire claim on behalf of Geffen Records, Inc.*

Given the apparent flaws in its theory that the Happy Face was created by Kurt Cobain and owned by Nirvana, Inc. on a work-for-hire basis, Nirvana is now changing course and alleging that, if Mr. Fisher created the Happy Face, it was originally owned by Geffen Records, Inc. ("Geffen") as an employer-for-hire.

However, irrespective of any work-for-hire analysis between Mr. Fisher and Geffen, Nirvana overlooks the fact that it is a third party to that relationship. As such, it does not have standing to assert, on behalf of Geffen, any work-for-hire claims with respect to Mr. Fisher's work, <u>especially</u> when Geffen itself has not. And this is rightfully so:

The judicial history of the work for hire provision in the Copyright Act was intended to settle disputes between a commissioning party, on the one hand, and the employee or independent contractor, on the other. It was not created as a tool for third parties to use against the two potential owners of a copyrighted work. To allow third parties to interfere in that relationship, would be seriously incompatible with the overall purpose of the Copyright Act: to protect the rights of authors. *See generally* 17 U.S.C. § 106; *see also Avtec Sys. Inc. v. Peiffer*, 38 U.S.P.Q.2d 1922, 1925, 1995 WL 541610 (4th Cir.1995) ("Copyright ownership of a work is presumed to vest in its author […] unless <u>that person's employer</u> can establish, the burden being on the employer, that it is a work made for hire.") (emphasis added.)

In addition, the work for hire doctrine is to be treated similarly to Section 204 of the Copyright Act, in that third parties are not allowed to invoke the work-for-hire doctrine to rebut the presumption of individual authorship, when there is no apparent dispute between the employer and the employee themselves. *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1157 (9th Cir. 2010).[11]

---

[11] "Although § 101 is not a statute of frauds section as is § 204, the reasoning of *Imperial Residential Design* is nonetheless applicable. As noted above, § 101 is designed to establish ownership of a work as between a

It is evident from the "acknowledgment" signed by UMG, as Geffen's successor-in-right, that Geffen did not commission the Happy Face from Mr. Fisher,[12] and, even more importantly, that Geffen has never claimed any interest or title in the Happy Face illustration or t-shirt design.[13] (Lee Decl. Ex 12, ECF No. 100-12.)

To now allow Nirvana to assert a work-for-hire-for-Geffen claim regarding the Happy Face illustration and/or t-shirt design, when in all those years since 1991 Geffen has not, would be "unusual and unwarranted."

### (3) *Even if Nirvana had standing to assert a work-for-hire claim on behalf of Geffen, it would not prevail on that claim*

As stated above, the rule in copyright is that the ownership of a work is presumed to vest in the individual author of the work (17 U.S. Code § 201(a)). "Work-for-hire" as a legal fiction forms but a narrow exception to that rule (17 U.S. Code § 201(b)) and the burden of proof that a work was made for hire rests on the employer. *Avtec Sys. Inc. v. Peiffer*, 38 U.S.P.Q.2d 1922, 1925, 1995 WL 541610 (4th Cir.1995).

So, even if Nirvana did have standing to assert this claim on behalf of Geffen, it would have to meet that same burden of proof. It cannot.

For months now, the parties in this action have conducted discovery on the issue of ownership, and Nirvana has been aware of Mr. Fisher's claim that he is the creator of the Happy Face since at least November 27, 2019 (De Bruyn Decl. ¶3 and Ex. 3 thereto.) Yet, there is nothing in the record that supports Nirvana's new theory that the Happy Face was a work made for hire for Geffen, in any way, shape

---

commissioning party or employer on the one hand and the commissioned party or employee on the other. It would be unusual and unwarranted to permit third parties such as the instant defendants to invoke § 101 […] when there is no dispute between the two potential owners"

[12] "In July or August 1991 […] *Nirvana* began using…"

[13] "Geffen acknowledges and agrees that to the best of its knowledge, all copyright and related rights in the Nirvana 'Smiley Face' design and 'Happy Face' t-shirt design depicted and described above are now and at all times have been owned by Nirvana, Inc. or its successor Nirvana, L.L.C."

**FISHER'S OPP. TO NIRVANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**     13

or form. To the contrary:

i) <u>Nirvana cannot even establish that Mr. Fisher was, in fact, an employee at Geffen in 1991 when he created the design:</u>

First, Nirvana would need to establish that Mr. Fisher was, in fact, an employee at Geffen when he created the Happy Face, and not a freelancer. *It does not.* And the absence of any employment contracts, payroll documents or other records that would have been kept in the normal course of Geffen's business, is far more probative on the issue than the unfounded speculations of Mrs. Seibert.[14]

Again, a statement by a declarant that she believes a fact to be true or attests to a fact upon information or belief does not satisfy the requirement that the witness have personal knowledge of the fact. *See, e.g., Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1317 (11th Cir. 2011); *Hlinka v. Bethlehem Steel Corp.*, 863 F.2d 279, 282 (3d Cir. 1988). Similarly, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871 (1994).

ii) <u>The Happy Face t-shirt was commissioned by Nirvana, not by Geffen:</u>

Second, if Mr. Fisher were indeed an employee at the time, Nirvana would also need to establish that the Happy Face t-shirt was actually commissioned by Geffen, and not by Nirvana, as it has always suggested. *It does not.*

In fact, Mr. Novoselic's deposition testimony, given *in tempore non suspecto*, corroborates Mr. Fisher's story that the Happy Face was commissioned by Nirvana, because they needed a "more consumer-friendly merchandise product" that would be acceptable "in retail locations." (Dep. Novoselic, 22:24-23:3 and

---

[14] Although Mrs. Seibert admittedly "does not recall whether [Mr. Fisher] was staff or a freelancer, when [she] joined in 1990," she does claim to be sure that Fisher was an employee in 1991 (Seibert Decl. ¶3, ECF No. 100). Mrs. Seibert, however, does not provide any indication as to what her purported knowledge about Mr. Fisher's employment status in 1991 is based on. As a Creative Director she had no access to, or insight in, Geffen's personnel records, so she clearly lacks the competence to credibly testify thereto.

**FISHER'S OPP. TO NIRVANA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**     14

31:13-14, ECF No. 63-12).

The recent declarations produced by Nirvana, all containing some version of the narrative that the Happy Face t-shirt was commissioned (in part) by Geffen to give away to radio stations, are revisionist history at best, if not flat-out fabrications.[15]

It appears that Nirvana has used, and misused, Mr. Fisher's candor and transparency in the situation (De Bruyn Decl. ¶9-11 and Exs. 6 and 8 thereto), as well as the documents that he produced in discovery, to craft and reconstruct the "facts" in such a way that they directly feed into Nirvana's new theory that the Happy Face must have been a work for hire for Geffen, in case its allegation that Kurt Cobain created the Happy Face does not pan out.

Mrs. Seibert's declarations on the issue are nonsensical. Mrs. Seibert was Geffen's Creative Director at the time, and Mr. Fisher's direct superior. If Geffen had indeed commissioned the Happy Face, Mr. Fisher would have received that assignment from her, not from Mr. Silva.[16] (De Bruyn Decl. ¶ 14 ad Ex. 10, 153:7-12 and 192:5-9.) So, Mrs. Seibert contradicts herself when she now claims to know that "it was graphic art Geffen commissioned" but can assert no further knowledge as to who actually created it, let alone that it was Mr. Fisher. (Seibert Decl. ¶7, ECF No. 100). In addition to being nonsensical, her assertions are also biased[17] and contradictory.[18]

---

[15] It also appears that these declarants received some help in detailing their story. The (re)appearance of similar phrases and expressions throughout the different declarations or lifted verbatim from other sources (e.g. De Bruyn Decl. ¶¶32-33 and Exs. 28 and 29 thereto), suggests that that help went a little beyond simply refreshing their memories.

[16] While Mr. Silva was certainly involved in a number of Geffen meetings about Nirvana, Geffen did not rely on Mr. Silva "to pass along" requests from one Geffen department to another, nor would that have been usual, as Mr. Silva suggests. (Silva Decl. ¶13, ECF No. 100.)

[17] Although Mrs. Seibert does not recall ever talking to Kurt Cobain or Robert Fisher about who drew the illustration, she concludes that either Kurt Cobain drew it by himself or that Robert Fisher drew it based on Kurt's instructions. Mrs. Seibert does not even contemplate the actual scenario that Mr. Fisher drew the Happy Face by himself, with no instructions from anyone.

[18] Mrs. Seibert also claims that "all art commissioned by Geffen was owned

That Geffen had nothing to do with creating or commissioning the Happy Face is illustrated perfectly by UMG's own acknowledgment, as the successor-in-right to Geffen, that to the best of its knowledge the Happy Face illustration and t-shirt design "are now and at all times have been owned by Nirvana, Inc." (Lee Decl. Ex. 12, ECF No. 100-12), which would be very remarkable if they were indeed commissioned and paid for by Geffen, as Nirvana now claims.

Lastly, Nirvana tries to find an argument in the fact that Mr. Fisher reused the Happy Face illustration in a logo-like manner on subsequent promotional materials that he developed for both Geffen and the band. Nirvana is well aware that those subsequent uses are completely irrelevant and do not magically turn the Happy Face into work for hire, if it was not a work for hire to begin with.

iii) <u>Geffen, even if it had an interest in the Happy Face illustration and/or t-shirt design, cannot 'retroactively' assign that interest.</u>

UMG's attempt, brokered by Nirvana's counsel, to now assign to Nirvana, retroactively, to the extent necessary, all right, title and interest in the Happy Face, is very generous. (Lee Decl. ¶5 and Ex. 12 thereto.) However, UMG cannot give away what it does not own, has never owned, and has never even believed it owned.

In addition, the validity of retroactive assignments is questionable. *See e.g. Davis v. Blige*, 505 F.3d 90, 105 (2d Cir. 2007) (holding that retroactive copyright transfers or assignments are invalid because they are contrary to the policies behind the enactment of the Copyright Act).

And repackaging a retroactive assignment as a written confirmation of a prior oral grant also does little to help Nirvana's cause, since UMG's acknowledgment makes clear that <u>no such oral agreement has ever existed.</u> And if

---

by Geffen." (Seibert Decl. ¶4, ECF No. 100.) So, if the art was commissioned by Geffen but made by Kurt Cobain, as Mrs. Seibert suggests, then Geffen would *still* own it, and there would be no reason for Mrs. Seibert to assume that Nirvana owns it, as she does. (Seibert Decl. ¶7, ECF No. 100.)

it had, Nirvana, Inc. would have documented it in a transfer statement in its 166 Registration in 1993. *It did not.*

Finally, Mr. Fisher needs to address, once again, Nirvana's attempts at discrediting both himself and his counsel. This is now the fourth instance in which Nirvana suggests improper conduct on his part and on the part of his counsel.[19] (Mot., 14:16-20, ECF No. 98; Moses Decl. ¶4-5 and Ex. 18 thereto, ECF No. 100.) Evidentiary objections of hearsay and hearsay-within-hearsay aside,[20] these allegations are false, and, while both Mr. Fisher and his counsel have already formally refuted them (De Bruyn Decl. ¶¶14 and 17; Ex. 10, p. 150:14-151:20; Ex. 12, p. 2), Nirvana simply persists.

## IV. CONCLUSION

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the evidence and the inferences therefrom in the light most favorable to the non-moving party, and the moving party bears the initial burden to demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251–52, 256 (1986); Levin v. Knight, 780F.2d 786, 787 (9th Cir. 1986).

Nirvana has not met this burden and, therefore, its motion for partial summary judgment on the issue of copyright ownership should be denied.

---

[19] The other instances being at Mr. Fisher's deposition (De Bruyn Decl. ¶14, Ex. 10, 150:14-151:20), in Nirvana's "cease and desist" letter to Mr. Fisher (De Bruyn Decl. ¶16, Ex. 11) and in Nirvana's opposition to Mr. Fisher's Motion to Intervene (Opp'n Mot. Intervene, 6:10-13, ECF No. 99)

[20] Whether Mr. Deixler "prepared" a letter on March 10, 2020 in which he "memorializes" an alleged conversation that he wasn't even a part of (Moses Decl. ¶5, ECF No. 100.), and whether Ms. Moses had any personal knowledge as to Mr. Deixler "preparing" that letter, becomes even more irrelevant, when it is clear that that letter was never passed onto Mrs. De Bruyn. Mr. Deixler could have easily sent it himself. He did not. And, interestingly, Ms. Moses did not once mention this letter, or repeat these allegations, to Mrs. De Bruyn in any of the later phone calls between counsel, that she actually was a part of.

| | | |
|---|---|---|
| DATED: October 26, 2020 | By: | /s/ Inge De Bruyn |
| | | |
| | | Inge DE BRUYN |
| | | inge.debruyn@modo-law.com |
| | | Attorney for Plaintiff-in-Intervention, |
| | | Robert FISHER |