**KELLEY DRYE & WARREN LLP**
Andrew W. Homer (State Bar No. 259852)
ahomer@kelleydrye.com
Tahir L. Boykins (State Bar No. 323441)
tboykins@kelleydrye.com
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 712-6100
Facsimile: (310) 712-6199

**KELLEY DRYE & WARREN LLP**
Michael J. Zinna (*pro hac vice*)
mzinna@kelleydrye.com
Whitney M. Smith (*pro hac vice*)
wsmith@kelleydrye.com
Kerianne Losier
klosier@kelleydrye.com
Stephanie A. Grob (*pro hac vice*)
sgrob@kelleydrye.com
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants and Counterclaim Plaintiffs*
*Marc Jacobs International, LLC,*
*Saks Incorporated, d/b/a Saks Fifth Avenue, and*
*Neiman Marcus Group Limited, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIRVANA, L.L.C.,<br><br>      Plaintiff,<br><br>  v.<br><br>MARC JACOBS INTERNATIONAL L.L.C., et al.,<br><br>      Defendants. | Case No.: 2:18-cv-10743-JAK-SK<br><br>**DECLARATION OF MICHAEL J. ZINNA IN SUPPORT OF DEFENDANTS AND COUNTERCLAIM PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| MARC JACOBS INTERNATIONAL L.L.C., et al.,<br><br>      Counterclaim Plaintiffs,<br><br>  v.<br><br>NIRVANA, L.L.C.,<br><br>      Counterclaim Defendant. | Honorable John A. Kronstadt<br><br>Hearing Date: April 5, 2021<br>Hearing Time: 8:30 a.m.<br>Courtroom: 10B |

4840-4868-6032v.3

I, Michael J. Zinna, declare as follows:

1. I am an attorney admitted to practice before the courts of the State of New Jersey and this Court, and am a partner at Kelley Drye & Warren, one of the counsel of record for Defendants and Counterclaim Plaintiffs Marc Jacobs International, LLC ("MJI") and Saks Incorporated d/b/a Saks Fifth Avenue ("Saks") (together "Defendants").

2. I submit this declaration (the "Declaration" or "Zinna Declaration") in support of the Defendants Motion for Summary Judgment (the "Motion).

3. I have personal knowledge of the following facts and if called upon as a witness, I could and would competently testify thereto.

4. Pursuant to Local Rule 7-3, Defendants met and conferred with Nirvana, LLC ("Nirvana" or the "Plaintiff") (together with Defendants, the "Parties") on October 28, 2020.

**Deposition Transcripts**

5. Attached as **Exhibit 1** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of David E. Grohl taken September 10, 2019. This deposition was not designated confidential.

6. Attached as **Exhibit 2** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of Krist A. Novoselic taken September 10, 2019. This deposition was not designated confidential.

7. Attached as **Exhibit 3** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of Robert A. Fisher taken August 27, 2020. This deposition was not designated confidential.

8. Attached as **Exhibit 4** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of Allen Draher taken March 5, 2020. This deposition was not designated confidential.

9. Attached as **Exhibit 5** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of Lee Johnson taken March 6, 2020. This deposition was not designated confidential.

10. Attached as **Exhibit 6** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of Live Nation 30(b)(6) witness, by designee Cecil Bryan, taken August 13, 2020. This deposition was not designated confidential.

11. Attached as **Exhibit 7** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of Plaintiff 30(b)(6) witness, by designee John P. Silva, together with Exhibit 5 introduced at the deposition taken August 18, 2020. This deposition was not designated confidential.

12. Attached as **Exhibit 8** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of John P. Silva taken August 19, 2020. This deposition was not designated confidential.

13. Attached as **Exhibit 9** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of Mark Kates taken September 4, 2020. This deposition was not designated confidential.

14. Attached as **Exhibit 10** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of Robin Sloane Seibert taken September 4, 2020. This deposition was not designated confidential.

15. Attached as **Exhibit 11** is a true and correct copy of the relevant excerpts of the final transcript of the deposition of Marc Jacobs taken February 25, 2020. This deposition was designated confidential.

**Expert Declaration and Report & Non-Party Witness Declarations**

16. Attached hereto as **Exhibit 12** is a true and correct copy of the Expert Report of Sarah Butler dated September 8, 2020 produced by Defendants and Counterclaim Plaintiffs in this action.

17. Attached as **Exhibit 13** is a true and correct copy of the Declaration obtained from Rosemary Carroll. The declaration was signed on August 28, 2020.

**Documents Produced By Plaintiff**

18. Attached as **Exhibit 14** are true and correct copies of documents produced by Plaintiff Bates numbered, NIRVANA 001297-1354, which are screenshots of Plaintiff's webpage, Nirvana.com, listing various products for sale bearing the Disputed Smiley, and specifically the t-shirt pictured in the Complaint.

19. Attached as **Exhibit 15** are true and correct copies of documents produced by Plaintiff Bates numbered, NIRVANA 001501-49, which contains advertising for shirts bearing the Disputed Smiley adjacent to the term NIRVANA.

20. Attached as **Exhibit 16** are true and correct copies of documents produced by Plaintiff Bates numbered, NIRVANA 001673-78, which are emails between Robert Fisher and Michael Meisel, Plaintiff's representative.

21. Attached as **Exhibit 17** are true and correct copies of documents produced by Plaintiff, specifically documents Bates numbered, NIRVANA 111046-54, which are marketing materials for a collaboration between Nirvana and Stance for socks in Spring 2020.

**Documents Produced By Defendants and Counterclaim Plaintiffs**

22. Attached as **Exhibit 18** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI- Nirvana 000090-102; 115-17; 122; 475, which are pictures of product designs produced and used by MJI which bear smiley face designs on numerous products.

23. Attached as **Exhibit 19** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 000121, which is an image of a shirt previously produced and used by MJI which bears the word Heaven.

6fc8d68d87223807

24. Attached as **Exhibit 20** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 000226, which are marketing images for the Redux Grunge Collection for digital channels.

25. Attached as **Exhibit 21** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 000360-72, which is the Redux Grunge Collection lookbook.

26. Attached as **Exhibit 22** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI- Nirvana 000414-15, 417-23, 1912-25, 1930-33, 1936-37, 2897-2900, 3179-82, 3186, 408-410, 429-430, 416, 411-13, 425-427, 1926-28, 1934-35, 2889-95, 3176-78, 3183-85, 3186, which are screenshots of publicly available webpages in which a product, which was at one point or is currently for sale, contains a smiley face.

27. Attached as **Exhibit 23** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI- Nirvana 001049-51, which are images from the installation of the Redux Grunge Collection at Dover Street Market Los Angeles, California.

28. Attached as **Exhibit 24** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI- Nirvana 001112-42, which is a sales guide containing the twenty six looks, each item within, and ready to wear additions of the Marc Jacobs Redux Grunge Collection.

29. Attached as **Exhibit 25** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 001290-317, which is a digital lookbook for the Marc Jacobs Redux Grunge Collection.

30. Attached as **Exhibit 26** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 001318-20, 1327-30, which are articles from Women's Wear Daily (WWD) and Vogue regarding the launch of the Marc Jacobs Redux Grunge Collection.

31. Attached as **Exhibit 27** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 001486, 1488, which is a cover of Elle Magazine featuring Lady Gaga in the Marc Jacobs Redux Grunge Collection and correspondence regarding same.

32. Attached as **Exhibit 28** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 000222-23, showing the advertising and marketing channels for the Marc Jacobs Redux Grunge Collection.

33. Attached as **Exhibit 29** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 002901-03, which are images of the shirt that is one of the Accused Products, also pictured in the Complaint, and its hangtag.

34. Attached as **Exhibit 30** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 002923, which is an internal MJI email which discusses the installations of the Redux Grunge Collection at stores:  Dover Street Market Los Angeles, Bergdorf Goodman New York, Saks New York, and Corso Como New York.

35. Attached as **Exhibit 31** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 003007-09, which is the flyer for a mini-clinic at Bergdorf Goodman to educate the store personnel on the history, meaning, and details of the collection.

36. Attached as **Exhibit 32** are true and correct copies of documents produced by MJI, specifically document Bates numbered, MJI-Nirvana 003077-90, which is the Redux Grunge Styling Guide for SSENSE.

37. This paragraph is left intentionally blank.

38. Attached as **Exhibit 34** are true and correct copies of documents produced by SAKS, specifically document Bates numbered, Saks-Nirvana 000058-

59, which are images from the installation of the Redux Grunge Collection at Saks Fifth Avenue.

**Documents Produced By Third Parties Under Subpoena**

39. Attached as **Exhibit 35** are true and correct copies of documents produced by Robert Fisher, specifically document Exhibit numbered, Exhibit A to J, which relate to Mr. Fisher's creation and authorship of the Disputed Smiley and the Registered Work and his communications with Plaintiff regarding such.

**Captures of Publicly Available Websites**

40. Attached hereto as **Exhibit 36** are true and correct copies of printouts from publicly available websites offering for sale clothing and apparel bearing smiley face designs similar or nearly identical to the Disputed Smiley by numerous third parties collected by employees of my firm under my direction and supervision.

41. Attached hereto as **Exhibit 37** are true and correct copies of printouts from publicly available websites offering for sale Nirvana clothing bearing the Disputed Smiley by numerous retailers, including: H&M, Hot Topic, Kohl's, Target, and Walmart, collected by employees of my firm under my direction and supervision..

42. Attached hereto as **Exhibit 38** are true and correct copies of printouts from the publicly available website, Nirvana.com, offering for sale various clothing items bearing the Disputed Smiley, collected by employees of my firm under my direction and supervision..

43. Attached hereto as **Exhibit 39** is true and correct copy of a printout from the publicly available website, Nirvana.com, offering for sale a hoodie sweatshirt bearing the Disputed Smiley for $44.99, collected by employees of my firm under my direction and supervision..

44. Attached hereto as **Exhibit 40** are true and correct copies of printouts from the publicly available website, Stance.com, offering for sale Nirvana socks bearing the Disputed Smiley, for $12.99, collected by employees of my firm under my direction and supervision..

45. Attached hereto as **Exhibit 41** are true and correct copies of a publicly available press release and product page of Stance socks, collected by employees of my firm under my direction and supervision.

46. Attached hereto as **Exhibit 42** are true and correct copy of a printout from the MJI website showing the offering for sale of its Heaven collection.

47. Attached hereto as **Exhibit 43** are true and correct copy of a printout from dictionary.com showing the definition of the term Nirvana.

**Captures of Publicly Available Government Database Records**

48. Attached hereto as **Exhibit 44** is a true and correct copy of the trademark application for the Disputed Smiley, U.S. Ser. App. No. 88/279,690 dated Jan. 28, 2019, obtained from the publicly available Trademark Status & Document Retrieval (TSDR) database of the United States Patent and Trademark Office.

49. Attached hereto as **Exhibit 45** is a true and correct copy of the Notice of Opposition to the registration of U.S. Application Ser. No. 88/279,690 MJI filed with the Trademark Trial and Appeal Board on September 2, 2020.

**Plaintiff's Discovery Responses**

50. Attached as **Exhibit 46** is a true and correct copy of Plaintiff's Responses to Defendants First Requests for Admission (Nos. 1-14), dated July 12, 2019.

51. Attached as **Exhibit 47** is a true and correct copy of Plaintiff's Responses to Defendants First Requests for Production (Nos. 1-6), dated July 12, 2019.

52. Attached as **Exhibit 48** is a true and correct copy of Plaintiff's Responses to Defendants First Set of Interrogatories (Nos. 1-4), dated July 12, 2019.

53. Attached as **Exhibit 49** is a true and correct copy of Plaintiff's Supplemental Responses to Defendants First Requests for Production (Nos. 1-6), dated October 14, 2019.

54. Attached as **Exhibit 50** is a true and correct copy of Plaintiff's Supplemental Responses to Defendants First Set of Interrogatories (Nos. 1, 3), dated November 7, 2019.

55. Attached as **Exhibit 51** is a true and correct copy of Plaintiff's Responses to Defendants' Second Set of Requests for Production of Documents (Nos. 1-140), dated December 23, 2019.

56. Attached as **Exhibit 52** is a true and correct copy of Plaintiff's Responses to Defendants' Second Set of Requests for Admission (Nos. 15-20), dated January 6, 2020.

57. I have overseen the review and production of documents in this matter and have reviewed or overseen the review of all documents produced by Plaintiff Nirvana, LLC ("Nirvana" or "Plaintiff") up until the close of discovery.

58. Documents with Bates numbering beginning with the prefix "Nirvana" were produced by Plaintiff. Documents with Bates numbering beginning with the prefix "MJI-Nirvana" were produced by Defendant and Counterclaim Plaintiff MJI. Documents with Bates numbering beginning with the prefix "Saks-Nirvana" were produced by Defendant and Counterclaim Plaintiff Saks. Documents with Bates numbering beginning with the prefix "Neiman Marcus-Nirvana" were produced by Defendant and Counterclaim Plaintiff Neiman Marcus Group Limited, LLC ("Neiman Marcus").

59.     During discovery, Defendants and Counterclaim Plaintiffs MJI, Saks, and Neiman Marcus requested documents and information relating to the allegations in Plaintiff's Complaint, including:

    i.     Efforts to obtain, secure, and/or maintain registration of the Disputed Smiley in any jurisdiction, including declarations, statements of use, and/or statements of intent to use (e.g. Defs' Req. for Prod. No. 98). I have reviewed or overseen the review of all documents produced by Plaintiff during discovery and, based on my review, found that Plaintiff has produced no evidence of ownership of any trademark comprising or containing the Disputed Smiley registered under United States federal or state law.

    ii.    The creation and ownership of the Registered Work and Disputed Smiley (Defs' Req. for Prod. Nos. 42, 55, 56, 67, 96), including the identity of any persons with first-hand knowledge of same (Defs' Req. for Admission Nos. 15-19). I have reviewed or overseen the review of all documents produced by Plaintiff during discovery and, based on my review, found that Plaintiff has produced no evidence that the Registered Work or Disputed Smiley was created by Kurt Cobain.

    iii.   The registration of the Registered Work at issue, including all documents concerning, attempting, or purporting to change, supplement, correct, amplify and/or augment registrations covering the copyrighted work alleged in the Complaint (Defs' Req. for Prod. Nos. 62-63, 65-66, 80). I have reviewed or overseen the review of all documents produced by Plaintiff during discovery and, based on my review, found that Plaintiff has produced no evidence of any supplemental registration to correct the errors in the '166 Registration by misnaming the author as Nirvana, Inc.

    iv.    Any evidence that the Disputed Mark is inherently distinctive or has acquired distinctiveness, including market study, consumer survey, or

similar analysis (formal or informal) directed at evaluating consumer recognition and/or perception of the Disputed Mark (e.g. Defs' Req. for Prod. Nos. 35-36, 101-103). I have reviewed or overseen the review of all documents produced by Plaintiff during discovery and, based on my review, found that Plaintiff has failed to produce any consumer survey or similar analysis evaluating consumer recognition and/or perception of the Disputed Mark.

    v.       The goods offered in connection with the Disputed Mark, including sales (e.g. Defs' Req. for Prod. Nos. 106-107, 114). I have reviewed or overseen the review of all documents produced by Plaintiff during discovery and, based on my review, found that Plaintiff has produced no competent documentary evidence that Plaintiff was offering socks bearing the Disputed Smiley in the United States at the time MJI entered the market.

    vi.      Any instance in which a Person has, claims to have, or whom You believe has been or may have been confused, mistaken, and/or deceived as to the affiliation, association, or other connection between Plaintiff and Defendants, and/or as to the source or sponsorship of goods or services originating with the Plaintiff or with Defendants, including the confusion alleged in Paragraphs 30, 35, and 39 of the Complaint (e.g. Defs' Req. for Prod. Nos. 37, 121, 122). I have reviewed or overseen the review of all documents produced by Plaintiff during discovery and, based on my review, found that Plaintiff has failed to produce any evidence of consumer confusion.

    vii.     Efforts or actions considered or actually undertaken to enforce rights in any intellectual property allegedly owned by Plaintiff, including the Disputed Smiley (e.g. Defs' Req. for Prod. No. 128). I have reviewed or

overseen the review of all documents produced by Plaintiff during discovery and, based on my review, found that Plaintiff has not produced any documents of efforts to enforce its purported intellectual property as against third party uses Plaintiff's Rule 30(b)(6) witnesses were made aware of during depositions.

    viii.    Use of the Disputed Smiley standing alone, without reference to the term "NIRVANA", in connection with the marketing, advertising, promotion, offering, sale, and/or distribution of any good or service.  I have reviewed or overseen the review of all documents produced by Plaintiff during discovery and, based on my review, found that Plaintiff has not (i) produced any documents nor offered any testimony, sufficient to distinguish sales of goods bearing the Disputed Smiley conjoined with the term "NIRVANA" from sales of products bearing the Disputed Smiley standing alone (if any); (ii) produced any documents evidencing "look for" advertising depicting the Disputed Smiley; or (iii) produced any documentary evidence of the value of a license to use the Disputed Smiley standing alone, divorced from the term NIRVANA, or that the Disputed Smiley is treated as a discrete trademark asset for licensing purposes.

    ix.    Plans, efforts, or actions considered or undertaken by Plaintiff in connection with expanding the use of the Disputed Smiley to goods or services not presently offered in connection with the Disputed Smiley (e.g. Defs' Req. for Prod. No. 119). I have reviewed or overseen the review of all documents produced by Plaintiff during discovery and, based on my review, found that Plaintiff has not produced any evidence of expanding the use of the Disputed Smiley on luxury products, including women's ready-to-wear apparel.

DECLARATION OF MICHAEL J. ZINNA IN SUPPORT OF DEFENDANTS AND COUNTERCLAIM
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
11

1  I declare under penalty of perjury under the laws of the United States that the
2  foregoing is true and correct.

6  DATED: November 2, 2020     By
7          */s/ Michael J. Zinna*
8          Michael J. Zinna

DECLARATION OF MICHAEL J. ZINNA IN SUPPORT OF DEFENDANTS AND COUNTERCLAIM
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

12

4840-4868-6032v.3