1  Mark S. Lee (SBN: 94103)
2  mark.lee@rimonlaw.com
   RIMON, P.C.
3  2029 Century Park East, Suite 400N
4  Los Angeles, CA   90067
   Telephone/Facsimile: 310.561.5776
5
   Kendra L. Orr (SBN: 256729)
6  Kendra.orr@rimonlaw.com
7  RIMON, P.C.
   One Embarcadero Center, Suite 400
8  San Francisco, CA   94111
   Telephone/Facsimile: 415.683.5472
9
10 Attorneys for Plaintiff NIRVANA,
   L.L.C.
11

Bert H. Deixler (SBN 70614)
bdeixler@kbkfirm.com
Sara E. Moses (SBN 291491)
smoses@kbkfirm.com
Patrick J. Somers (SBN 318766)
psomers@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California   90067
Telephone: (310) 556-2700
Facsimile: (310) 556-2705

12          **UNITED STATES DISTRICT COURT**

13     **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14 NIRVANA, L.L.C., a Washington
15 Limited Liability Company,

16          Plaintiffs,

17     v.

18 MARC JACOBS INTERNATIONAL
19 L.L.C., a Delaware Limited Liability
   Company; SAKS INCORPORATED,
20 d/b/a SAKS FIFTH AVENUE, a
   Tennessee Corporation; NEIMAN
21 MARCUS GROUP LIMITED, L.L.C.,
22 a Delaware Limited Liability Company;
   and Does 1 through 10,
23
24          Defendants.
25
26
27
28

Case No.: 2:18-cv-10743-JAK-SK

**PLAINTIFF NIRVANA, L.L.C.'S REPLY TO NON-PARTY ROBERT FISHER'S OPPOSITION TO PLAINTIFF NIRVANA, L.L.C.'s MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**

(Filed concurrently with Evidentiary Objections to Declarations of Inge De Bruyn, Robert Fisher And Robert Ferris in Opposition to Nirvana's Motion, and Exhibits submitted therewith)

Date:     March 22, 2021
Time:   8:30 a.m.
Courtroom: Courtroom 10B

The Honorable John A. Kronstadt

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................... 1

II.    FISHER LACKS STANDING TO OPPOSE NIRVANA'S
MOTION ............................................................................. 1

III.   FISHER'S OPPOSITION ARGUMENTS ARE
SUBSTANTIVELY MERITLESS. ......................................... 1

    A.    Fisher's Arguments About Nirvana's "Seven Circles of Hell"
         T-Shirt Are Irrelevant................................................. 1

    B.    Fisher's Denial that Kurt Cobain Created of the "Happy Face"
         T-Shirt Is Irrelevant................................................. 2

    C.    Fisher's Arguments About the Scope of Nirvana's "Happy Face"
         Copyright Lack Merit............................................... 5

    D.    Fisher's "Work Made for Hire" Arguments Lack Merit. ...... 7

IV.   CONCLUSION ................................................................... 10

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY
JUDGMENT

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACLU of Texas v. Franciscan Alliance*,
No. 17-10135, ECF No. 00514055754 (5th Cir. June 30, 2017) ........................ 1

*Billy–Bob Teeth, Inc. v. Novelty, Inc.*,
329 F.3d 586 (7th Cir. 2003) ................................................................. 9

*Eden Toys, Inc. v. Floralee Undergarment Co., Inc.*,
697 2d 27, 36 (2d Cir.1982) .................................................................. 9

*Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*,
925 F.3d 1140 (9th Cir. 2019) ............................................................... 3

*Gold Value International Textile, Inc. v. Forever 21, Inc.*,
2018 WL 2328202 (C.D. Cal. May 22, 2018).......................................... 6

*Jedson Eng'g, Inc. v. Spirit Const. Svs., Inc.*,
720 F. Supp. 2d 904 (S.D. Oh. 2010).................................................... 3

*Magnuson v. Video Yesteryear*,
85 F. 3d 1424 (9th Cir. 1996) ............................................................... 9

*Nirvana, L.L.C. v. Mark Jacobs International, LLC*,
2019 WL 7817082 (C.D. Call 11/08/2019)............................................ 6

*Rottlund Co. v. Pinnacle Corp.*,
2004 WL 1879983 (D. Minn. 2004)....................................................... 5

*Sony Music Entertainment v. Cox Communications, Inc.*,
426 F. Supp 3d 217 (E. D. Va. 2019)................................................. 5, 8

*United Fabrics Intern., Inc. v. C&J Wear, Inc.*,
630 F.3d 1255 (9th Cir. 2011) ............................................................... 6

*White v. Texas Am. Bank/Galleria*,
958 F.2d 80 (5th Cir. 1992) .................................................................. 1

*Yeager v. Bowlin*,
693 F. 3d 1076 (9th Cir. 2012) ............................................................. 3

**Statutes**

17 U.S.C. §101 ..................................................................................... 6

-ii-

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY
JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Non-party Robert Fisher ("Fisher") has filed proposed opposition papers to Plaintiff Nirvana, L.L.C.'s ("Nirvana's") motion for partial summary judgment. However, Fisher is not a party to this action and Fisher's arguments are irrelevant and/or substantively meritless. Nirvana's motion for partial summary judgment should be granted for the reasons described in its motion and below.

### II.   FISHER LACKS STANDING TO OPPOSE NIRVANA'S MOTION

Although Fisher has belatedly moved to intervene herein, this Court has not granted him leave to do so, and he should not be permitted to intervene for the reasons stated in Nirvana's opposition to Fisher's motion.  (See Dkt. No. 99.) "[U]ntil …[Fisher] receive[s] leave to intervene,…[he is not a party] to the suit and, consequently, ha[s] no standing to be served or to respond to …[Nirvana's ] summary judgment motion."  *White v. Texas Am. Bank/Galleria*, 958 F.2d 80, 83 (5th Cir. 1992). As another court ruled in an analogous setting, "because appellants have not been granted intervention and are not parties to this case, we lack jurisdiction to adjudicate the merits of the[ir] protective appeal..." *ACLU of Texas v. Franciscan Alliance*, No. 17-10135, ECF No. 00514055754, at 4 (5th Cir. June 30, 2017).  This Court should disregard and strike Fisher's opposition for this reason.

### III.   FISHER'S OPPOSITION ARGUMENTS ARE SUBSTANTIVELY MERITLESS.

Fisher's various arguments to oppose Nirvana's motion should be rejected for the following reasons.

#### A.   Fisher's Arguments About Nirvana's "Seven Circles of Hell" T-Shirt Are Irrelevant.

Fisher disputes a factual statement Nirvana has not made to dispute the protectability of a t-shirt design that is not at issue in this case.  Fisher's arguments that Nirvana's "Seven Circles of Hell" t-shirt features a design taken from the public

-1-

1   domain (Opp. 5-6) cannot defeat summary judgment for at least two reasons.

2       First, although Nirvana has, accurately, stated that Kurt Cobain created the

3   "Seven Circles of Hell" t-shirt, it has never claimed that Kurt Cobain created the

4   "Seven Circles of Hell" design that is on the front of that t-shirt.[1] The public domain

5   status of that image is precisely why Kurt Cobain could properly use it on the front

6   of the "Seven Circles of Hell" t-shirt he created. Fisher therefore "disputes" a claim

7   Nirvana has not made.

8       Second, this case is about the copyright protectability of Nirvana's

9   copyrighted "Happy Face" t-shirt, *not* the "Seven Circles of Hell" t-shirt.  The

10  protectability of the "Seven Circles" design has nothing to do with the protectability

11  of the "Smiley Face" design. Fisher's preoccupation with such irrelevant trivia

12  demonstrates that, unable to prevail on the merits, he prefers to talk about something

13  else.

14      **B.    Fisher's Denial that Kurt Cobain Created of the "Happy Face" T-Shirt Is Irrelevant.**

15

16      Fisher's arguments and evidence to dispute Kurt Cobain's creation of the

17  "Happy Face" t-shirt issue herein (Opp. 4-7) are both irrelevant and misunderstand

18  why Nirvana provided evidence to support its belief that Kurt Cobain created that t-

19  shirt design with its motion.

20      First, Fisher's arguments about creation of the "Happy Face" t-shirt are

21  irrelevant because Nirvana's motion acknowledged Fisher's claims and described in

22  detail why they did not affect Nirvana's ownership of the "Happy Face" t-shirt

23  copyright. (See Motion 9-17 and Fisher deposition testimony cited therein as Motion

24  Ex. 15.)  As described at length in Nirvana's motion, Fisher admitted facts in

25

26  _____

27  [1] Fisher mischaracterizes the declarations of Krist Novoselic and John Silva to claim
    otherwise.  (Opp. 5:15-19.) In fact, those declarations do not say what Fisher claims
28  they do. See Motion Novoselic Decl. ¶¶ 5-6 and Motion Silva Decl. ¶ 6.)

-2-

deposition which establish that whatever work he did to create the "Smiley Face" design was done as a "work made for hire" for his employer Geffen.  (Id.)  Fisher's opposition does not even attempt to dispute those admissions, and he could not effectively do so if he tried because under the "sham affidavit" rule, a court may disregard declarations that contradict deposition testimony to oppose summary judgment. *Yeager v. Bowlin*, 693 F. 3d 1076, 1080-81 (9th Cir. 2012).  Under Fisher's admitted version of events, copyright in the "Smiley Face" design was thus initially owned by Geffen, which always acknowledged Nirvana's ownership and recently assigned its rights to Nirvana in writing. (Id. and Motion Ex. 15.)  Fisher's reiteration of a factual dispute Nirvana's motion acknowledges does not support denial of that motion. Literally all of the evidence Fisher submits to claim he created the "Smiley Face" design, including the De Bruyn, Fisher and Perris Declarations and all Exhibits mentioned therein, is irrelevant to Nirvana's motion for this reason.

Second, Fisher misunderstands why Nirvana cited evidence of its belief that Kurt Cobain created the "Happy Face" t-shirt it registered for copyright in 1993. Nirvana's copyright registration is entitled to a presumption of validity as described in Nirvana's motion, and innocent misstatements concerning it do not overcome that presumption of validity as a matter of law. *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1146 (9th Cir. 2019);  *Jedson Eng'g, Inc. v. Spirit Const. Svs., Inc.*, 720 F. Supp. 2d 904, 914 (S.D. Oh. 2010).  Nirvana's witnesses declare the good faith nature of their beliefs concerning the "Happy Face" t-shirt design, and thus support the validity of the copyright registration for that design.

Fisher's opposition argues at length that Nirvana's witnesses are wrong, but he provides no evidence to dispute the good faith nature of their beliefs and the admitted facts that support them. For example, Fisher does not claim to have ever told Nirvana's manager John Silva, or Nirvana attorney Allen Draher, or Nirvana bassist Krist Novoselic, or Kurt Cobain that Fisher created the Smiley Face design, either before the 1993 registration was filed or during the subsequent decades he

admits he knew Nirvana was exploiting the "Happy Face" t-shirt and "Smiley Face" design. To the contrary, he repeatedly admitted in deposition that he: 1) never objected to Nirvana's use, 2) never claimed to Kurt Cobain nor anyone else associated with Nirvana or Geffen that he had any personal copyright interest in the "Smiley Face" design, 3) never claimed any copyright interest in any other graphic art he created during the 12 years he worked at Geffen, 4) never claimed such a personal copyright interest during those twelve years because such work was all commissioned and paid for by Geffen, 5) never told anyone associated with Nirvana that he created the "Smiley Face" design until he sent an email on November 27, 2019, and 6) never claimed to own the copyright in the "Smiley Face" design until 2020. (Motion Ex. 15, pp. 183:13-184:11, 184:16-185:3, 185:12-22, 205:10-207:1, 207:4-8, 216:9-217:9, 218:12-16.) The good faith nature of Nirvana's belief in the accuracy of the 1993 copyright registration is affirmatively supported by these admissions.

Instead, Fisher's opposition simply ignores Fisher's admissions to argue that Kurt Cobain, who died in 1994 and thus is not available to tell us what he believed, "must" have known the statements in the copyright registration were false because Fisher claims he created the "Smiley Face" design. (Opp. 9.) Says who? Based on what? Fisher does not declare that Fisher said anything to Kurt Cobain about who created the "Smiley Face" design. Fisher does not declare that Kurt Cobain said anything to Fisher about who created the "Smiley Face" design. Fisher does not declare that Kurt Cobain said anything to anyone else about who created the "Smiley Face" design. Fisher provides no evidence of any sort about Kurt Cobain's beliefs concerning creation of the "Smiley Face" design. Just as importantly, Fisher provides no evidence that Kurt Cobain even saw or had anything to do with the preparation or filing of the "Happy Face" copyright registration, and thus that he would have any idea about its contents or representations. Absent such evidence, there is no factual dispute to defeat summary judgment. Like evidence-free claims

-4-

of "voter fraud," evidence-free arguments that Nirvana "must have known" the disputed facts Fisher admits he never disclosed to it cannot defeat summary judgment. "A non-movant may not rely simply on conclusory statements …or upon mere allegations or denials" to defeat summary judgment, *Sony Music Entertainment v. Cox Communications, Inc.*, 426 F. Supp 3d 217, 224 (E. D. Va. 2019), yet Fisher's factually unsupported speculations seek to do just that.

Nirvana's "good faith" evidence is, therefore, undisputed, and the undisputed good faith nature of Nirvana's belief that Kurt Cobain created the "Happy Face" t-shirt establishes that any misstatement in the "Happy Face" t-shirt copyright registration concerning "work made for hire" status was innocent. Nirvana's "Happy Face" copyright registration thus remains valid even if its "work made for hire" designation were inaccurate, which Nirvana denies. *Sony,* 426 F. Supp 3d at 224 (misstatement about work made for hire status did not preclude summary judgment because it was innocent)[2]; *Rottlund Co. v. Pinnacle Corp.,*2004 WL 1879983, *13-*14 (D. Minn. 2004) (erroneous work made for hire designation immaterial because it was made without fraudulent intent).

### C. Fisher's Arguments About the Scope of Nirvana's "Happy Face" Copyright Lack Merit.

Fisher's argument that Nirvana's "Happy Face" t-shirt copyright registration does not protect the "Smiley Face" design that is on its front (Opp. 10) lacks merit for several reasons.

First, it is conclusively refuted by the deposit copy of the t-shirt images submitted with the 1993 "Happy Face" copyright registration, which plainly

---

[2] Fisher's attempt to distinguish *Sony* on the ground that that he has submitted "evidence" to dispute the good faith nature of Nirvana's beliefs while the defendants in *Sony* did not is unavailing, because Fisher relies on the same "evidence" the *Sony* court held could not defeat summary judgment as quoted above, 426 F. Supp 3d at 224.

1  includes the "Smiley Face" design on its front. (See Complaint Ex. 1, of which the
2  Court is asked to take judicial notice.) This Court already ruled that said "Smiley
3  Face" design contained protectable expression when it denied Defendants' motion to
4  dismiss Nirvana's complaint, see *Nirvana, L.L.C. v. Mark Jacobs International,*
5  *LLC*, 2019 WL 7817082, *11-12 (C.D. Call 11/08/2019), and Nirvana's copyright
6  registration protects that protectable expression.

7      Second, Fisher's argument misapprehends what a "derivative work" is.  "A
8  'derivative work' is a work based upon one or more preexisting works..." 17 U.S.C.
9  §101(definition of "derivative work"). The "Happy Face" t-shirt combines the
10  "Smiley Face" design with its name "Nirvana" and a signature phrase that
11  symbolizes the "Nirvana" ethos, but Nirvana's name is not a "work," and neither the
12  "Smiley Face" design nor the signature phrase on the back of that t-shirt were "pre-
13  existing works" when the Happy Face t-shirt was created in July 1991, as described
14  in Nirvana's motion. (Motion 3.)  Even Fisher's opposition has not disputed that the
15  "Smiley Face" design was first created to be an element of the "Happy Face" t-shirt,
16  and only later was separated from the t-shirt and used in other works. (Opp. 4:8-14.)
17  Thus, the "Happy Face" t-shirt as a whole was a "new work," not a "derivative
18  work" based on pre-existing works, as a matter of law.

19      Third,  Fisher's argument about "derivative work" status is irrelevant to the
20  validity of Nirvana's "Happy Face" copyright registration because, like references
21  to "work made for hire" status, any such error in the registration was innocent,
22  immaterial, and would not invalidate the copyright registration as described above.
23  See *United Fabrics Intern., Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1259 (9th Cir.
24  2011) (plaintiff's failure to identify a work as derivative did not invalidate the
25  copyright registration because defendant did not show intent to defraud the
26  Copyright Office); *Gold Value International Textile, Inc. v. Forever 21, Inc.*, 2018
27  WL 2328202, *5 (C.D. Cal. May 22, 2018) (same).

28

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY
JUDGMENT

### D.   Fisher's "Work Made for Hire" Arguments Lack Merit.

Fisher's arguments to dispute the "work made for hire" status of the "Happy Face" copyright registration (Opposition 11-17) lack merit for several reasons.

First, Fisher's argument that his alleged creation of the "Smiley Face" design was not a work made for hire for Nirvana (Opp. 11) again disputes an argument Nirvana has not made. Nirvana has never claimed that Fisher created the "Smiley Face" design in the course and scope of his employment by Nirvana. To the contrary, Nirvana argues that the "Happy Face" t-shirt with the "Smiley Face" design on its front was a "work made for hire" because it was created by *Kurt Cobain* in the course and scope of his employment by Nirvana. (Motion 9-11.) Dwelling on such non-existent "disputes" does not support denial of Nirvana's motion.

Second, Fisher's argument that Nirvana does not have "standing" to argue that Fisher's alleged creation was a "work made for hire" first owned by Geffen (Opp. 12) is nonsense. Nirvana's motion argues that it owns the copyright in the "Smiley Face" design through two alternative chains of title: 1) through Nirvana employee Kurt Cobain; and 2) through an assignment from Geffen, which under Fisher's admitted version of events was the initial owner of the "Smiley Face" design on a "work made for hire" basis. As Geffen's assignee, Nirvana of course has "standing" to assert the rights Geffen assigned it.

Third, Fisher's arguments to dispute the Geffen "work made for hire" status of his work all lack merit. (Opp. 13-16.)  Fisher's status as a Geffen employee, which he purports to not be able to recall, was unequivocally declared by his supervisor at that time, Robin Sloane Seibert. (Motion Seibert Decl. ¶¶ 4-7.) Fisher's execution of a written employment agreement, which he also purports to not be able to recall, was declared not only by his supervisor Robin Sloane Seibert, but also supported by fellow Geffen employee Mark Kates and two other witnesses. (Id; Motion Ex. 16, pp. 56:20-58:3, 59:20-60:2 and Employment Agreement

referenced therein; Declarations of Michael Ostroff, ¶¶ 3-7 and Gregory Lapidus, ¶¶ 2-4, filed in support of opposition to motion to intervene, Dkt. No. 99.)[3] Fisher's attempt to attack the credibility of his supervisor Seibert's testimony is just the sort of "opposition" that cannot defeat summary judgment. "A non-movant may not rely simply on … contentions that the affidavits supporting the motion are not credible [to defeat summary judgment]." *Sony*, 426 F. Supp 3d at 224.

Further, Fisher in deposition admitted facts which establish that his alleged creation of the "Smiley Face" design was a "work made for hire' under the three-prong test the Ninth Circuit has held should be used, as described at length in Nirvana's motion as described above. (Motion 11-13 and Motion Ex. 15.) These admissions bind Fisher, his opposition does not dispute them, and he cannot do so through attacks on the credibility of witnesses who unequivocally testify about facts he claims not to be able to recall. *Sony*, 426 F. Supp 3d at 224.

Fourth, Fisher's argument that Nirvana commissioned the "Smiley Face" design (Opp. 14) misunderstands what it means to "commission" a work. Fisher bases this argument on his testimony that Nirvana's manager John Silva, rather than Fisher's supervisor Robin Sloane Seibert, asked Fisher to create the "Happy Face" t-shirt, Opp. 14, even though he admitted in deposition that he couldn't remember who asked him to create the t-shirt and that he only "guesses" and "assumes" Nirvana's management did so. (Motion 13, fn. 7; Motion Ex. 15, pp. 70:23-26, 72:22-74:18.)

---

[3] Nirvana did not submit the Ostroff and Lapidus declarations with this motion because it did not discover those witnesses until after the fact discovery cutoff and it directed this motion to Defendants, who are parties herein. Nirvana did not realize it would need to refute Fisher's obfuscation about signing a written employment agreement until after Fisher was deposed just before that cutoff herein, and it did not locate those declarants until after Fisher's deposition. Since Fisher is not a party to this action and is not entitled to the benefit of the discovery cutoff, Nirvana references those declarants to refute Fisher's opposition to this motion.

-8-

1    "Guesses" are not facts that can defeat summary judgment. However, even if

2    credited, that "guess" does not support the legal conclusion Fisher seeks to impose

3    on it. Silva declared that in 1991 that he regularly communicated with a number of

4    people at Geffen as Nirvana and Geffen prepared for release of Nirvana's

5    'Nevermind' album, and that he often relayed instructions and requests from some

6    Geffen personnel to other Geffen personnel to help carry out that work. (Motion

7    Silva Decl. ¶¶ 12-13.)  "Passing on Geffen's desire for a promotion-appropriate t-

8    shirt would have been fairly typical." (Id.)  Fisher's "guess" that Mr. Silva may have

9    been the messenger does not change the fact that the message was Geffen's, as

10   Geffen has acknowledged through Seibert's testimony and Geffen's

11   acknowledgment.  Fisher's 1991 supervisor at Geffen, Robin Seibert, unequivocally

12   declares that the "Smiley Face" design Fisher claims to have created "was graphic

13   art Geffen commissioned to promote Nirvana and its music[,]" (Motion Seibert

14   Decl. ¶ 7). And Fisher's own testimony support this; he admitted that the "Smiley

15   Face" design created to further Geffen's purposes of promoting release of the

16   "Nevermind" album. (Motion 13-15 and Motion Ex. 15 pp. 52:24-53:14, 168:14-25

17   and Exs. 7, 9, 12, and 13 thereto.)

18       Fifth, Fisher's argument that Geffen could not "retroactively" document the

19   oral understanding by which Geffen and Nirvana had operated for decades ignores

20   the Ninth Circuit and other authority Nirvana's motion cites which holds that Geffen

21   could and did do exactly that. See *Magnuson v. Video Yesteryear*, 85 F. 3d 1424,

22   1428-29 (9th Cir. 1996); *Billy–Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 592-93

23   (7th Cir. 2003) (same);  *Eden Toys, Inc. v. Floralee Undergarment Co., Inc.,* 697 2d

24   27, 36 (2d Cir.1982)(same), cited at Motion 16-17. Fisher's opposition brief does

25   not even attempt to address this authority, implicitly acknowledging it has merit.

26       Fisher's admissions and UMG's Acknowledgment thus establish that even if

27   Fisher's "Smiley Face" creation claim is credited, Nirvana's "Happy Face"

28   copyright registration is valid and Nirvana owns the copyright in that registration as

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY
JUDGMENT

1    a matter of law. Nirvana should be granted partial summary judgment that it owns

2    the copyright in the "Happy Face" t-shirt design, which includes the "Smiley Face"

3    design, for these reasons.

4    **IV.    CONCLUSION**

5          Fisher's opposition should all be disregarded, Fisher's arguments should be

6    rejected, and Nirvana's motion for partial summary judgment should be granted for

7    all the reasons stated in Nirvana's motion and above.

8

9    DATED: November 9, 2020           Respectfully submitted,

10                                     RIMON, P.C.
                                       KENDALL BRILL & KELLY LLP
11

12

13                                     By: /s/ Mark S. Lee
                                           Mark S. Lee (SBN: 94103)
14                                         mark.lee@rimonlaw.com
                                           RIMON, P.C.
15                                         2029 Century Park East, Suite 400N
16                                         Los Angeles, CA   90067
                                           Telephone/Facsimile: 310.375.3811
17

18                                         Bert H. Deixler (SBN 70614)
                                           bdeixler@kbkfirm.com
19                                         Sara E. Moses (SBN 291491)
                                           smoses@kbkfirm.com
20                                         Patrick J. Somers (SBN 318766)
21                                         psomers@kbkfirm.com
                                           KENDALL BRILL & KELLY LLP
22                                         10100 Santa Monica Boulevard, Suite 1725
23                                         Los Angeles, California   90067
                                           Telephone: (310) 556-2700
24                                         Facsimile: (310) 556-2705
25
                                           Attorneys for *Plaintiffs*
26                                         NIRVANA, L.L.C.
27

28

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY
JUDGMENT