Mark S. Lee (SBN: 94103)
mark.lee@rimonlaw.com
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone/Facsimile: 310.561.5776

Kendra L. Orr (SBN: 256729)
Kendra.orr@rimonlaw.com
RIMON, P.C.
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone/Facsimile: 415.683.5472

Bert H. Deixler (SBN 70614)
bdeixler@kbkfirm.com
Sarah E. Moses (SBN 291491)
smoses@kbkfirm.com
Patrick J. Somers (SBN 318766)
psomers@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067
Telephone: (310) 556-2700
Facsimile: (310) 556-2705

Attorneys for Plaintiff NIRVANA, L.L.C.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIRVANA, L.L.C., a Washington Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>MARC JACOBS INTERNATIONAL L.L.C., a Delaware Limited Liability Company; SAKS INCORPORATED, d/b/a SAKS FIFTH AVENUE, a Tennessee Corporation; NEIMAN MARCUS GROUP LIMITED, L.L.C., a Delaware Limited Liability Company; and Does 1 through 10,<br><br>Defendants. | Case No.: 2:18-cv-10743-JAK-SK<br><br>**NIRVANA L.L.C.'S OBJECTIONS TO EVIDENCE SUBMITTED BY ROBERT FISHER IN SUPPORT OF HIS OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: March 22, 2021<br>Time: 8:30 a.m.<br>Courtroom: 10B<br><br>The Honorable John A. Kronstadt |

# EVIDENTIARY OBJECTIONS

Nirvana, L.L.C. hereby objects to and moves to strike portions of the following declarations and related exhibits on the following grounds:

| Declaration of Inga De Bruyn (Dkt. No. 117) | Objection | Ruling |
|---|---|---|
| Start of the Declaration of Inga De Bruyn<br><br>I, Inge De Bruyn, declare as follows:<br><br>I am a lawyer admitted before the courts of the State of California and this Court and counsel of record for Robert Fisher ("Mr. Fisher"). I have personal knowledge of the following facts except where otherwise indicated, and if called upon as a witness, I could and would competently testify thereto.<br><br>[1. On November 27, 2019 Mr. Fisher received an email from Mike Wilkinson, alerting him to the litigation between Plaintiff Nirvana, L.L.C. ("Nirvana") and Defendants.] Attached as **Exhibit 2** is a true and correct copy of that email as well as Mr. Fisher's email reply. Both emails were authenticated through deposition. | 1. Fed. R. Evid. 801-802: Hearsay. Ms. De Bruyn impermissibly offers a declaration concerning Robert Fisher's out of court statement to prove the truth of the matters asserted, i.e., that he was the creator of the Happy Face.<br><br>Fed. R. Evid. 602: Lacks Personal Knowledge. Witnesses are prohibited from testifying as to matters that they lack personal knowledge of. Fed. R. Civ. P. 56(e); s*ee also*, *FDIC v. New Hampshire* | |

| Declaration of Inga De Bruyn (Dkt. No. 117) | Objection | Ruling |
|---|---|---|
| [2. Upon receipt of that email, Mr. Fisher immediately reached out to Michael Meisel, one of the managers of Nirvana, and made himself known as the creator of the Happy Face. Attached as **Exhibit 3** is a true and correct copy of all email correspondence between Mr. Fisher and Mr. Meisel on the matter. These emails were also authenticated through deposition.] | *Ins. Co.*, 953 F.2d 478 (9th Cir. 1991). Ms. De Bruyn does not have personal knowledge of emails between two other people that she was not part of and, therefore, lacks foundation to make this declaration.<br><br>2. Fed. R. Evid. 801-802: Hearsay. Ms. De Bruyn impermissibly offers a declaration concerning Robert Fisher's out of court statement to prove the truth of the matters asserted, i.e., that he was the creator of the Happy Face.<br><br>Fed. R. Evid. 602: Lacks Personal Knowledge. Witnesses are prohibited from testifying as to matters that they lack personal knowledge of. Fed. R. Civ. P. 56(e); s*ee also*, *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478 (9th Cir. 1991). Ms. De Bruyn does not have personal knowledge of emails between two other people that she was not part of and, therefore, lacks foundation to make this declaration. | |
| [3. On or around January 8, 2020, Mr. Fisher had a phone conversation | 3. Fed. R. Evid. 801-802: Hearsay. Ms. De Bruyn | |

| Declaration of Inga De Bruyn (Dkt. No. 117) | Objection | Ruling |
|---|---|---|
| with Mr. Deixler and Mr. Lee, both counsel of record for Nirvana.] | impermissibly offers a declaration concerning Robert Fisher's out of court statements to prove the truth of the matters asserted, i.e., Fisher had a phone conversation with counsel of record for Nirvana.<br><br>Fed. R. Evid.602: Lack of Personal Knowledge. Witnesses are prohibited from testifying as to matters that they lack personal knowledge of.  Fed. R. Civ. P. 56(e); see also, *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478 (9th Cir. 1991).  Ms. De Bruyn does not have personal knowledge of a conversation between two other people when she was not present and, therefore, lacks foundation to make this declaration. | |
| On February 19, 2020, Mr. Fisher was subpoenaed by Defendants to give testimony on March 10, 2020 and to produce certain documents.<br><br>[4.On or around March 2, 2020, Mr. Fisher received a phone call from Mr. Meisel, who, on behalf of Nirvana, offered to pay for the services of attorney Robert Horn to assist him at his deposition. | 4. Fed. R. Evid. 801-802: Hearsay.  Ms. De Bruyn impermissibly offers a declaration concerning Robert Fisher's out of court statements to prove the truth of the matters asserted, i.e., Mr. Meisel told Fisher that he | |


| Declaration of Inga De Bruyn (Dkt. No. 117) | Objection | Ruling |
|---|---|---|
| Between March 2, 2020 and March 5, 2020, I had several phone conversations with Mr. Horn to explore the possibility of engaging him. Due to apparent conflicts of interest, Mr. Fisher decided not to retain Mr. Horn. I informed Mr. Horn of that decision on March 5, 2020 and Mr. Horn memorialized our conversation in an email shortly after. Attached hereto as **Exhibit 5** is a true and correct copy of Mr. Horn's email.] | would pay for the services of Robert Horn to assist him with his deposition.<br><br>Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403. Probative Value Outweighed. Evidence that Fisher received a call from Mr. Meisel regarding Robert Horn is not relevant to whether Nirvana is entitled to summary judgment in this case. Nirvana's motion is regarding whether Nirvana owns a valid copyright in the "Happy Face" t-shirt design that is shown in Exhibit 1 to Nirvana's complaint. This declaration does not relate to the depiction of the Happy Face T-Shirt Design. And any probative value is substantially outweighed by the possibility of unfair prejudice and confusion.<br><br>Fed. R. Evid.602: Lack of Personal Knowledge: Witnesses are prohibited from testifying as to matters that they lack personal knowledge of. Fed. R. Civ. P. 56(e); s*ee also*, *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478 (9th Cir. 1991)<br><br>Additionally, Fisher does not cite to this Exhibit in his | |

| Declaration of Inga De Bruyn (Dkt. No. 117) | Objection | Ruling |
|---|---|---|
| | Opposition and, therefore, is not relevant to his argument. | |
| On March 12, 2020, I produced to Defendants' counsel, on behalf of Mr. Fisher, all documents pursuant to the subpoena. Because of COVID-related circumstances, Mr. Fisher's deposition was rescheduled several times. It finally took place on August 27, 2020.<br><br>Between March 4, 2020 and April 28, 2020, I had several phone conversations with Sarah Moses, one of the counsel of record for Nirvana, about the issue of authorship and ownership of the Happy Face, in which I clearly outlined Mr. Fisher's views. On April 24, 2020, I sent Ms. Moses an email requesting her to advise me regarding Nirvana's legal position on the issue.  Attached hereto as **Exhibit 6** is a true and correct copy of my email to Ms. Moses.<br><br>On April 28, 2020, Ms. Moses informed me in a phone call that Nirvana was maintaining its position and that it did not recognize Mr. Fisher's authorship and/or ownership.<br><br>On August 11, 2020, I informed Ms. Moses and Nirvana's other counsel of record, of Mr. Fisher's intention to intervene in the litigation and extended a request to meet and confer about his Motion to Intervene pursuant | | |

| | Declaration of Inga De Bruyn (Dkt. No. 117) | Objection | Ruling |
|---|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | to Local Rule 7-3. I included (a) Mr. Fisher's declaration in support of the Motion, (b) drafts of the Notice of the Motion and Motion, the Memorandum of Points and Authorities in support of the Motion, and the Proposed Complaint-in Intervention, as well as (c) a letter terminating Nirvana's license to use the Happy Face, effective January 1, 2021. A true and correct copy of my email is attached as **Exhibit 7** hereto and a true and correct copy of the termination letter is attached as **Exhibit 8** hereto.<br><br>On August 17, 2020, I met and conferred about Mr. Fisher's Motion to intervene with Michael Zinna, counsel of record for Defendants.<br><br>On August 20, 2020, Ms. Moses and I spoke briefly on the phone about the logistics of Mr. Fisher's upcoming deposition, at that point scheduled for August 27, 2020. When I requested if we could meet and confer about Mr. Fisher's Motion to Intervene, she responded that she believed that she didn't have to. I memorialized our conversation in an email. [4. A true copy of that email, as well as the back-and-forth that ensued, is attached as **Exhibit 9** hereto.] | 4. Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403. Probative Value Outweighed. Ms. De Bruyn did not cite to this Exhibit or paragraph, and it is, therefore, not relevant or | |

| Declaration of Inga De Bruyn (Dkt. No. 117) | Objection | Ruling |
|---|---|---|
| | useful in deciding whether Nirvana is entitled to summary judgment. | |
| Mr. Fisher's deposition took place on August 27, 2020. I remotely appeared at this deposition. True and correct copies of those portions of his deposition, that are referenced in Mr. Fisher's reply to Nirvana's Opposition to his Motion to Intervene are attached hereto as **Exhibit 10**. | | |
| I was finally able to meet and confer with Ms. Moses about Mr. Fisher's Motion to Intervene the day after, on August 28, 2020. | | |
| On September 1, 2020, I received an email from Mark Lee, another one of Nirvana's counsel of record, containing a "Cease and Desist Letter" dated August 28, 2020. Attached hereto as **Exhibit 11** is a true and correct copy of both that email and letter. | | |
| On September 13, 2020, I responded, on behalf of Mr. Fisher, to Nirvana's "Cease and Desist Letter." Attached hereto as **Exhibit 12** is a true and correct copy of my email and letter to Nirvana's counsel. That same day, I also filed Mr. Fisher's Motion to Intervene with this Court. | | |
| [5. I personally own a copy of a Dante's literary work "The Divine | 5.Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403. | |

| | Declaration of Inga De Bruyn (Dkt. No. 117) | Objection | Ruling |
|---|---|---|---|
| | Comedy, Volume 1: Inferno" as translated by Mark Musa and first published in 1971, containing diagrams and maps drawn by C.W. Scott-Giles. Attached hereto as **Exhibit 13** are true and correct copies of the book cover and 3 pages in that book.<br><br>I also personally own a copy of Dante's literary work "The Divine Comedy, Volume 1: Hell" as translated by Dorothy L. Sayers and first published in 1949, equally containing maps and diagrams drawn by C.W. Scott-Giles. Attached hereto as **Exhibit 14** are true and correct copies of the book cover and 4 pages in that book.]<br><br>On October 10, 2020, I consulted the Public Catalog of the U.S. Copyright Office, available online at https://cocatalog.loc.gov/, and did a search by name for copyright registrations claimed by Nirvana, LLC. Attached hereto as **Exhibit 15** is a true and correct copy of the returned search results.<br><br>[6. Listed in those search results was a copyright registration by Nirvana, LLC titled "In Utero Angel." A true and correct copy of that registration as I found it in the database is attached hereto as **Exhibit 16**. | Probative Value Outweighed. Evidence of other works and other album covers does not have any tendency to show whether Nirvana is entitled to summary judgment in this case. Nirvana's motion is regarding whether Nirvana owns a valid copyright in the "Happy Face" t-shirt design that is shown in Exhibit 1 to Nirvana's complaint. This declaration does not relate to the depiction of the Happy Face T-Shirt Design. Evidence regarding other works is not relevant to this issue and any probative value is greatly outweighed by the danger of prejudice and confusion of the issues.<br><br><br><br>6. Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403. Probative Value Outweighed. Evidence of other works and other album covers does not have any tendency to show | |

| Declaration of Inga De Bruyn (Dkt. No. 117) | Objection | Ruling |
|---|---|---|
| While searching the U.S. Copyright Office's public online database that day, I also came across a copyright registration by Geffen Records, Inc. titled "In Utero." A true and correct copy of that registration as I found it in the database is attached hereto as **Exhibit 17**.<br><br>On October 16, 2020, I searched the U.S. Copyright Office's public online database (https://cocatalog.loc.gov/) again and reviewed a copyright registration filed on November 29, 2019 by Michael Lavine for a work titled "Invisible Man," which according to the registration "was used on the 7" single release of the song SLIVER by recording artist NIRVANA for Sub Pop Records." Attached hereto as **Exhibit 18** is a true and correct copy of that registration as I found it in the database.<br><br>I personally own a copy of the SLIVER 7" single by Nirvana, as released on Sub Pop. Attached hereto as **Exhibit 19** is a true and correct copy of the front and back of the outersleeve of that vinyl 7" single.<br><br>I also personally own a copy of the album "Bleach" by Nirvana, as released on Sub Pop in 1989. Attached hereto as **Exhibit 20** is a true and correct copy of the front and back of the sleeve of that album, as well as of | whether Nirvana is entitled to summary judgment in this case. Nirvana's motion is regarding whether Nirvana owns a valid copyright in the "Happy Face" t-shirt design that is shown in Exhibit 1 to Nirvana's complaint. This declaration does not relate to the depiction of the Happy Face T-Shirt Design. Evidence regarding other works is not relevant to this issue and any probative value is greatly outweighed by the danger of prejudice and confusion of the issues. | |

| | **Declaration of Inga De Bruyn (Dkt. No. 117)** | **Objection** | **Ruling** |
|---|---|---|---|
| 1 | | | |
| 2 | the vinyl label (including blow-ups of the credits on the back of the sleeve and of the vinyl label). | | |
| 3 | | | |
| 4 | | | |
| 5 | In addition, I also personally own a copy of the EP "Blew" by Nirvana, as released on Tupelo via Sub Pop in 1989. Attached hereto as **Exhibit 21** is a true and correct copy of the front and back of the sleeve of that album (including blow-ups of the credits on the back of the sleeve). | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | Further, I personally own a copy of the album "Nevermind" by Nirvana, as released on Geffen Records' DGC imprint in 1991. Attached hereto as **Exhibit 22** is a true and correct copy of the front and back of the outer-sleeve of that album, as well as of the front of the inner-sleeve, including a blow-up of the credits on the inner-sleeve. | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | And lastly, I personally own a copy of the album "In Utero" by Nirvana, as released on Geffen Records' DGC imprint in 1993. Attached hereto as **Exhibit 23** is a true and correct copy of the album sleeve and the front of the inner sleeve, including a blow-up of the credits on the inner-sleeve. | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | On October 16, 2020, I also revisited the extensive Nirvana Discography on Wikipedia at https://en.wikipedia.org/wiki/Nirvana_discography. A true and correct copy | | |
| 27 | | | |
| 28 | | | |

| | **Declaration of Inga De Bruyn (Dkt. No. 117)** | **Objection** | **Ruling** |
|---|---|---|---|
| 1 | | | |
| 2 | of the discography as I found it on Wikipedia is attached hereto as **Exhibit 24**. | | |
| 3 | | | |
| 4 | | | |
| 5 | On October 17, 2020, I also looked up the single "Love Buzz" by Nirvana on Discogs, a comprehensive online database of audio recordings and marketplace, at https://www.discogs.com/Nirvana-Love-Buzz-bw-Big-Cheese/release/392900#_=_. A true and correct copy of the entry for "Love Buzz" as I found it on Discogs is attached hereto as **Exhibit 25**. | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | On October 17, 2020 I also consulted Nirvana's merchandise store at https://shop.nirvana.com/collections/apparel, where I looked at a t-shirt titled "In Utero Tee." A true and correct copy of that page as I found it on Nirvana's website is attached hereto as **Exhibit 26**. On that same day and on the same website, I also looked at a t-shirt titled "Sliver Tee." A true and correct copy of that page as I found it on that website is attached hereto as **Exhibit 27**. | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | On October 19, 2020 I viewed an article on a blog by Fred Seibert at https://fredseibert.com/search/robin. Attached hereto as **Exhibit 28** is a true and correct copy of the page as I found it on that website. | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| | Declaration of Inga De Bruyn (Dkt. No. 117) | Objection | Ruling |
|---|---|---|---|
| 1 | | | |
| 2-13 | I personally own a digital copy of the book "I Want My MTV" by Rob Tannenbaum and Craig Marks. Attached hereto as **Exhibit 29** is a true and correct copy of the cover and 4 pages from that book (digital location 9152-9158). I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.]  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  End of Declaration of Inga De Bruyn | | |

| | Declaration of Robert Fisher (Dkt. 117) | Objection | Ruling |
|---|---|---|---|
| 18-28 | Start of the Declaration of Robert Fisher  I, Robert Fisher, declare and state:  I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.  [1. On or about October 23, 2020, I did another sweep of my garage and computer in hopes of | 1. Fed. R. Evid. 801-802: Hearsay. Mr. Fisher seeks to use his own declarations | |

| Declaration of Robert Fisher (Dkt. 117) | Objection | Ruling |
|---|---|---|
| locating additional documents to corroborate my claim that I am the creator of the Happy Face drawing that has been used by Nirvana on band t-shirts and other merchandise. In doing so, I found two mailers that I created and that my wife sent out to prospective clients to promote our graphic design business Flying Fish Studio. They present projects and designs that I worked on over the 12 years. One is a physical leaflet created and sent out in 2002. A true and correct copy of that leaflet is attached hereto as **Exhibit 31.** The other one is a digital brochure created and sent out in 2007. A true and correct copy of that leaflet is 15 attached hereto as Exhibit 32.]<br><br>I declare under penalty of perjury that the foregoing is true and correct. Executed on October 26, 2020, in Woodland Hills, California.<br><br>End of the Declaration of Robert Fisher | made to third-parties as evidence that he created the Happy Face T-shirt Design here. This constitutes an out of court statement offered to prove the truth of the matters asserted, i.e. that Fisher created the design.<br><br>Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403. Probative Value Outweighed. Evidence regarding statements Fisher made to others about projects he claims to have worked on is hardly evidence that Nirvana does not own the copyright in question. Moreover, any probative value in hearing that evidence any probative value is greatly outweighed by the danger of prejudice and confusion of the issues. | |

| Declaration of Robert Fisher (Dkt. 117) | Objection | Ruling |
|---|---|---|
| | | |

| Declaration of Rodger Ferris (Dkt. No. 117) | Objection | Ruling |
|---|---|---|
| Start of the Declaration of Rodger Ferris:<br><br>I, Rodger Ferris, declare:<br><br>I have personal knowledge of the following facts and, if called upon to testify, I could competently do so.<br><br>[1. "In late 1991, I was asked by Robert Fisher to illustrate a flyer that he was putting together to promote the appearance of Nirvana on the tv-show Saturday Night Live, which was to take place in January of 1992. A true and correct copy of that flyer is attached hereto as Exhibit 4.<br><br>I completed the illustration working after hours in Robert's office at Geffen, and illustrated, among other things, a young woman wearing a black t-shirt with a yellow smiley face. My reference for that was a xerox copy of the smiley face drawing that Robert had up on his office wall.] | 1. Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403. Probative Value Outweighed. Evidence of work Fisher hired Mr. Ferris to do on an unrelated matter does not have any tendency to show whether Nirvana is entitled to summary judgment in this case. Nirvana's motion is regarding whether Nirvana owns a valid copyright in the "Happy Face" t-shirt design that is shown in Exhibit 1 to Nirvana's complaint. | |

| Declaration of Rodger Ferris (Dkt. No. 117) | Objection | Ruling |
|---|---|---|
| [2. Although I did not see Robert draw that smiley face, I always understood that it was his design.]<br><br>I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 26, 2020, in Anaheim Hills, California.<br><br>End of the Declaration of Rodger Ferris: | 2. Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403. Probative Value Outweighed.  What Mr. Ferris believed to be true has no bearing on whether Nirvana owned the copyright. | |

DATED: November 9, 2020

Respectfully submitted,

RIMON, P.C.
KENDALL BRILL & KELLY LLP


By: */s/ Mark S. Lee*
    Mark S. Lee (SBN: 94103)
    mark.lee@rimonlaw.com
    RIMON, P.C.
    2029 Century Park East, Suite 400N
    Los Angeles, CA   90067
    Telephone/Facsimile: 310.375.3811

    Bert H. Deixler (SBN 70614)
    bdeixler@kbkfirm.com
    Sara E. Moses (SBN 291491)
    smoses@kbkfirm.com
    Patrick J. Somers (SBN 318766)
    psomers@kbkfirm.com
    KENDALL BRILL & KELLY LLP
    10100 Santa Monica Boulevard, Suite 1725
    Los Angeles, California   90067
    Telephone: (310) 556-2700
    Facsimile: (310) 556-2705

Attorneys for *Plaintiffs*
NIRVANA, L.L.C.