**KELLEY DRYE & WARREN LLP**
Andrew W. Homer (State Bar No. 259852)
ahomer@kelleydrye.com
Tahir L. Boykins (State Bar No. 323441)
tboykins@kelleydrye.com
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 712-6100
Facsimile: (310) 712-6199

**KELLEY DRYE & WARREN LLP**
Michael J. Zinna (*pro hac vice*)
mzinna@kelleydrye.com
Whitney M. Smith (*pro hac vice*)
wsmith@kelleydrye.com
Kerianne Losier (*pro hac vice*)
klosier@kelleydrye.com
Stephanie A. Grob (*pro hac vice*)
sgrob@kelleydrye.com
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants and Counterclaim Plaintiffs*
*Marc Jacobs International, LLC,*
*Saks Incorporated, d/b/a Saks Fifth Avenue, and*
*Neiman Marcus Group Limited, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NIRVANA, L.L.C.,

Plaintiff,

v.

MARC JACOBS INTERNATIONAL L.L.C., et al.,

Defendants.

MARC JACOBS INTERNATIONAL L.L.C., et al.,

Counterclaim Plaintiffs,

v.

NIRVANA, L.L.C.,

Counterclaim Defendant.

Case No.: 2:18-cv-10743-JAK-SK

**DEFENDANTS' OPPOSITION TO PLAINTIFF-IN-INTERVENTION'S [PROPOSED] MOTION FOR PARTIAL SUMMARY JUDGMENT**

Honorable John A. Kronstadt

Hearing Date: March 8, 2021
Time: 8:30 a.m.
Courtroom: 10B

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................1

SUMMARY OF RELEVANT FACTS ......................................................2

LEGAL STANDARD ..............................................................................4

ARGUMENT ...........................................................................................5

I. MR. FISHER HAS NO STANDING TO ASK THE COURT TO CONSIDERTHE COPYRIGHTABILITY OF THE DISPUTED T-SHIRT DESIGN AS A WHOLE. ..........................................................5

II. THE DISPUTED SMILEY IS NOT COPYRIGHTABLE AS A MATTER OF LAW ..........................................................................5

CONCLUSION .......................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arshakyab v. X17, Inc.*,
CV 16-04305 TJH, 2019 WL 10097455 (C.D. Cal., June 21, 2019)....................4

*Bleistein v. Donaldson Lithographing Co.*,
188 U.S. 239 (1903)..............................................................................7

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)..............................................................................4, 8

*Davis v. Walt Disney Co.*,
393 F. Supp. 2d 839 (D. Minn. 2005)........................................................9

*Delquin Plastics USA, Inc. v. Larach*,
CV 16-05518 TJH, 2019 WL 7166986 (C.D. Cal., Nov. 4, 2019) ..................4, 8

*Direct Techs., Ltd. Liab. Co. v. Elec. Arts, Inc.*,
836 F.3d 1059 (9th Cir. 2016) ..................................................................7, 10

*Ets-Hokin v. Skyy Spirits, Inc.*,
225 F.3d 1068 (9th Cir. 2000) ..................................................................6, 7

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340 (1991)..............................................................................5, 6

*Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, Ltd. Liab. Co.*,
925 F.3d 1140 (9th Cir. 2019) ..................................................................5

*Kikker 5150 v. Kikker 5150 United States*,
LLC, No. C 03-05515 SI, 2004 U.S. Dist. LEXIS 16859 (N.D. Cal. Aug. 13, 2004) ..........................................................................................7

*Kim Seng Co. v. J&A Imps., Inc.*,
810 F. Supp. 2d 1046 (C.D. Cal. 2011) ......................................................6, 8

*Lamps Plus, Inv. v. Seattle Lighting Fixture Co.*,
345 F.3d 1140 (9th Cir. 2003) ..................................................................7

*Morris v. Guetta*,
No. LA CV12-00684 ....................................................................................4

*N. Coast Indus. v. Jason Maxwell, Inc.*,
972 F.2d 1031 (9th Cir. 1992) ...................................................................6, 8, 10

*Reed Elsevier, Inc. v. Muchnick*,
599 U.S. 154 (2010)...................................................................................5

*Rosenfeld v. Twentieth Century Fox Film*,
No. 07-CV-7040, 2009 WL 212958 (C.D. Cal. Jan. 28, 2009)............................6

*Satava v. Lowry*,
323 F.3d 805 (9th Cir. 2003) .....................................................................6, 9, 10

*Scott v. Harris*,
550 U.S. 372, 127 S. Ct. 1769 (2007)..........................................................5

*Signo Trading Int'l Ltd. v. Gordon*,
535 F. Supp. 362 (N.D. Cal. 1981)..............................................................7

*Stern v. Does*,
978 F. Supp. 2d 1031 (C.D. Cal. 2011) .......................................................7

*VMG Salsoul, LLC v. Ciccone*,
2013 U.S. Dist. LEXIS 184127 (C.D. Cal. November 18, 2013) ....................7, 8

*Ward v. Barnes & Noble, Inc.*,
93 F. Supp. 3d 193 (S.D.N.Y. 2015) ...........................................................9

*Williams v. Bridgeport Music, Inc.*,
No. LA CV13-06004 ....................................................................................8

**Statutes**

17 U.S.C. § 102..........................................................................................1, 6

17 U.S.C. §§ 408(a), 411(a)..........................................................................5

17 U.S.C. § 410(c) .......................................................................................6

**Other Authorities**

37 CFR § 202.1 ...........................................................................................9

Court. *Second*..............................................................................................1

Fed. R. Civ. P. 56(a)....................................................................................4

Defendants and Counterclaim Plaintiffs[1] Marc Jacobs International, LLC ("MJI") and Saks Incorporated, d/b/a Saks Fifth Avenue ("Saks") (MJI and Saks together "Defendants") respectfully submit this Memorandum in Opposition to Robert Fisher's [Proposed] Motion for Partial Summary Judgment (the "Motion").

## PRELIMINARY STATEMENT

This litigation and this Motion center around a simple line drawing that depicts a trivial variation of a ubiquitous smiley face symbol (the "Disputed Smiley"), and a t-shirt design incorporating this smiley face as one of its elements the "Disputed T-Shirt Design"). In the instant Motion, proposed Plaintiff-in-Intervention Mr. Robert Fisher seeks, *inter alia*,[2] summary judgment as to the copyrightability of two things: (1) the Disputed Smiley alone and (2) the entire Disputed T-Shirt Design that incorporates the Disputed Smiley.

The copyrightability portion of Mr. Fisher's Motion should be denied on multiple grounds. *First*, Mr. Fisher does not purport to own, and in fact does not own, a copyright registration for the Disputed T-Shirt Design as a whole. A copyright registration is a necessary precondition for a copyright claim. Therefore, Mr. Fisher has no basis to ask this Court to rule on the copyrightability of the Disputed T-Shirt Design as a whole and he cannot properly put that issue before the Court. *Second*, although Mr. Fisher does own a copyright registration for the

[1] On May 7, 2020, Neiman Marcus Group LTD LLC ("NMG") and its debtor affiliates filed petitions for chapter 11 bankruptcy, which initiated cases captioned In re Neiman Marcus Group LTD LLC, et al., Case No. 20-32519 (DRJ) (Bankr. S.D. Tex.). Nirvana LLC was scheduled on the Reorganized Debtors' Schedules as a contingent and unliquidated claim. Nirvana LLC did not file a proof of claim. Thus, Nirvana LLC's claims against NMG were expunged as of Sept. 25, 2020, and Nirvana LLC is barred from asserting its claim against those entities.

[2] Mr. Fisher's present motion seeks summary judgment on five separate issues. Defendants only oppose the motion on the first issue: whether, as a matter of law, the Disputed Smiley or Disputed T-Shirt Design rise to the level of original works of authorship properly protected by copyright under 17 U.S.C. § 102. *See* ECF 122, Section III(a).

Disputed Smiley alone, his Motion fails to present any evidence that the Disputed Smiley alone is sufficiently original so as to warrant copyright protection. Mr. Fisher bears the burden of providing this evidence in the first instance, so the Court could properly deny the copyrightability portion of the Motion simply due to this failure. But *third*, even if the Court wishes to substantively consider the copyrightability of the Disputed Smiley, a cursory examination of the Disputed Smiley establishes that it is merely a trivial variation of the commonplace smiley face symbol, lacking anything recognizable as Mr. Fisher's own artistic work that could be deemed copyrightable as a matter of law.

For these reasons, the copyrightability portion of Mr. Fisher's Motion should be denied.

## **SUMMARY OF RELEVANT FACTS**

Plaintiff Nirvana LLC ("Plaintiff") has been working with Mr. Fisher on artistic projects since at least 1991. Decl. of Robert Fisher ("Fisher Decl.") ¶¶ 3, 7, Aug. 10, 2020, ECF 95-2. On November 27, 2019 after being alerted to the existence of this lawsuit, Mr. Fisher confirmed to Plaintiff in writing that he was the creator of the Disputed Smiley and the Disputed T-Shirt Design underlying Plaintiff's copyright claim against the Defendants in this case. Decl. of Inge De Bruyn ("De Bruyn Decl.") ¶ 3, Ex. 3 at 2, 4, Nov. 2, 2020, ECF Nos. 124, 124-3. Plaintiff instructed Mr. Fisher to "stay quiet," and did not make Defendants aware of Mr. Fisher or his claims of creation until months later, on February 3, 2020. *Id.* at Ex. 3 at 5; Zinna Decl. ¶ 4. In response to Defendants' subsequent subpoena, Mr. Fisher produced documents on March 12, 2020 and appeared for deposition on August 27, 2020. *Id.*

On August 10, 2020, Mr. Fisher obtained a registration for the Disputed Smiley alone, entitled "Happy Face," which was assigned U.S. Copyright Reg. No. VA 2-212-996:



ECF 124-30. The '996 Registration identifies the date of first publication of the Disputed Smiley as August 15, 1991 and the date of creation as 1991. *Id.* Mr. Fisher's '996 Registration does not cover the Disputed T-Shirt Design as a whole.

Mr. Fisher's sworn testimony and supporting documentation evidence his creation of the Disputed Smiley as well as the entire Disputed T-Shirt Design incorporating the Disputed Smiley. The Disputed T-Shirt Design is the subject of Plaintiff's copyright registration VA 564-166:




ECF 1 at 24. 11. Mr. Fisher does not claim to own, and there is no evidence that Mr. Fisher does own, a copyright registration for the entire Disputed T-Shirt Design. Zinna Decl. ¶¶ 15-17.

Smiley face designs similar to the Disputed Smiley are utilized by numerous third parties. Statement of Defendants' Disputed Facts ("SDF") ¶ 2.

On September 13, 2020, Mr. Fisher filed a motion to intervene in this action, ECF 95, along with a memorandum of law in support, ECF 95-1, sworn declaration, ECF 95-2, [proposed] complaint in intervention, ECF 95-3, and [proposed] order, ECF 95-4.

## LEGAL STANDARD

A party is entitled to summary judgment as a matter of law only when there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56(a). Where, as here the Court is considering "a motion for partial summary judgment on a claim or issue where the moving party has the burden of proof at trial, the moving party has the initial burden of establishing, with admissible evidence, a *prima facie* case." *Arshakyab v. X17, Inc*., CV 16-04305 TJH, 2019 WL 10097455, *8 (C.D. Cal., June 21, 2019) (denying summary judgment on copyright claims where movant failed to set forth admissible evidence establishing *prima facie* case of copyright ownership of works at issue; *Delquin Plastics USA, Inc. v. Larach*, CV 16-05518 TJH, 2019 WL 7166986, *2 (C.D. Cal., Nov. 4, 2019) (denying summary judgment where movant failed to carry initial burden of "establishing a prima facie case that [movant] own[ed] the [patents in suit].").

Only if the moving party's burden is met does the burden shift to the non-moving party to show the existence of a triable issue of material fact to avoid the granting of a partial summary judgment." *Delquin Plastics* at *2 *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if a reasonable fact finder could find in favor of the non-moving party based on the record as a whole. *Morris v. Guetta*, No. LA CV12-00684 JAK (RZx), 2013 U.S. Dist. LEXIS 15556, at *4-5 (C.D. Cal. Feb. 4, 2013) ("Where the moving party will have the burden of proof on an issue at trial, that party must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving

party."). Courts are "required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 1774 (2007).

**ARGUMENT**

I. Mr. Fisher Has No Standing to Ask the Court to Considerthe Copyrightability of the Disputed T-Shirt Design as a Whole.

The copyrightability portion of Mr. Fisher's Motion seeks rulings as a matter of law on the originality of both (1) the Disputed Smiley *and* (2) the Disputed T-Shirt Design. ECF 122 at 15-17. As a threshold matter, Mr. Fisher does not claim to own, and there is no evidence that Mr. Fisher does own, a copyright registration for the entire Disputed T-Shirt Design.[3] Zinna Decl. ¶¶ 15-17. Because a valid registration is a mandatory precondition for asserting a copyright claim in federal court, adjudication of the originality of the Disputed T-Shirt Design as a whole at the request of Mr. Fisher is improper. *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, Ltd. Liab. Co.*, 925 F.3d 1140, 1144, 1148 (9th Cir. 2019) *citing* 17 U.S.C. §§ 408(a), 411(a); *Reed Elsevier, Inc. v. Muchnick*, 599 U.S. 154, 157 (2010) (affirming summary judgment in favor of defendants where plaintiff lacked a valid copyright registration). Therefore, the portion of Mr. Fisher's Motion seeking a ruling on the copyrightability of the Disputed T-Shirt Design as a whole must be denied.

II. The Disputed Smiley Is Not Copyrightable as a Matter of Law.

In order to establish a claim with respect to the Disputed Smiley, it is Mr. Fisher's burden to prove both ownership of a valid copyright and copying of constituent elements of the work at issue which are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Although in certain

[3] Mr. Fisher's Motion refers to this design as the "Happy Face t-shirt design." ECF 122 at 16, §III(a)(2), but the '966 Registration very clearly relates only to the Disputed Smiley. ECF 124-30.

circumstances a registration creates an initial presumption of copyright validity, because Mr. Fisher did not register the Disputed Smiley until approximately 29 years after its first publication (i.e., outside of the statutorily-designated five year period for the presumption to attach), the burden is on Mr. Fisher to establish that the Disputed Smiley is sufficiently original to warrant copyright protection. 17 U.S.C. § 410(c).

Copyright protection is extended only to "original works of authorship." *Kim Seng Co. v. J&A Imps., Inc.*, 810 F. Supp. 2d 1046, 1053 (C.D. Cal. 2011) *quoting* 17 U.S.C. § 102. To prove originality a party must demonstrate that "the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).

The Ninth Circuit has advised that for a work to be original, the author must "contribute[] something more than a merely trivial variation, something recognizably his own." *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992) (internal citation and quotations omitted). "Although the amount of creative input by the author required to meet the originality standard is low, it is not negligible." *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003). Among other things, "expressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law." *Satava*, 323 F.3d at 810[4]; *Rosenfeld v. Twentieth Century Fox Film*, No. 07-CV-7040, 2009 WL 212958, at *3 (C.D. Cal. Jan. 28, 2009) (explaining there is no copyright protection for stock elements which are "standard, in the treatment of a given topic."); 3 Nimmer on Copyright § 13.03 (2020).

---

[4] Irrespective of whether the scenes a faire doctrine "figure[s] into the issue of copyrightability or [is] more properly [a] defense[ ] to infringement" the end result is that the work is unenforceable. *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000).

The question of whether a work is sufficiently original to warrant copyright protection is regarded as a mixed question of law and fact. *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1073 (9th Cir. 2000); *Direct Techs., Ltd. Liab. Co. v. Elec. Arts, Inc.*, 836 F.3d 1059, 1068 (9th Cir. 2016) (genuine issue of material fact regarding originality of work at issue "warrants decision by a jury."); *VMG Salsoul, LLC v. Ciccone*, 2013 U.S. Dist. LEXIS 184127, *19 (C.D. Cal. November 18, 2013) (stating "originality is a question of law" and holding on summary judgment that work at issue "is not sufficiently original to merit copyright protection."); *Signo Trading Int'l Ltd. v. Gordon*, 535 F. Supp. 362, 364 (N.D. Cal. 1981) (citation omitted) ("While the issue of originality is often a question of fact, it may also be determined as a matter of law in appropriate circumstances."); *Kikker 5150 v. Kikker 5150 United States*, LLC, No. C 03-05515 SI, 2004 U.S. Dist. LEXIS 16859, at *27 (N.D. Cal. Aug. 13, 2004) ("Here the Court cannot say, as a matter of law -- although a jury may well say, as a matter of fact -- that the originality required by the copyright rules is lacking.").

The issue of copyrightability has been characterized as an "aesthetic judgment" that should be determined by courts only in "the narrowest and most obvious" circumstances. *Stern v. Does*, 978 F. Supp. 2d 1031, 1044 (C.D. Cal. 2011) *quoting Bleistein v. Donaldson Lithographing Co.*, 188 U.S. 239, 250 (1903) (finding work at issue "devoid of creative effort and therefore uncopyrightable" but advising "courts resist making aesthetic judgments for which they are ill-equipped [as] [i]t would be a dangerous undertaking for persons trained only in the law to constitute themselves final judges of the worth of [artistic works], outside of the narrowest and most obvious limits.").

Although the threshold for copyright protection is not very high, Ninth Circuit courts have denied protection to works lacking sufficient originality. *See e.g. Lamps Plus, Inv. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1147 (9th Cir. 2003) ("mechanical combination of four preexisting ceiling-lamp elements with a

preexisting table-lamp base did not result in the expression of an original work of authorship as required by § 101."); *Kim Seng Co. v. J&A Imps., Inc.*, 810 F. Supp. 2d 1046, 1055 (C.D. Cal. 2011).

Here, Mr. Fisher does not present any evidence regarding his claim that the Disputed Smiley possesses the degree of creativity that is necessary for copyright protection. ECF 122 at 16, §III(a)(1) (citing attorney argument in Plaintiff's Motion for Partial Summary Judgment). As the party with the burden of proof on the issue of copyrightability at trial, the absence of evidence on this point is fatal to Mr. Fisher's Motion. *Williams v. Bridgeport Music, Inc.*, No. LA CV13-06004 JAK (AGRx), 2014 U.S. Dist. LEXIS 182240, at *12 (C.D. Cal. Oct. 30, 2014) ("The party seeking summary judgment bears the initial burden to show the basis for its motion and to identify those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.").

Mr. Fisher's failure to put forth any evidence of sufficient originality of the Disputed Smiley means that the burden does not shift to the non-moving Defendants to show the existence of a triable issue of fact. *Delquin Plastics*, 2019 WL 7166986 at *2 citing *Celotex*, 477 U.S. at 323. Nevertheless, if the question of whether the Disputed Smiley is a sufficiently particularized expression of a smiley face so as to warrant copyright protection is considered at this stage, it is clear that Mr. Fisher's Motion should be denied. *VMG Salsoul, LLC v. Ciccone*, 2013 U.S. Dist. LEXIS 184127, *19 (C.D. Cal. November 18, 2013) (granting summary judgment to defendants on copyright claim where work at issue "is not sufficiently original to merit copyright protection.").

A cursory examination of the Disputed Smiley shows that it is a non-distinctive line drawing amounting to no more than a "merely trivial variation" of smiley face designs in common and widespread use by third parties, and that it lacks anything "recognizably [Mr. Fisher's] own." *N. Coast Indus.*, 972 F.2d at 1033. Indeed, Krist Novoselic of Nirvana, the band that claims to have been using

the Disputed Smiley for almost 30 years, testified that the design was not new when the band started using it, and it was something that he had seen before. SDF ¶ 2. Moreover, the expression embodied in the Disputed Smiley necessarily flows from the commonplace idea of a smiley face: two markings representing eyes, a line oriented horizontally below the eyes representing a closed smile, and a tongue sticking out of the right corner of the smile, all oriented within a basic circular outline in the obvious configuration that is characteristic of the universal smiley face symbol. SDF ¶ 2.

Familiar symbols or designs are not copyrightable. 37 CFR § 202.1. Geometric shapes such as a circle or curved lines, are likewise not subject to copyright protection. *See* Compendium of U.S. Copyright Office Practices, § 906.1. Similarly, there is nothing original about displaying these common geometric shapes—elements of the universal smiley face symbol—in their generic positions. *Satava*, 323 F.3d at 810 (explaining plaintiff may not prevent others from copying aspects of work resulting from "jellyfish physiology" or depicting jellyfish with tentacles or in bright colors because "many" jellyfish possess those characteristics).

The Disputed Smiley is merely a trivial variation of the stock smiley face symbol that appropriates the necessary elements of a smiley face in a commonplace manner. *Ward v. Barnes & Noble, Inc.*, 93 F. Supp. 3d 193, 202 (S.D.N.Y. 2015) (plaintiff's hangman drawing unprotectable as either an unparticularized "rendering of . . . [the] idea of Hangman…or as a scène à faire" where it consisted of "exclusively straight lines and a basic stick figure with no distinctive characteristics [] virtually indistinguishable from how the same shapes are typically represented in Hangman games…"); *Davis v. Walt Disney Co.*, 393 F. Supp. 2d 839, 847 (D. Minn. 2005) ("capes, leotards, masks, chest emblems, boots, belts, and flared gloves" in plaintiff's drawing of super hero are unprotectable, stock elements of super hero genre). Therefore, the Disputed Smiley does not

satisfy the originality standard of copyright law, and at the very least cannot be deemed to have done so as a matter of law at the summary judgment stage. *N. Coast Indus.*, 972 F.2d at 1033; *Satava*, 323 F.3d at 810. A reasonable jury could find that Mr. Fisher's non-particularized expression of the underlying concept of a commonplace smiley face design does not possess the degree of creativity required for copyright protection. *Direct Techs., Ltd. Liab. Co. v. Elec. Arts, Inc.*, 836 F.3d 1059, 1062 (9th Cir. 2016) (reversing summary judgment where reasonable jury could decide question of whether work at issue warrants copyright protection in favor of either party). Therefore, Mr. Fisher's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Robert Fisher's [Proposed] Motion for Partial Summary Judgment should be denied.

DATED: December 9, 2020

KELLEY DRYE & WARREN LLP
Michael J. Zinna (*pro hac vice*)
Whitney M. Smith (*pro hac vice*)
Kerianne Losier (*pro hac vice*)
Stephanie A. Grob (*pro hac vice*)
Andrew W. Homer
Tahir L. Boykins

By *__/s/ Michael J. Zinna__*
Michael J. Zinna

*Attorneys for Defendants and Counterclaim Plaintiffs Marc Jacobs International, LLC; Saks Incorporated, d/b/a Saks Fifth Avenue; and Neiman Marcus Group Limited, LLC*