**KELLEY DRYE & WARREN LLP**
Andrew W. Homer (State Bar No. 259852)
ahomer@kelleydrye.com
Tahir L. Boykins (State Bar No. 323441)
tboykins@kelleydrye.com
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 712-6100
Facsimile: (310) 712-6199

**KELLEY DRYE & WARREN LLP**
Michael J. Zinna (*pro hac vice*)
mzinna@kelleydrye.com
Whitney M. Smith (*pro hac vice*)
wsmith@kelleydrye.com
Kerianne Losier (*pro hac vice*)
klosier@kelleydrye.com
Stephanie A. Grob (*pro hac vice*)
sgrob@kelleydrye.com
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants and Counterclaim Plaintiffs*
*Marc Jacobs International, LLC,*
*Saks Incorporated, d/b/a Saks Fifth Avenue, and*
*Neiman Marcus Group Limited, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIRVANA, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> MARC JACOBS INTERNATIONAL L.L.C., et al., <br><br> Defendants. <br> MARC JACOBS INTERNATIONAL L.L.C., et al., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> NIRVANA, L.L.C., <br> Counterclaim Defendant. | Case No.: 2:18-cv-10743-JAK-SK <br><br> **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS** <br><br> Honorable John A. Kronstadt <br><br> Hearing Date: April 5, 2021 <br> Time: 8:30 a.m. <br> Courtroom: 10B |

# **INTRODUCTION**

Rule 11 prohibits an attorney from presenting or advocating a pleading unless s/he has formed a belief based upon reasonable inquiry that the pleading's factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3). Likewise sanctionable is filing and continuously advancing a pleading to cause unnecessary delay or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). These actions are also sanctionable under 28 U.S.C. § 1927.

In an effort to deflect from its own wrongdoing, Plaintiff and Counterclaim Defendant Nirvana, LLC ("Plaintiff" or "Nirvana") mischaracterizes Defendants' and Counterclaim Plaintiffs' Marc Jacobs International, LLC ("MJI") and Saks Incorporated, d/b/a Saks Fifth Avenue ("Saks") (together, "Defendants" unless otherwise specifically designated) Motion for Sanctions (the "Motion") as seeking a ruling on the merits, but that is not the case.  Defendants are only asking the Court to decide that: (1) the Complaint unequivocally states that Kurt Cobain created the Registered Work and its Disputed Smiley (2) a reasonable pre-filing investigation would have included verifying the existence of facts underlying this bald contention, because if there were none, Plaintiff would have no standing to bring its copyright claim, and (3) this was not done.

As it turns out, there is a mountain of evidence that shows Mr. Cobain is not the creator of the Registered Work or the Disputed Smiley, all of which was well within Plaintiff's reach before filing suit.  Plaintiff does not dispute this.  But rather than actually investigate this threshold fact on which the copyright cause of action depends, Plaintiff's attorneys relied on institutional memory from self-interested parties. And when evidence came into their possession that makes it very clear it is not a "fact" that Mr. Cobain created the Registered Work or its Disputed Smiley, rather than do the right thing and dismiss the case, they plowed forward. Plaintiff's counsel should be sanctioned for the assertion and continued maintenance of this case and the position that Kurt Cobain created the Registered Work and its

Disputed Smiley. Not only was this key "fact" clearly never investigated prior to suit, but Plaintiff and its counsel have turned a blind eye to all of the evidence that has come to light during discovery which shows that Mr. Cobain was not the creator. Rather than do the right thing, Plaintiff's counsel are pressing forward with this case anyway, and has even filed another lawsuit in this Court alleging *again* as *fact* that Mr. Cobain is the creator of the Registered Work and the Disputed Smiley.

This is exactly the type of behavior Rule 11 was meant to prevent. Defendant's Motion should be granted.

## ARGUMENT

## I. Plaintiff's claim for copyright infringement was objectively baseless at the time of filing.

Whether a "position taken was legally reasonable or without factual foundation" is the critical consideration when assessing whether a filing was frivolous under Rule 11. *Vigil v. Walt Disney Co.*, No. C-02-4002 MHP, 2003 U.S. Dist. LEXIS 28977, at *6-7 (N.D. Cal. July 30, 2003). According to the Ninth Circuit, "Rule 11 sanctions *shall be assessed* if the paper filed in district court and signed by an attorney…is frivolous, legally unreasonable or without factual foundation, even though the paper was not filed in subjective bad faith." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986) (emphasis added). On the other hand, "[i]f, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." *Id.*

Plaintiff took the unequivocal position in its Complaint that Kurt Cobain created the Registered Work that is the subject of this litigation. Compl. ¶13 (the Registered Work was "created by Kurt Cobain in about 1991…"). Plaintiff's

---

principal theory of copyright ownership[1] is predicated on the creation of the Registered Work by Mr. Cobain as an employee of Nirvana Inc. and a series of subsequent transfers amongst three distinct Nirvana entities eventually ending with the Plaintiff.

This theory has no evidentiary support, and Plaintiff's Opposition does not point to any "reasonable basis" for the position. Plaintiff's binding Rule 30(b)(6) testimony is that the basis for the belief that the Registered Work was created by Kurt Cobain is "institutional memory" and not actual firsthand knowledge or documentary evidence. Declaration of Michael J. Zinna ("Zinna Decl.") ¶ 4, Ex. 1 at 46:18-23, ECF 121-3. Plaintiff attempted to obscure the dearth of evidence on this critical point by denying multiple requests to admit which were, pursuant to this Court's order, directed to the existence of witnesses with firsthand knowledge of the creation of the Registered Work. *Id.* at ¶¶ 19-20, Exs. 15-16, ECF 121-2.

As discovery has borne out, not a single witness has testified to having first-hand knowledge of Mr. Cobain's purported creation of the Registered Work, yet this was alleged as *fact* in the Complaint. *See e.g.*, Zinna Decl. ¶ 4, Ex. 1 at 46:18-47:6, ECF 121-2; *Id.* at ¶ 5, Ex. 2 at 17:2-23; *Id.* at ¶ 6, Ex. 3 at 32:4-25, 33:4-14. Plaintiff's attempts to contort the testimony of these witnesses to support its narrative do not obscure this unassailable truth. Moreover, Plaintiff's counsel never spoke to several witnesses prior to filing the Complaint, and thus their knowledge necessarily did not provide a reasonable basis for any of the Complaint's assertion. Zinna Decl. ¶ 7, Ex. 4 at 10:22-11:7; *Id.* at ¶ 8, Ex. 5 at 8:21-9:11; *Id.* at ¶ 9, Ex. 6 at 17:11-18:18, 21:10-22; *Id.* at ¶ 10, Ex. 7 at 22:13-23:3. It is unclear why these witnesses are all of a sudden relevant now, but were apparently not worth talking

---

[1] At summary judgment, in contravention of this binding judicial admission in its Complaint, Plaintiff adopted the alternative position that it owns the Registered Work via a chain of title originating with Robert Fisher. This theory, if true, would render Plaintiff's copyright registration invalid (an issue for summary judgment, not here), but it begs the question: how can Plaintiff argue for rights through Mr. Fisher if it is a "fact" that Mr. Cobain is the creator?

to before filing the Complaint.

The registration certificate covering the Registered Work likewise does not provide a reasonable basis for the assertion of Mr. Cobain's creation, as it does not reflect any fact counsel seeks to establish. Kurt Cobain is not listed as the author of the work on the certificate, and Plaintiff is not identified as the copyright claimant. Complaint at 20, 22, ECF 1.

The absence of evidence to support the assertion that Kurt Cobain is the author of the Registered Work—the key factual underpinning of Plaintiff's copyright claim—establishes that this claim is "frivolous" and "without factual foundation." *Golden Eagle*, 801 F.2d at 1538. The combination of "institutional memory" rather than personal knowledge, and a registration certificate reflecting none of the information asserted as fact, does not provide a "reasonable basis…in both law and fact" for the claim that Mr. Cobain created the Registered Work. *Id.*

The assertion and continuous advocating of a critical fact in a Complaint that counsel failed to verify at the time of filing, and to this day has not been able to establish as true despite nearly two years of discovery, is objectively baseless and sanctionable. Fed. R. Civ. P. 11(b)(3). The unsupported claim that Mr. Cobain is the creator of the Registered Work has prompted motion practice pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, as well as Court-ordered discovery directed solely at the issue of copyright ownership, unnecessarily delaying and needlessly increasing the cost of this litigation at considerable burden and expense to Defendants and the Court. Fed. R. Civ. P. 11(b)(1); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) ("One of the fundamental purposes of Rule 11 is to…deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation."). Copyright plaintiffs have been sanctioned for far less. *See e.g. McCormick v. Cohn*, 1992 U.S. Dist. LEXIS 21187, *54 (S.D. Cal. July 31, 1992) (granting Rule 11 sanctions where, although plaintiffs had standing, plaintiffs "misled the court and opposing parties" with respect to copyright

ownership).

As if their conduct in this case was not bad enough, Plaintiff's attorneys recently filed a second lawsuit in this Court alleging *again* as *fact* that Mr. Cobain is the creator of the Registered Work and its Disputed Smiley [CITE TO NIRVANA v. FISHER].  They made this representation despite learning in this case, before filing the new suit, that: (1) Robert Fisher has sworn under penalty of perjury that he is the creator, (2) Plaintiff has not been able to produce anyone with first-hand knowledge that the creator was Mr. Cobain and (3) no documentary evidence shows that the creator was Mr. Cobain.   It is incredible that Plaintiff and its lawyers boldly continue filing lawsuits in this Court based on facts for which there is no evidence.

## II.   Plaintiff's counsel failed to conduct a reasonable and competent inquiry before filing the Complaint.

Prior to filing a Complaint, an attorney has a duty "not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Christian v. Mattel, Inc*., 286 F.3d 1118, 1127 (9th Cir. 2002). Plaintiff's failure to present even the smallest amount of actual evidence of creation of the Registered Work by Mr. Cobain compels the conclusion that the copyright infringement claim was presented without adequate investigation. *Silberman v. Innovation Luggage, Inc*., 2003 U.S. Dist. LEXIS 5420, at \*46 (S.D.N.Y. Mar. 31, 2003) (copyright claim brought in bad faith without proper investigation where there was no supporting evidence).

No reasonable attorney would find a copyright infringement claim premised on the creation of the Registered Work by Kurt Cobain to be well-founded if it had performed an inquiry that revealed *no* documentary evidence or *no* witness with firsthand knowledge of Mr. Cobain's creation. And we know this inquiry was not

conducted because Plaintiff testified that its belief about Mr. Cobain's creation was based only on institutional memory.

Indeed, Plaintiff's Opposition does not contest that counsel would have been able to discover the absence of any documentary evidence or witness with firsthand knowledge of Mr. Cobain's creation of the Registered Work with even minimal due diligence. Thus, the inquiry counsel conducted prior to signing and filing the Complaint clearly falls below the requisite standard established by Rule 11. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002).

The experience Mr. Lee sets forth in his Opposition Declaration clearly demonstrates that he is aware of the legal elements required to properly obtain ownership of a copyrighted work as a transferee plaintiff, and in particular, the necessity of an unbroken chain of title from the creator to the plaintiff. A reasonable attorney would have known that a copyright infringement suit cannot be brought unless the Plaintiff owns the copyrighted work at issue, and verified the facts surrounding such ownership.  Where, as here, the Plaintiff is not the author, but a transferee Plaintiff, ascertaining the facts surrounding chain of title and resulting ownership is essential. A reasonable attorney would have not only verified that standing exists prior to initiating a lawsuit, but verified continued standing after facts emerged from Robert Fisher contradicting the original theory of copyright ownership advanced in the Complaint. Plaintiff's counsel has done neither.

As a result of inadequate investigation prior to filing suit, Plaintiff asserted and now maintains a copyright claim predicated on ownership originating with Kurt Cobain that is factually baseless. Plaintiff's counsel explanations fail to overcome the clear evidence of a failure to adequately investigate the allegations in the Complaint.

## III.  <u>Section 1927 Provides an Additional Basis for Sanctions.</u>

The assertion and continued maintenance of Plaintiff's copyright claim

based on the factually-unsupported position that Kurt Cobain created the Registered Work has unreasonably and vexatiously multiplied these proceedings. 28 U.S.C. § 1927. "Recklessness suffices for § 1927 sanctions…" *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010) (affirming sanctions where party knowingly and recklessly pursued frivolous copyright claim based upon a work in which plaintiff had no ownership interest). In *Lahiri*, the Ninth Circuit found that pursuit of a copyright claim without inquiring as to circumstances surrounding its creation was "reckless." *Id.* at 1221 (rejecting counsel's arguments that reliance on, *inter alia*, client's representation that he owned the copyrighted work at issue, sufficed to avoid sanctions). Bad faith, which is present "when an attorney knowingly or recklessly raises a frivolous argument…" also suffices. *Blixseth v. Yellowstone Mt. Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015).

The argument that Plaintiff owns the Registered Work via a chain of title originating with Kurt Cobain is frivolous because there is no factual support for the claim that Mr. Cobain created the Registered Work. The continued advancement of this position, knowing it is without evidentiary basis, at a hearing before this Court and through frivolous denials of requests to admit and otherwise, is reckless and in bad faith, and has caused "unreasonably protracted and costly litigation over a frivolous copyright claim." *Lahiri*, 606 F.3d at 1222. Again, the factually unsupported claim that Mr. Cobain is the creator of the Registered Work has multiplied these proceedings, resulting in both extensive motion practice as well as Court-ordered discovery directed solely at the issue of copyright ownership. Therefore, sanctions under Section 1927 are warranted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Sanctions should be granted.

DATED:  January 11, 2021

KELLEY DRYE & WARREN LLP
Michael J. Zinna (*pro hac vice*)
Whitney M. Smith (*pro hac vice*)
Kerianne Losier (*pro hac vice*)
Stephanie A. Grob (*pro hac vice*)
Andrew W. Homer
Tahir L. Boykins

By  */s/ Michael J. Zinna*
      Michael J. Zinna

*Attorneys for Defendants and Counterclaim Plaintiffs Marc Jacobs International, LLC; Saks Incorporated, d/b/a Saks Fifth Avenue; and Neiman Marcus Group Limited, LLC*