**KELLEY DRYE & WARREN LLP**
Andrew W. Homer (State Bar No. 259852)
ahomer@kelleydrye.com
Tahir L. Boykins (State Bar No. 323441)
tboykins@kelleydrye.com
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 712-6100
Facsimile: (310) 712-6199

**KELLEY DRYE & WARREN LLP**
Michael J. Zinna (*pro hac vice*)
mzinna@kelleydrye.com
Whitney M. Smith (*pro hac vice*)
wsmith@kelleydrye.com
Kerianne Losier (*pro hac vice*)
klosier@kelleydrye.com
Stephanie A. Grob (*pro hac vice*)
sgrob@kelleydrye.com
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants and Counterclaim Plaintiffs*
*Marc Jacobs International, LLC,*
*Saks Incorporated, d/b/a Saks Fifth Avenue, and*
*Neiman Marcus Group Limited, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIRVANA, L.L.C.,<br><br>        Plaintiff,<br><br>        v.<br><br>MARC JACOBS INTERNATIONAL L.L.C., et al.,<br><br>        Defendants.<br>MARC JACOBS INTERNATIONAL L.L.C., et al.,<br><br>        Counterclaim Plaintiffs,<br><br>        v.<br><br>NIRVANA, L.L.C.,<br>        Counterclaim Defendant. | Case No.: 2:18-cv-10743-JAK-SK<br><br>**DEFENDANTS' REPLY TO PLAINTIFF-IN-INTERVENTION'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Honorable John A. Kronstadt<br><br>Hearing Date: April 5, 2021<br>Time: 8:30 a.m.<br>Courtroom: 10B |

## I.    ARGUMENT

Defendants and Counterclaim Plaintiffs' Marc Jacobs International, LLC ("MJI") and Saks Incorporated, d/b/a Saks Fifth Avenue ("Saks") (together, "Defendants" unless otherwise specifically designated)[1] Motion for Summary Judgement ("Motion") argues, *inter alia*, that there is no substantial similarity between the smiley face used on the Accused Products and the artwork covered by Plaintiff and Counterclaim Defendant Nirvana, LLC's ("Plaintiff" or "Nirvana") U.S. Copyright Reg. No. VA 564166 ("the '166 Registration") as a matter of law. [Proposed] Plaintiff-in-Intervention Mr. Robert Fisher ("Plaintiff-In-Intervention" "Fisher") opposes this portion of the Motion, but misses the mark for several reasons.

First, Mr. Fisher confuses what is at issue in the Motion.  He makes the irrelevant argument that the Accused Products allegedly infringe his U.S. Copyright Reg. No. 2-212-966 (the "Fisher '996 Registration"). Opp. 5:17 - 6:2, ECF 154.  However, this case and this Motion are *only* about infringement of the *'166 Registration* allegedly owned by the Plaintiff, not the Fisher '996 Registration owned by Fisher.  Unless/until this Court allows Mr. Fisher to intervene in this case, infringement of the Fisher '996 Registration is not before the Court.

In any event, Defendants and Mr. Fisher agree that at this stage of the case, only the test for extrinsic similarity matters.  Courts may dismiss a complaint for failure to satisfy the extrinsic test, which is an objective comparison of specific

---

[1] On May 7, 2020, Neiman Marcus Group LTD LLC ("NMG") and its debtor affiliates filed petitions for chapter 11 bankruptcy, which initiated the bankruptcy cases captioned In re Neiman Marcus Group LTD LLC, et al., Case No. 20-32519 (DRJ) (Bankr. S.D. Tex.) Nirvana LLC was scheduled on the Reorganized Debtors' Schedules as a contingent and unliquidated claim. Nirvana LLC did not file a proof of claim. Article I.A.32 of the bankruptcy plan states that "[a]ny claim that has been . . . listed in the Schedules as contingent, unliquidated, or disputed, and for which no proof of claim is or has been timely filed . . . shall be expunged without further action by the Debtors and without further notice to any party or action, approval, or order."  Thus, Nirvana LLC's claims against NMG were expunged as of Sept. 25, 2020, and Nirvana LLC is barred from asserting its claim against those entities.

expressive elements. *See Silas v. Home Box Office, Inc.*, 201 F. Supp 3d 1158, 1171 (C.D. Cal. 2016). Courts must filter out and disregard non-protectable elements of a plaintiff's work and inquire only into whether the protectable elements are substantially similar. *Id.* A plaintiff who cannot establish extrinsic similarity cannot proceed with a claim. *Id.*

However, Mr. Fisher never makes the correct comparison. He argues that, "in analyzing <u>pictorial works</u> under the extrinsic test, courts look to the similarity of the objective details in appearance between the two works." Opp 6:28–7:1, ECF 154 (emphasis added). But this case is <u>not</u> about comparing a pictorial work of a smiley face with a registration directed to a pictorial work of a smiley face, which is the only analysis Mr. Fisher performs. Opp. 10:8–15, ECF 154. The '166 Registration is <u>not</u> a copyright registration on a smiley face *alone*. In contrast, it is a copyright registration on the *entire design* of a tee shirt. Complaint at 20, 24, ECF 1; *see also* The Declaration of Michael Zinna in support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment ("Zinna Opp. Decl.") ¶ 17, Ex. 14 at 2, ECF 141, 141-14.

Because of its flawed scope, Mr. Fisher's Opposition does not undertake to analyze the smiley face of the Accused Products against all of the protectable elements of the "tee shirt design - entire work" covered by the '166 Registration as it must in order to make a credible attempt to defeat the present Motion. For example, Mr. Fisher does not contend that Defendants' Accused Products place the word NIRVANA above a smiley face on the front of a tee shirt. Indeed, Mr. Fisher's Opposition is completely silent as to this portion of the '166 Registration's tee shirt design. Mr. Fisher also does not contend that the Accused Products utilize the "Flower Sniffin Kitty Pettin Baby Kissin Corporate Rock Whores" phrase that takes up the entire back side of the '166 Registration's tee shirt design. Again here, Mr. Fisher's Opposition is completely silent on this component of the '166

---

Registration's tee shirt design. It would be impossible to find that Mr. Fisher raises a genuine issue of material fact via arguments that he did not make.

Finally, there are even differences between the Accused Products' smiley face and the select portion of the '166 Registration's tee shirt design that Mr. Fisher chooses for his comparison.  Mr. Fisher does not allege that Defendants' smiley face used X's for eyes, and in fact, it does not. Opp. at 10:8-18, ECF 154. This is one of the most prominent features of the front of the tee shirt design covered by the '166 Registration.

All of the above are important elements of the "tee shirt design – entire work" that the '166 Registration expressly says it covers.  It is the protectable elements of this entire work that must be placed against the Defendants' smiley. When compared against the full suite of specific expressive, protectable elements of the '166 Registration's artwork as a whole, there can be no genuine dispute of material fact regarding substantial similarity, in either quantity or quality.

Mr. Fisher also argues that the expressive details appearing in Mr. Fisher's Happy Face objectively set it apart from all other smiley face designs. Opp. 8:17-18, ECF 154. It is unclear here whether Mr. Fisher is again referring to what is covered by the irrelevant Fisher '996 Registration or the in-suit '166 Registration, but the result is the same.  If anything, a review of other smiley face designs makes clear that the features of the smiley face that is a part of the '166 Registration are standard in the treatment of smiley faces. Declaration of Michael J. Zinna in support of Defendants Motion for Summary Judgment ("Zinna Decl.") ¶ 26, Ex. 22, ECF 129, 129-11.  These features are therefore not protectable by copyright and it would be impermissible to base an infringement finding on them.  *See DisputeSuite.com, LLC v. CreditUmbrella Inc*., No. 14-cv-6340, 2015 U.S. Dist. LEXIS 187068, at *9 (C.D. Cal. Jan. 16, 2015); *see also Harper House, Inc. v. Thomas Nelson, Inc*., 899 F.2d 197, 208 (9th Cir. 1989).

## II.     CONCLUSION

For the forgoing reasons, Mr. Fisher does not raise a genuine issue of material fact regarding whether the smiley face on the Accused Products is substantially similar to the entire tee shirt design covered by the '166 Registration. Therefore, Defendants' Motion should be granted.


DATED:  January 11, 2021                KELLEY DRYE & WARREN LLP
                                        Michael J. Zinna (*pro hac vice*)
                                        Whitney M. Smith (*pro hac vice*)
                                        Kerianne Losier (*pro hac vice*)
                                        Stephanie A. Grob (*pro hac vice*)
                                        Andrew W. Homer
                                        Tahir L. Boykins

                                        By   */s/ Michael J. Zinna*
                                              Michael J. Zinna

                                        *Attorneys for Defendants and Counterclaim Plaintiffs Marc Jacobs International, LLC; Saks Incorporated, d/b/a Saks Fifth Avenue; and Neiman Marcus Group Limited, LLC*