Mark S. Lee (SBN 94103)
mark.lee@rimonlaw.com
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: 310.361.5776
Facsimile: 310.361.5776

Attorneys for Plaintiff NIRVANA, L.L.C.

Bert H. Deixler (SBN 70614)
bdeixler@kbkfirm.com
Patrick J. Somers (SBN 318766)
psomers@kbkfirm.com
KENDALL BRILL & KELLY LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067
Telephone: (310) 556-2700
Facsimile: (310) 556-2705

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NIRVANA, L.L.C., a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MARC JACOBS INTERNATIONAL L.L.C., et al., an individual,<br><br>Defendant.<br><br>AND RELATED CLAIMS, | Case No. 2:18-CV-10743-JAK (SKx)<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF RE MOTIONS FOR SUMMARY JUDGMENT (Dkt. Nos. 98, 125 and 214)**<br><br>The Hon. The Honorable John A. Kronstadt<br><br>(Motions under submission) |

Pursuant to this Court's order of July 27, 2023, Plaintiff Nirvana, L.L.C. ("Nirvana") submits the following supplemental brief in further support of its motion for partial summary judgment on copyright ownership, Dkt. No. 98, and in further opposition to Defendant Marc Jacobs International, L.L.C.'s ("Jacobs") and Plaintiff-in Intervention Robert Fisher's ("Fisher's") motions for summary judgment, Dt. Nos. 125 and 214.

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.   GEFFEN'S ACKNOWLEDGMENT ESTABLISHES NIRVANA'S COPYRIGHT OWNERSHIP OF THE "HAPPY FACE' T-SHIRT AS A MATTER OF LAW. ....................................................................................... 1

II.  CONCLUSION. ........................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Art of Living Found. v. Does 1–10*,
   2012 WL 1565281 (N.D. Cal. May 1, 2012) ..................................................... 2

*Barefoot Architect, Inc. v. Bunge*,
   632 F.3d 822 (3d Cir. 2011) ............................................................................ 2, 3

*Billy-Bob Teeth, Inc. v. Novelty, Inc.*,
   329 F.3d 586 (7th Cir. 2003) ............................................................................... 2

*Canon Inc. v Tesseron Ltd.*,
   146 F. Supp. 3d 568 (S.D.N.Y. 2015) ................................................................ 3

*Canon Inc. v Tesseron Ltd.*,
   2015 WL 7308663 (S.D.N.Y. Nov. 19, 2015) .................................................... 6

*Classical Silk, Inc. v. Dolan Group, Inc.*,
   2016 WL 7638113 (C.D. Cal. February 2, 2016) .............................................. 2

*Davis v. Blige*,
   505 F. 3d 90 (2d Cir. 2007) ......................................................................... 5, 6, 7

*Eden Toys, Inc. v. Floralee Undergarment Co.*,
   697 F. 2d 27 (2d Cir. 1982) ............................................................... 1, 2, 3, 5, 6

*Imperial Residential Design, Inc .v. Palms Dev. Grp., Inc.*,
   70 F.3d 96 (11th Cir. 1995) ................................................................................ 2

*Jules Jordan Video, Inc v. 144942 Canada Inc.*,
   617 F. 3d 1146 (9th Cir. 2010) ........................................................................ 1, 2

*Magnuson v. Video Yesteryear*,
   85 F. 3d 1424 (9th Cir. 1996) ................................................................ 1, 5, 6, 7

*Marya v. Warner/Chappell Music, Inc.*,
   131 F. Supp. 3d 975 (C.D. Cal. 2015) ................................................................ 3

*MMAS Research LLC v. Charite*,
   2023 WL 2379214 (C.D .Cal. February 28, 2023) ............................................ 3

# TABLE OF AUTHORITIES CONT'D

Page(s)

**Cases**

*Valente-Kritzer Video v. Pinckney*,
   881 F.2d 772 (9th Cir. 1989) .................................................................................. 1, 5

*Wu v. Pearson Education Inc.*,
   2013 WL 145666 (S.D.N.Y. August 30, 2016) ..................................................... 3, 6

*Young-Wolff v. John Wiley & Sons, Inc.*,
   2016 WL 154115 (S.D.N.Y. January 12, 2018) ........................................................ 6

**Statutes**

Copyright Act ................................................................................................................. 3

Copyright Act of 1909 .................................................................................................... 1

Copyright Act of 1976 .................................................................................................... 2

**Other Authorities**

6 Am. Jur.2d Assignments § 83 ..................................................................................... 3

Restatement (Second) of Contracts § 19 ....................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. GEFFEN'S ACKNOWLEDGMENT ESTABLISHES NIRVANA'S COPYRIGHT OWNERSHIP OF THE "HAPPY FACE' T-SHIRT AS A MATTER OF LAW.

Geffen's signed acknowledgment establishes that Nirvana owns the copyright in the "Happy Face" t-shirt as a matter of law notwithstanding Fisher's belated claims to have created the "Smiley Face" design within it, for several reasons.

First, as described at length in earlier briefing, Fisher admitted facts which establish that copyright in the "Smiley Face" design would have first been owned by his employer Geffen rather than Fisher on a "work made for hire" basis if Fisher's claim to have drawn the "Smiley Face" design is credited. (See Dkt. No. 98:4-5, 11-15, and evidentiary citations therein.) That makes Geffen, rather than Fisher, the only potential owner of copyright in the "Smiley Face" design under Fisher's version of events. Nirvana is the only potential copyright owner if Kurt Cobain created the "Smiley Face" design, as is also described in earlier briefing. (See Dkt. No. 98:2-4, 5-8, and evidentiary citations therein.) Thus, Geffen and Nirvana are the only potential copyright owners under the two factual scenarios before the Court.

Second, the Ninth Circuit has long held that subsequent documentation of a prior oral agreement between potential copyright owners is permissible and retroactive to the date of the prior agreement. *Jules Jordan Video, Inc v. 144942 Canada Inc.*, 617 F. 3d 1146, 2256 (9th Cir. 2010) ("an earlier oral assignment can be confirmed later in a writing"); *Magnuson v. Video Yesteryear*, 85 F. 3d 1424, 1428-29 (9th Cir. 1996) ("a prior oral grant that is confirmed by a later writing becomes valid as of the tine of the oral grant, even if the writing is subsequent to the initiation of litigation on the copyright infringement")[1]; *Valente-Kritzer Video v.*

---

[1] *Magnuson* discussed retroactive documentation under the Copyright Act of 1909, but that was not significant to its analysis or decision. It relied on *Eden Toys, Inc. v. Floralee Undergarment Co.*, 697 F. 2d 27, 36 (2d Cir. 1982), and *Eden Toys*

1

*Pinckney*, 881 F.2d 772, 775 (9th Cir. 1989) (noting that a retroactive writing can validate a previous oral copyright assignment, but finding that the vague letters at issue did not qualify).

Third, every other federal circuit to consider the issue has so held. See *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 830-831 (3d Cir. 2011) ("where there is no dispute between transferor and transferee regarding the ownership of a copyright, there is little reason to demand that a validating written instrument be drafted and signed contemporaneously with the transferring event[,]" though court did not apply that principle because there was no evidence of a prior agreement); *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 592-93 (7th Cir. 2003) ("where there is no dispute between the copyright owner and the transferee about the status of the copyright, 'it would be unusual and unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement'"); *Imperial Residential Design, Inc .v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995) ("a copyright owner's later execution of a writing which confirms an earlier oral agreement validates the transfer *ab initio*"); *Eden Toys, Inc. v. Floralee Undergarment Co., Inc.*, 697 2d 27, 36 (2d Cir.1982) ("since the purpose of the provision [requiring a writing] is to protect copyright holders from persons mistakenly or fraudulently claiming oral licenses, the 'note or memorandum of the transfer' need not be made at the time when the license is initiated; the requirement is satisfied by the copyright owner's later execution of a writing which confirms the agreement...").

---

approved retroactive transfers under the Copyright Act of 1976. *Id*. The Ninth Circuit and courts within it have consistently applied this principle to 1976 Act copyright transfers. See, e.g., *Jules Jordan*, supra; *Classical Silk, Inc. v. Dolan Group, Inc.*, 2016 WL 7638113 (C.D. Cal. February 2, 2016) (granting summary judgment based on writing retroactively confirming earlier agreement); *Art of Living Found. v. Does 1–10,* 2012 WL 1565281, at *11 (N.D. Cal. May 1, 2012) (plaintiff could have shown a valid transfer by presenting "a copy of a written memorandum confirming a prior transfer of rights").

Fourth, the "earlier oral agreement" that supports a retroactive written grant may be implied from conduct. *Barefoot Architect, Inc. v. Bunge*, 632 F. 3d at 831 and n. 4 ("it is likely possible for a copyright transfer to be implied from conduct and then later validated in writing [,]" but not applying that principle because plaintiff waived the argument). *Eden Toys* also suggested this possibility, as *Barefoot Architect* recognized, *see Id.* and 697 F.2d at 36, and courts in this district have acknowledged that an intent to assign copyright may be evidenced "by conduct." *Marya v. Warner/Chappell Music, Inc.,* 131 F. Supp. 3d 975, 1002 (C.D. Cal. 2015).

That is consistent with the general contract principle that intent to transfer a right may be manifested by conduct. See Restatement (Second) of Contracts § 19 ("The manifestation of assent may be made wholly or partly by written or spoken words *or by other acts or by failure to act."*) (emphasis added); 6 Am. Jur.2d Assignments § 83 ("Under the appropriate circumstances, a right may even be assigned without the execution of a formal assignment."). The Copyright Act does not foreclose this possibility: it provides that copyrights "may be transferred… *by any means of conveyance* or by operation of law." *Barefoot Architect, Inc. v. Bunge*, 632 F. 3d at 831 and n. 4, quoting 17 U.S.C. § 20l(d)(l) (emphasis added).[2]

---

[2] Indeed, some courts have affirmed written retroactive copyright licenses without a prior oral agreement. *MMAS Research LLC v. Charite*, 2023 WL 2379214, *3-*4 (C.D .Cal. February 28, 2023) (dismissing copyright infringement claim with prejudice, because Plaintiff "authorized [Defendant's] use… via a retroactive license" in an earlier settlement agreement); *Wu v. Pearson Education Inc.*, 2013 WL 145666, *4 (S.D.N.Y. August 30, 2016) (Defendant's motion for summary judgement based on retroactive license granted because "there is no legal prohibition to obtaining a retroactive license if it is authorized by the rights holder"); *see also Canon Inc. v Tesseron Ltd.*, 146 F. Supp. 3d 568, 576 (S.D.N.Y. 2015) (summary judgement based on retroactive patent license granted). Geffen's written acknowledgement alone establishes a valid retroactive assignment under these authorities.

Fifth, Geffen's and Nirvana's undisputed conduct over almost 30 years manifests their agreement that Nirvana owned the rights in the "Smiley Face" design. Nirvana and Geffen always believed that the "Happy Face" t-shirt would have been a work commissioned and owned by Geffen if Fisher created it, because everything Fisher did for Geffen was commissioned by it. (Silva Decl. ¶¶ 6, 13-15; Seibert Decl. ¶¶3-4, 6-7; Michael Ostroff Decl. ¶¶ 2-10; Gregory Lapidus Decl. ¶¶ 2-4; Lee Decl. ¶ 8, Ex. 16 pp. 56:20-58:3, 59:20-60:2 and Employment Agreement referenced therein, all in Dkt. No. 100.) Geffen nevertheless also "always… believed Nirvana owned the rights in that [Smiley Face] design." (Seibert Decl. ¶ 6-7, Dkt. No. 100.) That alone implies an agreement between Nirvana and Geffen assigning Geffen's copyright to Nirvana if Fisher created the "Smiley Face" design.

Their decades-long course of conduct further demonstrates an agreement that Nirvana owned those rights. Nirvana began commercially exploiting the "Happy Face" t-shirt in 1991 without objection from Geffen. (Novoselic Decl. ¶ 21; Silva Decl. ¶ 9; Ex.3, Dkt. No. 100.) Nirvana obtained a copyright registration claiming ownership of the "Happy Face" t-shirt in 1993, also without objection from Geffen. (Draher Decl. ¶ 12, Novoselic Decl. ¶¶ 23-25, Ex. 8, Dkt. No. 100; Complaint, Dkt. No. 1, Ex. 1.) Nirvana conspicuously and continuously exploited the "Happy Face" t-shirt for 29 years, again without objection from Geffen (or, for that matter, Fisher). (Novoselic Decl. ¶ 21; Silva Decl. ¶ 10; Lee Decl. ¶ 7, Ex. 15 pp. 183:13-184:11, 184:16-185:3, 185:12-22, 205:10-207:1, 207:4-8, 218:12-16, Dkt. No. 100.)

Finally, when Jacobs disputed Nirvana's copyright ownership and Fisher made his belated copyright ownership claim for the first time in this litigation, Geffen's successor immediately and voluntarily signed an Acknowledgment that "all written grants and assignments needed to perfect Nirvana, L.L.C.'s ownership of said rights have been made," and "to the extent necessary, are made by this acknowledgment and agreement…[,]" and states that it "retroactively grants and assigns all right, title and interest in and to the 'Smiley Face' design" to Nirvana,

4
PLAINTIFF'S SUPPLEMENTAL BRIEF RE MOTIONS FOR SUMMARY JUDGMENT (Dkt. Nos. 9, 125 and 214)

confirming the informal agreement Geffen and Nirvana had been operating under for decades.[3] (Novoselic Decl. ¶ 29, Lee Decl. ¶ 5 and Ex. 12, Dkt. No. 100.) These undisputed actions and acknowledgement establish that Geffen and Nirvana always agreed that Nirvana owned the rights, which Geffen's successor retroactively documented when Jacobs and Fisher tried to dispute that ownership to frustrate Nirvana's copyright infringement claims.

Sixth, *Davis v. Blige*, 505 F. 3d 90, 108 (2d Cir. 2007), which this Court cited it its order for further briefing, is a narrow decision that does not apply here, and the policies underlying it affirmatively support summary judgment for Nirvana to the extent relevant. In *Davis*, a defendant who was sued for copyright infringement by one co-owner secretly obtained a retroactive license from another co-owner after suit was filed, then claimed he could not be liable because he had a license. The Second Circuit affirmed that the defendant could not avoid liability through such a maneuver, because the licensing copyright co-owner could not transfer "more than he owns," and he did not own the right to block the plaintiff co-owner's already-accrued copyright infringement claim. *Id*, 505 F.3d at 99.

The *Davis* court also explained why *Eden Toys* remains good law but did not apply in that case. After citing this Court's *Magnuson* decision, the *Davis* court stated:

> "Our opinion in *Eden Toys* is readily distinguishable from the facts of the instant case ...In this case, …the 'third party' is a copyright holder who does have a dispute with the alleged licensee or transferee and who would stand to lose her accrued

---

[3] The plain and clear intent in the above Acknowledgment contrasts with the equivocal letters at issue in *Valente-Kritzer Video, supra,* which did not retroactively transfer rights. 881 F.2d at 775. Thus, while the alleged writings in *Valente-Kritzer* may have been insufficient, the acknowledgment here adequately transfers rights retroactively as a matter of law under the *Magnuson* line of cases.

rights to sue for infringement if an allegedly fraudulent oral agreement were given legal effect. Thus, it would be anomalous not to let [Plaintiff] Davis invoke §204(a) in support of her infringement claims."

*Davis v. Blige*, supra, 505 F. 3d at 108 (2d Cir. 2007).

Subsequent decisions in the Second Circuit have recognized the continued viability of *Eden Toys* and the narrowness of the *Davis v. Blige* exception to it. See, e.g., *Young-Wolff v. John Wiley & Sons, Inc.*, 2016 WL 154115 (S.D.N.Y. January 12, 2018) ("[t]his Court joins others in this district in concluding that *Davis* is addressed to the co-ownership context and does not preclude retroactive licenses granted by an agent when that agent has been given such authority by the copyright owner"); *Wu v. Pearson Education Inc.*, 2013 WL 145666, *4 (S.D.N.Y. August 30, 2016) ("[T]here is no legal prohibition to obtaining a retroactive license if it is authorized by the rights holder"); see also *Canon Inc. v Tesseron Ltd.*, 2015 WL 7308663, *6 (S.D.N.Y. Nov. 19, 2015) ("As far as the *Davis* case is concerned, neither the legal principles nor public policy undergirding the opinion recommend a reading that would indiscriminately ban all copyright-or patent-holders, even sole owners, from voluntarily entering into retroactive license agreements.").

Finally, granting summary judgment for Nirvana is consistent with the policy of discouraging infringement that underlies both the *Magnuson* and *Davis* lines of cases. *Magnuson* permitted retroactive assignments and licenses to prevent infringers from avoiding liability for their infringement. *Magnuson*, 85 F. 3d at 1429; see also, *Eden Toys*, 697 F. 2d at 36. *Davis* rejected a co-owner's attempt to retroactively block another co-owner's infringement claim to "discourage[]… infringement[]." 505 F. 3d at 104-105. Both lines of cases favor plaintiffs who seek to protect copyrights over defendants who seek to infringe them, as one would expect when construing a statute that creates copyright protections.

Recognizing the validity of Geffen's retroactive Acknowledgment is

6

PLAINTIFF'S SUPPLEMENTAL BRIEF RE MOTIONS FOR SUMMARY JUDGMENT (Dkt. Nos. 9, 125 and 214)

consistent with the "discouragement of infringement" policy underlying all of the above cases. Defendant Jacobs seeks to avoid liability for its obvious infringement by disputing Nirvana's copyright ownership even though the only potential owners, Geffen and Nirvana, agree that Nirvana owns the rights, contrary to the *Magnuson* line of cases. Fisher admits facts which show he never owned the "Smiley Face" copyright, but still tries to "claim more than he owns" to frustrate Nirvana's infringement claim against Jacobs and financially benefit himself, contrary to the policies underlying *Davis*. This Court should discourage Jacob's infringement and Fisher's overreach by granting summary judgment that Nirvana owns the copyright in the "Happy Face" t-shirt, as all potential owners agree it does, in these circumstances.

## II.    CONCLUSION.

Nirvana's motion for partial summary judgment on copyright ownership should be granted, and Jacobs' and Fisher's motions for summary judgment should be denied, for all the reasons described in Nirvana's previously submitted briefs and above.

Dated:  September 25, 2023

RIMON, P.C.
KENDALL BRILL & KELLY LLP

By: */s/ Mark S. Lee*
Mark S. Lee
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA   90067

Bert H. Deixler
Patrick J. Somers
KENDALL BRILL & KELLY LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California   90067

Attorneys for *Plaintiffs*
NIRVANA, L.L.C.

7

PLAINTIFF'S SUPPLEMENTAL BRIEF RE MOTIONS FOR SUMMARY JUDGMENT (Dkt. Nos. 9, 125 and 214)