UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 (SK) | Date | May 20, 2024 |
|---|---|---|---|
| Title | Nirvana L.L.C. v. Marc Jacobs International L.L.C. et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE ROBERT FISHER'S MOTION FOR CERTIFICATION FOR APPELLATE REVIEW UNDER FED. R. CIV. P. 54(B) OF THE COURT'S PARTIAL GRANT OF SUMMARY JUDGMENT TO PLAINTIFF NIRVANA LLC AND FOR STAY OF PROCEEDINGS PENDING THE RESOLUTION OF THIS MOTION AND APPEAL (DKT. 241)**

## I.     Introduction

On December 28, 2018, Nirvana LLC ("Nirvana" or "Plaintiff") brought this action against Marc Jacobs International LLC ("Jacobs"), Saks Incorporated ("Saks") and Neiman Marcus Group Limited, LLC ("Neiman"). Dkt. 1.[1] The Complaint advances the following causes of action: (1) copyright infringement; (2) false designation of origin under the Lanham Act; (3) trademark infringement under California common law; and (4) unfair competition under California common law. *Id.* ¶¶ 23–40. On November 26, 2019, Defendants brought a Counterclaim against Nirvana for declaratory relief. Dkt. 66.

On September 13, 2020, Robert Fisher ("Intervenor") moved to intervene in the action. Dkt. 95. The motion to intervene was granted. Dkt. 201. The operative Amended Intervenor Complaint advances the following causes of action against Nirvana: (1) copyright infringement; (2) violation of the integrity of copyright management information; (3) declaratory relief regarding copyright ownership, copyright registration invalidity and slander of title; and (4) declaratory relief regarding trademark rights. Dkt. 206 ¶¶ 79–139. Nirvana subsequently brought a Counterclaim against Fisher for declaratory relief. Dkt. 208.

The parties filed several motions for summary judgment, including as to the issue of copyright ownership. Dkts. 98, 122, 125, 214. On December 21, 2023, an order issued denying Fisher's motion for summary judgment (the "MSJ Order"). Dkt. 238.

On January 20, 2024, Fisher moved to certify appellate review of the MSJ Order and stay the proceedings pending resolution of that motion and any corresponding appeal (the "Motion"). Dkt. 241. Defendants filed an opposition to the Motion (the "Opposition" (Dkt. 245)), and Fisher filed a Reply (the "Reply" (Dkt. 250)). A hearing on the Motion was conducted on March 25, 2024, and the Motion was taken under submission. For the reasons stated in this Order, the Motion is **DENIED**.

---

[1] Jacobs, Saks and Neiman are referred to collectively as "Defendants" in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 (SK) | Date | May 20, 2024 |
|---|---|---|---|
| Title | Nirvana L.L.C. v. Marc Jacobs International L.L.C. et al. | | |

## II. Background

### A. Parties

In 1990, the members of Nirvana, a renowned band, formed Nirvana, Inc. to handle their musical, touring and merchandising business. Dkt. 238 at 4. Kurt Cobain was then a member of Nirvana and president of Nirvana, Inc. *Id.* In 1991, Nirvana signed a recording agreement with David Geffen Co. ("Geffen"), now owned by UMG Recordings. *Id.* Shortly thereafter, the band used the "Happy Face" t-shirt (the "Design") to promote an album. *Id.*

Fisher was employed as an art director at Geffen in 1991. *Id.* at 6. His duties included creating album covers and other graphic art used to promote the work of artists licensed by Geffen. *Id.*

### B. Factual Background

On March 11, 1993, Nirvana, Inc. filed the copyright registration (the "Copyright") for the "Happy Face" t-shirt design (the "Design"). *Id.* at 5. The Copyright states that the work was made for hire and first published in 1991. *Id.* Nirvana band member Krist Novoselic, lawyer Allen Draher and manager John Silva each has declared that he believes that Cobain created the Design. *Id.* Each also has declared that Nirvana and Geffen believed that Cobain created the Design, and that he did so on a "work made for hire" basis as an employee of Nirvana, Inc. *Id.*

Fisher declares that he created the Design as a favor to Nirvana for use on its merchandise. *Id.* at 5. Nirvana contends that, even assuming that Fisher initially created the Design, he did so within the course and scope of his employment at Geffen; consequently, Geffen would own the rights to any such designs under the work-for-hire principle. *Id.* Fisher disagrees. *See* Dkts. 122, 214.

### C. Procedural Background

On December 21, 2023, the MSJ Order issued denying Fisher's motion for summary judgment. Dkt. 238. It held that "Nirvana is entitled to summary judgment with respect to its contention that, assuming Fisher drew the Smiley, the Smiley was a work made for hire for Geffen." *Id.* at 12. It further determined that "triable issues of fact remain with respect to the author of the [Design] and, the ownership and validity of the Copyright." *Id.* at 34.

## III. Analysis

Fisher argues that the MSJ Order is appropriate for certification under Rule 54(b) because, by granting summary judgment to Nirvana on the work-for-hire issue, it "effectively eliminated all of Fisher's claims for relief, while leaving all other parties' claims . . . intact." Dkt. 241 at 11. Fisher contends that, because the remaining claims are "separate and distinct" from the work-for-hire claim resolved in the MSJ Order, certification will advance "the interests of sound judicial administration and justice." *Id.* Nirvana disagrees, arguing that resolution of "Jacobs' copyright authorship, ownership, and registration validity claims" requires "consideration of factual disputes that interlock and overlap with Fisher's authorship, ownership, and copyright invalidity claims." Dkt. 245 at 8. Thus, Nirvana concludes that "[i]t is more efficient to deny Rule 54(b) certification and consider those issues together in a single appeal." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10743 (SK) | Date | May 20, 2024 |
| Title | Nirvana L.L.C. v. Marc Jacobs International L.L.C. et al. | | |

    A.    Legal Standards

In general, a district court order is "not appealable unless it disposes of all claims as to all parties or unless judgment is entered in compliance with Federal Rule of Civil Procedure 54(b)." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008) (citation omitted). "Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.8 (9th Cir. 2002). Fed. R. Civ. P. 54(b) provides: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

Rule 54(b) requests are evaluated by applying a two-step framework. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435–37 (1956)). "A district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright*, 446 U.S. at 7). "Then it must determine whether there is any just reason for delay." *Id.* As part of this second prong, a court considers "judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. In doing so, a court evaluates whether the "possibility that an appellate court would have to face the same issues on a subsequent appeal . . . might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." *Id.* at 8 n.2 (citing *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 450 n.5 (1956)).

Rule 54(b) is applied "to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 10. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.*; *see, e.g.*, *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (considering "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts" (cleaned up)). "Rule 54(b) certification is proper if it will aid expeditious decision of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (cleaned up).

    B.    Application

As to the first prong of Rule 54(b), it is undisputed that the MSJ Order adjudicated the work-for-hire issue in a manner that resulted in the "ultimate disposition" of Fisher's claims. *Curtiss-Wright*, 446 U.S. at 7 (quoting *Sears*, 351 U.S. at 436); *see* Dkt. 250 at 7. Thus, the key question under Rule 54(b) is whether there is any just reason for delay, considering both "judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8.

        1.    <u>Judicial Administrative Interests</u>

In evaluating whether entry of final judgment under Rule 54(b) constitutes "sound judicial administration," a district court considers whether the claims are factually related. *Id.* Specifically, a court assesses whether an "appellate court would have to decide the same issues more than once" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 (SK) | Date | May 20, 2024 |
|---|---|---|---|
| Title | Nirvana L.L.C. v. Marc Jacobs International L.L.C. et al. | | |

whether "immediate appellate resolution of the certified claims would facilitate a settlement" of the remaining claims. *Id.* at 8 & n.2.

Nirvana argues that Fisher's claims present "factual disputes that interlock and overlap with" the remaining claims. Dkt. 245 at 8. Fisher responds that, "by resolving the issue of ownership before a jury decides the issue of authorship," the MSJ Order shows that "ownership is a separate issue that does *not* require the resolution of the same factual disputes as authorship." Dkt. 250 at 8. If that were not so, Fisher contends, summary judgment could not have been granted. *Id.* Fisher next argues that if the MSJ Order were affirmed on appeal, that "would spare Fisher the burden and expense of having to engage in a trial in which he no longer has a legal interest." *Id.* at 10. Conversely, if the MSJ Order were reversed, Fisher asserts, that would "ensure one cohesive proceeding that encompasses all . . . claims" and "avoid the additional expense and effort that would arise if the ruling were vacated only after a jury trial [was] conducted on all other claims." *Id.* (cleaned up).

The work-for-hire issue can be decided independently of the triable issues of fact that presently remain in the case. As to the risk of multiple trials, regardless of the timing and outcome of any appeal as to the work-for-hire issue, if a jury verdict as to authorship were reversed on appeal, a second trial would likely result. Thus, in determining whether certification is appropriate, it is necessary only to evaluate the risk that multiple trials could occur if a jury verdict as to authorship were affirmed on appeal. If a jury verdict that Fisher authored the Design were affirmed on appeal, a second trial could occur as to the work-for-hire issue if the MSJ Order were reversed on appeal. Conversely, if a jury verdict that Cobain authored the Design were affirmed on appeal, a second trial would not be necessary -- regardless of the outcome on appeal as to the MSJ Order -- because the work-for-hire issue would be moot. Fisher's additional arguments about the inefficiencies that could result if the MSJ Order were affirmed on an interlocutory appeal are unconvincing. The MSJ Order left open the issue of the authorship of the Design. Thus, regardless of the outcome of any appeal as to the work-for-hire issue, Fisher would have to participate in a trial. Fisher does not contest this analysis, recognizing that under the current circumstances, he "will soon by facing a jury as a witness." Dkt. 241 at 20. Accordingly, considering the range of potential verdicts at trial as well as any subsequent decisions on appeal, the risk of multiple trials is limited.

As to the risk of piecemeal appeals, entry of final judgment under Rule 54(b) may, as Nirvana has argued, "result in the successive appeals the Ninth Circuit warned against." Dkt. 245 at 7. Regardless of the outcome of any appeal as to the work-for-hire issue, Defendants may appeal if a jury determines that Cobain authored the Design, while Nirvana may appeal if a jury determines that Fisher authored the Design. Even if the MSJ Order were reversed on appeal, Fisher could still seek to appeal any jury verdict as to the ownership of the Design. Because entering a final judgment as to the MSJ Order would not "prevent piecemeal appeals," *Curtiss-Wright*, 446 U.S. at 10, this factor weighs significantly against certification.

Finally, as to the facilitation of settlement, Fisher argues that if the MSJ Order were affirmed on appeal, Nirvana could "file more lawsuits against more alleged infringers" and that would "surely also facilitate settlement of Defendant's remaining claims." Dkt. 250 at 10 (cleaned up). Fisher does not provide material support for this conclusory assertion. It is not evident why the possibility of settlement would change if the MSJ Order were affirmed on an interlocutory appeal; the same claims would remain if an appeal were deferred until after trial. If the MSJ Order were reversed on appeal, the number of parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 (SK) | Date | May 20, 2024 |
|---|---|---|---|
| Title | Nirvana L.L.C. v. Marc Jacobs International L.L.C. et al. | | |

and remaining claims would increase, which could make reaching an overall settlement more challenging. Therefore, because entering final judgment as to the MSJ Order would not facilitate settlement of the remaining claims, this factor weighs against certification.

    2.    <u>Equities Involved</u>

In addition to considering judicial administrative interests, a district court assesses "whether, after balancing the competing factors, finality of judgment should be ordered to advance . . . justice to the litigants." *Curtiss-Wright*, 446 U.S. at 5.

Fisher argues that he would face "an increased risk of partiality and subjectiveness" without certification and a stay. Dkt. 250 at 11. Specifically, Fisher contends that he would suffer irreparable injury if the jury were to decide the issue of authorship "departing from the knowledge that, if they find in favor of Fisher, . . . Fisher would not benefit at all." *Id.* Fisher attributes this prejudice to the fact that, in light of the MSJ Order, he is "deprived of any meaningful participation in that trial, despite his pivotal role as the creator of the Happy Face." *Id.* at 9. However, as noted, regardless of the outcome of any appeal as to the work-for-hire issue, Fisher could still testify at trial as to the authorship of the Design. He would have an incentive to do so. Further, whether the jury would be apprised of Fisher's potential interest in the outcome of the trial, as well as any argument that such information could affect how his testimony is evaluated by a jury, would be considered in connection with trial proceedings. Finally, Fisher's assertion that he would be prejudiced by a trial solely as to authorship is inconsistent with his position that copyright ownership presents a severable issue under Rule 54(b).

Nirvana argues that "Fisher's proposed certification and stay will split the case into two courts and, if a stay is granted, only further delay a trial in this five-year-old case." Dkt. 245 at 10. Nirvana further contends that any delay in this action would preclude it from it taking "legal action to stop third-party infringers" from continuing to sell the allegedly infringing merchandise. *Id.* at 12. These sales, Nirvana maintains, "cause continuing and irreparable injury to Nirvana's copyright and trademark rights, as products are sold without Nirvana's permission over which Nirvana has no quality or other control, as well as continuing economic harm." *Id.*

Given the potential prejudice identified by both parties, there is not a sufficient showing that entering final judgment as to the MSJ Order and delaying trial would advance justice to the litigants and aid expeditious resolution of the case. Therefore, this factor weighs against certification under Rule 54(b).

       \*           \*           \*

Considering the relevant factors collectively, Fisher's request for an early and separate judgment does not outweigh the cost and risk of successive appeals. For these reasons, Fisher's request for entry of final judgment under Rule 54(b) is **DENIED**.

Fisher also seeks to stay all proceedings in the case pending resolution of this Motion and any subsequent appeal. Dkt. 241 at 12. Because Fisher's request for a final judgment under Rule 54(b) is **DENIED**, the request for a stay is **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10743 (SK) | Date | May 20, 2024 |
|---|---|---|---|
| Title | Nirvana L.L.C. v. Marc Jacobs International L.L.C. et al. | | |

### IV. Conclusion

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

  :  

Initials of Preparer   tj